**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) | **Docket Ref. No. 4** |

**INTERIM ORDER ESTABLISHING ADEQUATE ASSURANCE
PROCEDURES WITH RESPECT TO THE DEBTOR'S UTILITY PROVIDERS**

Upon the *Motion for Interim and Final Orders Establishing Adequate Assurance Procedures with Respect to Debtor's Utility Providers* (the "Motion"),[2] the First Day Declaration, and the statements of counsel and the evidence adduced with respect to the Motion at a hearing before this Court (the "Hearing"); and this Court having found that (i) this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice of the Motion and the Hearing was sufficient under the circumstances and (v) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein on an interim basis.

2.      Subject to the procedures described below, no Utility Company, including any

Subsequently Added Utility, may (a) alter, refuse, terminate or discontinue utility services to,

and/or discriminate against, the Debtor on the basis of the commencement of the chapter 11 case

or on account of outstanding prepetition invoices or (b) require additional assurance of payment,

other than the Proposed Adequate Assurance, as a condition to the Debtor receiving such utility

services.

3.      The Debtor shall deposit, as adequate assurance, $87,405 into a newly created,

segregated, interest bearing bank account with a banking institution that has executed a uniform

deposit agreement with the U.S. Trustee (the "Adequate Assurance Deposit") within 20 days of

the Petition Date.  The liens asserted by the Debtor's prepetition and postpetition secured lenders

to the funds in the Adequate Assurance Deposit shall be junior to the rights provided to the

Utility Companies through this Order.

4.      Subject to the entry of the Proposed Final Order and the Adequate Assurance

Procedures set forth below, the Adequate Assurance Deposit, in conjunction with the Debtor's

ability to pay for future utility services in the ordinary course of business (collectively,

the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance of future payment

to the Utility Companies to satisfy the requirements of section 366 of the Bankruptcy Code.

5.      The following Adequate Assurance Procedures are approved in all respects:

      a.      Any Utility Company desiring adequate assurance of future payment for
utility service beyond the Proposed Adequate Assurance must serve a
request (an "Additional Assurance Request") at the following addresses:
(i) Wardman Hotel Owner, L.L.C., 5035 Riverview Road, NW, Atlanta, GA
30327 (Attn:  James D. Decker) and (ii)  Pachulski Stang Ziehl & Jones
LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE

19899, Attn:  Laura Davis Jones, Esq. (ljones@pszjlaw.com) (collectively, the "Notice Parties").

b.     Any Additional Assurance Requests must: (i) be made in writing; (ii) specify the amount and nature of assurance of payment that would be satisfactory to the Utility Company; (iii) set forth the location(s) for which utility services are provided and the relevant account number(s); and (iv)  explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficiently adequate to assure future payment.

c.     If any Additional Assurance Request is delivered to the Notice Parties, the Debtor shall have 21 days from receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request.  The Resolution Period may be extended by agreement or approval of this Court.

d.     The Debtor is authorized to resolve, in its discretion, any Additional Assurance Request by mutual agreement with the requesting Utility Company without further order of this Court and, in connection with any such agreement and in its discretion, may provide the requesting Utility Company with alternative adequate assurance of payment, including cash deposits, prepayments or other forms of security, if the Debtor believe such alternative assurance is reasonable.

e.     If the Debtor determines that an Additional Assurance Request is not reasonable and the parties are not able to resolve such request during the Resolution Period, the Debtor will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.

f.     Pending resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such a request may not discontinue, alter or refuse service to the Debtor on account of unpaid charges for prepetition services or an alleged lack of adequate assurance of payment.

6.     All Utility Companies served with a copy of this Order shall be deemed to have

adequate assurance of payment under section 366 of the Bankruptcy Code unless and until:

(a) the Debtor, in its discretion, agrees to (i) an Additional Assurance Request or (ii) an

alternative assurance of payment with the Utility Company during the Resolution Period; or

(b) this Court enters an order at any Determination Hearing requiring that additional adequate

assurance of payment be provided.

7.      To the extent that the procedures set forth herein are not in technical compliance with certain time periods set forth in section 366 of the Bankruptcy Code, the Debtor has demonstrated good cause for the extension of the 30-day period and 20-day protective time periods under sections 366(c)(2) and 366(b) of the Bankruptcy Code, respectively.

8.      Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

9.      The Debtor is authorized, in its discretion, to amend the Utility Service List to add any Utility Company.  Within 7 days of adding such Subsequently Added Utility to the Utility Service List, the Debtor shall add to the Adequate Assurance Deposit an amount equal to two weeks of the Debtor's average cost of utility service for each Subsequently Added Utility.  The terms of this Order and the Adequate Assurance Procedures shall apply to any Subsequently Added Utility immediately upon notice of this Order to such Subsequently Added Utility.

10.     The Debtor shall serve a copy of this Order on each Utility Company listed on the Utility Service List within two business days after the date of this Order is entered, and shall promptly serve this Order on any Subsequently Added Utility.

11.     The Debtor shall have the Resolution Period to resolve any Subsequently Added Utility's Additional Assurance Request by mutual agreement without further order of this Court or to schedule a Determination Hearing with this Court.

12.     The relief granted herein is for all Utility Companies providing Utility Services to the Debtor and on Utility Companies subsequently added to the Utility Service List when they are served with this Order.

13.     Nothing in the Motion or this Order, nor the Debtor's payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim is a claim of a type specified or defined hereunder; or (e) the assumption of any executory contract or unexpired lease.

14.     The Banks are authorized, when requested by the Debtor, to receive, process, honor and pay all post-petition checks presented for payment of, and to honor all fund transfer requests made by, the Debtor related to the payment of Utility Services, including as provided in the Adequate Assurance Procedures, provided that sufficient funds are available in the applicable accounts to make the payments.  The Banks are authorized to rely on the Debtor's designation of any particular check or funds transfer as approved by this Order.

15.     Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim on account of any claim.

16.     The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

17.     This Order shall be immediately effective and enforceable upon its entry.  To the extent that it may be applicable, the 14-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

18.     The Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

19.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.

20.     A final hearing to consider the relief requested in the Motion shall be held on February 9, 2021 at 10:00 a.m. (prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or prior to February 2, 2021 at 4:00 p.m. (prevailing Eastern Time).

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: January 14th, 2021**
**Wilmington, Delaware**