# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) ) ) | Case No. 21-10023 |
| Debtor. | ) ) ) |  |

### DECLARATION OF JAMES D. DECKER IN SUPPORT OF THE OBJECTION OF THE DEBTOR TO MARRIOTT HOTEL SERVICES, INC.'S MOTION TO TRANSFER VENUE TO THE <u>BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA</u>

I, James D. Decker, hereby declare under penalty of perjury:

1. I am the sole and independent manager (the "<u>Manager</u>") of the above-captioned debtor and debtor in possession (the "<u>Debtor</u>"). I am generally familiar with the Debtor's business and financial affairs, and books and records. I am above 18 years of age and I am competent to testify.

2. I submit this Declaration in support of the Debtor's objection to the motion to transfer venue of this bankruptcy case [Docket No. 59] (the "<u>Motion to Transfer</u>") to the U.S. Bankruptcy Court for the District of Columbia (the "<u>D.C. Bankruptcy Court</u>"), filed by Marriott Hotel Services, Inc. ("<u>Marriott</u>"). I am authorized to submit this Declaration on behalf of the Debtor. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtor's operations and finances, information learned from my review of relevant documents, and information I have received from the Debtor's advisors. If I

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

were called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

### A. The Debtor's Organizational Structure and Governance

3. The Debtor is a Delaware limited liability company. The membership interests in the Debtor are 100% owned by PL Wardman Member, LLC ("PL Wardman Member"), an affiliate of Pacific Life Insurance Company ("Pacific Life"). Pacific Life is also the Debtor's prepetition and postpetition secured lender.

4. The Debtor is managed by me in my role as sole independent Manager. I report to no one else. I assumed this role on October 1, 2020. I reside in Atlanta, Georgia and make management decisions affecting the Debtor from there, and not D.C. Although I was appointed by PL Wardman Member, the Debtor's operating agreement was amended at that time to provide for me to become the sole decision maker for the Debtor and to preclude PL Wardman Member from removing me, except for certain specified bad acts. I have retained counsel primarily in Delaware and New York to assist me with this matter.

### B. The Debtor's Current Assets and Operations

5. The Debtor's principal asset is highly valuable real estate – a former hotel – located in the District of Columbia (the "Real Estate"). The Debtor intends to market and sell the Real Estate over the course of this bankruptcy case for the highest possible value. Pending such sale, the Real Estate is not operating and dormant. It is no longer operated as a hotel and will not be operated as a hotel by the Debtor during this case. The Debtor has no employees and few vendors, and there are usually no more than four to five individuals (two security personnel,

two engineers, and one manager) – contractors hired by PDSI (as referenced below) – physically present on the premises and managing the Real Estate at any given time. Most of the books and records have been removed from the Real Estate (either by Marriott or the Debtor), presumably to Maryland and elsewhere.

6. The Real Estate is managed on a day-to-day basis through a third party consultant retained by the Debtor, at my direction, called PDSI based in Atlanta, Georgia, which provides for the ongoing maintenance of the Real Estate, such as contracting security, engineering, and grounds keeping personnel, ensuring the payment of basic utilities, and otherwise coordinating with various property vendors. None of these vendors had been retained by the Debtor prepetition and none of them have prepetition claims.

7. The Debtor, at my direction, has also retained a consultant, Hotel Asset Value Enhancement ("HotelAVE") based in Providence, Rhode Island, to provide routine reporting and accounting activity involving the Real Estate, to supervise and provide direction to PDSI, to address tax issues involving the Real Estate, and to interact with the Debtor's various professionals with respect to the Real Estate.

8. The Debtor's funds are held in a Wells Fargo bank account established in Atlanta, Georgia.

**C.    The Debtor's Creditor Relationships**

9. Pacific Life is the Debtor's principal creditor. Pacific Life is owed approximately $122.5 million in principal obligations as of the Petition Date, which debt is secured by a first priority lien on the Real Estate. Pacific Life (along with PL Wardman Member) is based in

California and is represented in this case by counsel in Atlanta, Georgia and local Delaware counsel.

10. Marriott is party to a Hotel Management Agreement with the Debtor that the Debtor has sought to reject. Marriott, based in Maryland, but with national and international operations, is expected to assert substantial claims for rejection damages. The Debtor has countervailing claims against Marriott for breach of contract.

11. On September 8, 2020, Marriott sued the Debtor and Pacific Life (as lender) in the Circuit Court for Montgomery County, Maryland (the "Maryland Court") for breach of contract and tortious interference. Marriott's complaint alleged that the Debtor's failure to make certain alleged working capital obligations breached the Hotel Management Agreement, and further alleged that Pacific Life's failure to fund the same obligations breached a Subordination, Non-Disturbance and Attornment Agreement ("SDNA") between Pacific Life and Marriott.[2] That lawsuit remains pending, but has been stayed as to the Debtor by virtue of its bankruptcy filing. Notably, Marriott filed its prepetition complaint in the Maryland Court where Marriott is based and not in D.C., despite the fact that the Real Estate is located there.

12. The Debtor has also listed Wardman Tower, L.L.C. (c/o JBG) (as defined below), based in Maryland, and a worker's union, the only interested party based in D.C., as potential creditors in this case with contingent and/or unliquidated claims. The Debtor pays taxes to governmental units in D.C. All such taxes have been, and will continue to be, timely paid in full.

---

[2] The SDNA relates to the Hotel Management Agreement, which constitutes an executory contract that the Debtor has sought to reject.

4

**D.     Prior Litigation Involving the Debtor in Delaware Chancery Court**

13.     On September 3, 2020, PL Wardman Member filed a petition for dissolution of the Debtor in Delaware Chancery Court citing a deadlock with its former co-member, JBG Smith ("JBG").  JBG is based in Maryland.

14.     On October 2, 2020, PL Wardman Member dismissed the complaint against JBG, which forfeited its minority membership interests in the Debtor to PL Wardman Member.  As of the Petition Date, PL Wardman Member owns 100% of the interests in the Debtor.

15.     Although the action in Delaware Chancery Court is resolved, it represents another example of parties making use of the Delaware forum with respect to matters involving the Debtor.

**E.     This Court is the Proper and Best Venue for this Case**

16.     As noted above, the Debtor is organized in the State of Delaware and venue is proper before this Court.

17.     The Debtor is entitled to substantial deference with respect to its choice of forum. I decided to file in Delaware given this Court's wealth of experience in handling sales of valuable real estate assets, either by motion under section 363 of the Bankruptcy Code or through a chapter 11 plan.  I am also very familiar with this Court's procedures and practices when it comes to large scale asset sales having acted as investment banker in past cases.

18.     The Real Estate is only about 100 miles away from this Court.  The property is dormant and I make management decisions for the Debtor from Atlanta, Georgia.  I do not believe that any economy or efficiency will be achieved by transferring this case.  In the present

COVID world, everyone has ready access to this Court through Zoom and by telephone. This Court and the parties here already have extensive familiarity with the Debtor and this case. A transfer of venue would only cause unnecessary distraction, cost, and delay.

19. For these reasons, I believe that this Court represents the proper and best forum for this case and I urge the Court to decline to transfer venue to D.C.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: February 2, 2021                      */s/ James D. Decker*
                                             James D. Decker
                                             Manager
                                             Wardman Hotel Owner L.L.C.