**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C., | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF AGENDA FOR TELEPHONIC HEARING SCHEDULED FOR
FEBRUARY 9, 2021 AT 10:00 A.M. (PREVAILING EASTERN TIME), BEFORE THE
HONORABLE JOHN T. DORSEY BANKRUPTCY JUDGE, AT THE UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, LOCATED AT
824 NORTH MARKET STREET, 5th FLOOR, COURTROOM NO. 5,
WILMINGTON, DELAWARE 19801[1]**

> **PLEASE TAKE NOTICE: All remote hearings scheduled before Judge Dorsey on or after
> Tuesday, January 19, 2021 will be conducted entirely over Zoom and will require all
> participants to register in advance.  CourtCall will no longer be used to dial in unless
> otherwise specified by chambers. This hearing will be held via Zoom only.
> Any party wishing to appear <u>must register</u> no later than one (1) hour prior to
> the hearing at the link below:**
>
> **https://protect-us.mimecast.com/s/jcvwCPNYANC0y0jYSz7bMk**

<u>**UNCONTESTED MATTERS FOR WHICH A COC/CNO HAS BEEN FILED:**</u>

1.    Final Hearing on Debtor's Motion for Entry of Order Authorizing the Debtor to
(A) Continue Operating the Cash Management System, (B) Honor Certain Prepetition
Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Granting
Related Relief [Filed 1/11/21] (Docket No. 3).

<u>Response Deadline:</u>  February 2, 2021, at 4:00 p.m.

<u>Responses Received:</u>

 a.    Informal comments from the Office of the United States Trustee.

---

[1]    Any party who wishes to attend telephonically is required to make arrangements through CourtCall by
telephone (866-582-6878) or by facsimile (866-533-2946).

Related Documents:

a.      [Signed] Interim Order (I) Authorizing the Debtor to (A) Continue Operating the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, (II) Scheduling a Final Hearing, and (III) Granting Related Relief [Filed: 1/14/21] (Docket No. 36).

b.      Notice of Entry of Interim Order and Final Hearing Regarding Debtor's Motion for Entry of Order Authorizing the Debtor to (A) Continue Operating the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Granting Related Relief [Filed 1/14/21] (Docket No. 41).

c.      Certification of No Objection Regarding Proposed Final Order Authorizing the Debtor to (A) Continue Operating the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms, and (D) Granting Related Relief [Filed 2/5/21] (Docket No. 103).

Status:  The Debtor has filed a proposed final order under certification of no objection and respectfully requests the entry of the order.  Accordingly, no hearing on this matter is necessary unless requested by the Court.

2.      Final Hearing on Debtor's Motion for Entry of Interim and Final Orders (I) Approving the Debtor's Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtor's Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief [Filed 1/11/21] (Docket No. 4).

Response Deadline:  February 2, 2021, at 4:00 p.m.

Responses Received:

a.      Informal comments from the Office of the United States Trustee.

b.      Objection of the Potomac Electric Power Company to the Debtor's Motion for Entry of Interim and Final Orders (I) Approving the Debtor's Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtor's Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief [Filed: 1/22/21] (Docket No. 51).

(i)      Notice of Withdrawal of Objection of the Potomac Electric Power Company to the Debtor's Motion for Entry of Interim and Final Orders (I) Approving the Debtor's Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtor's Proposed Procedures for Resolving Additional Assurance Requests, and

DOCS_DE:232775.4 92203/001

(IV) Granting Related Relief [Filed: 1/29/21] ([Docket No. 70]).

Related Documents:

a.   [Proposed] Final Order Establishing Adequate Assurance Procedures with Respect to the Debtors' Utility Providers [Filed: 1/11/21] ([Docket No. 4, Exhibit B]).

b.   [Signed] Interim Order Establishing Adequate Assurance Procedures with Respect to the Debtors' Utility Providers [Filed: 1/14/21] ([Docket No. 37]).

c.   Notice of Entry of Interim Order and Final Hearing Regarding Debtor's Motion for Entry of Interim and Final Orders (I) Approving the Debtor's Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtor's Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief [Filed: 1/14/21] ([Docket No. 43]).

d.   Certification of Counsel Regarding Revised Proposed Final Order Establishing Adequate Assurance Procedures with Respect to the Debtor's Utility Providers [Filed: 2/5/21] ([Docket No. 102]).

Status:  The Debtor has filed a revised proposed final order under certification of counsel and respectfully requests the entry of the order. Accordingly, no hearing on this matter is necessary unless requested by the Court.

3.   Application of the Debtor for Entry of an Order: (A) Authorizing the Debtor to Employ and Retain Eastdil Secured, L.L.C. as Real Estate Broker and (B) Waiving Certain Requirements of Local Rule 2016-2 [Filed: 1/19/21] ([Docket No. 46]).

Response Deadline:  February 2, 2021, at 4:00 p.m. *(extended until February 4, 2021 at 4:00 p.m. for the Office of the United States Trustee)*

Responses Received:

a.   Informal comments from the Office of the United States Trustee.

Related Documents:

a.   [Proposed] Order: Authorizing the Debtor to Employ and Retain Eastdil Secured, L.L.C. as Real Estate Broker and (B) Waiving Certain Requirements of Local Rule 2016-2 [Filed: 1/19/21] ([Docket No. 46, Exhibit A]).

b.   Certification of Counsel Regarding Revised Proposed Order: Authorizing the Debtor to Employ and Retain Eastdil Secured, L.L.C. as Real Estate Broker and (B) Waiving Certain Requirements of Local Rule 2016-2 [Filed: 2/4/21] ([Docket No. 96]).

DOCS_DE:232775.4 92203/001

Status:  The Debtor has filed a revised proposed order under certification of counsel and respectfully requests the entry of the order. Accordingly, no hearing on this matter is necessary unless requested by the Court.

4.      Debtor's Motion for Entry of an Order (I) Authorizing the Debtor to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief [Filed: 1/19/21] (Docket No. 47).

Response Deadline:  February 2, 2021, at 4:00 p.m. *(extended until February 4, 2021 at 4:00 p.m. for the Office of the United States Trustee)*

Responses Received:

a.      Informal comments from the Office of the United States Trustee.

Related Documents:

a.      [Proposed] Order (I) Authorizing the Debtor to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief [Filed: 1/19/21] (Docket No. 47, Exhibit A).

b.      Certification of Counsel Regarding Revised Proposed Order (I) Authorizing the Debtor to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief [Filed: 2/4/21] (Docket No. 95).

Status: The Debtor has filed a revised proposed order under certification of counsel and respectfully requests the entry of the order. Accordingly, no hearing on this matter is necessary unless requested by the Court.

5.      Debtor's Motion for an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals [Filed: 1/19/21] (Docket No. 48).

Response Deadline:  February 2, 2021, at 4:00 p.m.

Responses Received:  None as of the date of this Notice of Agenda.

Related Documents:

a.      [Proposed] Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals [Filed: 1/19/21] (Docket No. 48, Exhibit A).

b.      Certification of No Objection Regarding Debtor's Motion for an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals [Filed: 2/4/21] (Docket No. 94).

Status: No parties have objected to the relief requested in the Motion.  Accordingly, the Debtor has filed a certification of no objection and respectfully requests the entry of the order.  Accordingly, no hearing on this matter is necessary unless requested by the Court.

6.     Debtor's Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of Pryor Cashman LLP, as Special Litigation Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date [Filed: 1/19/21] (Docket No. 49).

Response Deadline:  February 2, 2021, at 4:00 p.m. *(extended until February 4, 2021 at 4:00 p.m. for the Office of the United States Trustee)*

Responses Received:

a.     Informal comments from the Office of the United States Trustee.

Related Documents:

a.     [Proposed] Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of Pryor Cashman LLP as Debtor's Special Litigation Counsel Effective as of the Petition Date [Filed: 1/19/21] (Docket No. 49, Exhibit A).

b.     Supplemental Declaration of Todd E. Soloway in Support of Debtor's Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of Pryor Cashman LLP, as Special Litigation Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date [Filed: 2/4/21] (Docket No. 89).

c.     Declaration of James D. Decker in Support of Debtor's Application Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of Pryor Cashman LLP, as Special Litigation Counsel [Filed: 2/4/21] (Docket No. 100).

d.     Certification of Counsel Regarding Revised Proposed Order Pursuant to Section 327(e) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 2014-1 for an Order Authorizing the Retention and Employment of Pryor Cashman LLP, as Special Litigation Counsel to the Debtor and Debtor in Possession Effective as of the Petition Date [Filed: 2/4/21] (Docket No. 101).

Status: The Debtor has filed a revised proposed order under certification of counsel and respectfully requests the entry of the order. Accordingly, no hearing on this matter is necessary unless requested by the Court.

7.     Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in

5

Possession Effective as of the Petition Date [Filed: 1/19/21] (Docket No. 50).

Response Deadline:  February 2, 2021, at 4:00 p.m. *(extended until February 4, 2021 at 4:00 p.m. for the Office of the United States Trustee)*

Responses Received:

a.      Informal comments from the Office of the United States Trustee.

Related Documents:

a.      [Proposed] Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Effective as of the Petition Date [Filed: 1/19/21] (Docket No. 50).

b.      Supplemental Declaration of James D. Decker in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Effective as of the Petition Date [Filed: 2/3/21] (Docket No. 84).

c.      Certification of No Objection Regarding Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Effective as of the Petition Date [Filed: 2/4/21] (Docket No. 97).

Status: No parties have objected to the relief requested in the Application.  Accordingly, the Debtor has filed a certification of no objection and respectfully requests the entry of the order.  Accordingly, no hearing on this matter is necessary unless requested by the Court.

## CONTESTED MATTERS:

8.      Final Hearing on Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing Debtor to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Secured Party, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief [Filed 1/11/21] (Docket No. 5).

Response Deadline:  February 2, 2021, at 4:00 p.m.

Responses Received:

a.      Informal comments from the Office of the United States Trustee.

b.      Limited Objection of Wardman Tower Residential Condominium Association to Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing Debtor to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Secured Party, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief [Filed 2/2/21] (Docket No. 79).

c.      [Filed Under Seal] Objection of Marriott Hotel Services, Inc. to the Final Order (I) Authorizing Debtor to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Secured Party, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief [Filed 2/2/21] (Docket No. 87).

Reply Deadlines:  February 5, 2021, at 11:59 p.m. (*by agreement of parties and subject to approval of Court*)

Replies Received:

a.      Debtor's Reply [Filed: TBD] (Docket No. TBD).

Related Documents:

a.      [Signed] Interim Order (I) Authorizing Debtor to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Secured Party, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief [Filed 1/14/21] (Docket No. 38).

b.      Notice of Entry of Interim Order and Final Hearing Regarding Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing Debtor to Obtain Postpetition Secured Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection to Prepetition Secured Party, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief [Filed: 1/14/21] (Docket No. 42).

Status:  The objection of Wardman Tower Residential Condominium Association has been resolved pending documentation.  This matter will go forward with respect to the remaining responses.  The Debtor expects to present testimony from James D. Decker in support of the motion.  Marriott indicates that it may use Mr. Decker and Julie Bowen as witnesses in support of its opposition.

9.      Debtor's Motion Seeking Entry of an Order Rejecting Hotel Management Agreement, Effective as of the Petition Date [Filed: 1/11/21] (Docket No. 6).

Response Deadline:  February 2, 2021, at 4:00 p.m.

7

Responses Received:

a.    Informal comments from the Office of the United States Trustee.

b.    Limited Objection of Marriott Hotel Services, Inc. to the Debtor's Motion Seeking Entry of an Order Rejecting Hotel Management Agreement, Effective as of the Petition Date [Filed: 2/2/21] (Docket No. 82).

Related Documents:

a.    [Proposed] Order Authorizing the Debtor to Reject Hotel Management Agreement Effective as of the Petition Date [Filed: 1/11/21] (Docket No. 6, Exhibit A).

b.    Notice of Hearing on Debtor's Motion Seeking Entry of an Order Rejecting Hotel Management Agreement, Effective as of the Petition Date [Filed: 1/14/21] (Docket No. 40).

Status: This matter will go forward.  The Debtor expects to present a revised form of order at the hearing to resolve the Marriott limited objection.

10.    Marriott Hotel Services, Inc.'s Motion to Transfer Venue to the Bankruptcy Court for the District of Columbia [Filed: 1/25/21] (Docket No. 59).

Response Deadline:  February 2, 2021, at 4:00 p.m.

Responses Received:

a.    Objection of the Debtor to Marriott Hotel Services, Inc.'s Motion to Transfer Venue to the Bankruptcy Court for the District of Columbia [Filed: 2/2/21] (Docket No. 80).

(i)    Declaration of James D. Decker In Support of the Objection of the Debtor to Marriott Hotel Services, Inc.'s Motion to Transfer Venue to the Bankruptcy Court for the District of Columbia [Filed: 2/2/21] (Docket No. 81).

b.    Pacific Life Insurance Company's and PL Wardman Member, LLC's Joinder to Debtor's Opposition to Marriott Hotel Services, Inc.'s Motion to Transfer Venue [Filed: 2/2/21] (Docket No. 83).

Reply Deadline: February 4, 2021, at 4:00 p.m.

a.    Marriott Hotel Services, Inc.'s Reply to Objection of the Debtor to Marriott Hotel Services, Inc.'s Motion to Transfer Venue to the Bankruptcy Court for the District of Columbia [Filed: 2/4/21] (Docket No. 93).

Related Documents: None.

Status: This matter will go forward.  If necessary, the Debtor will present testimony from James D. Decker in support of its opposition to the motion.

11.    Marriott Hotel Services, Inc.'s Motion for the Authority to Exercise Rights of Recoupment or, in the Alternative, Relief From the Automatic Stay to Exercise Rights to Setoff [Filed: 1/26/21] (Docket No. 62).

Response Deadline:  February 2, 2021, at 4:00 p.m. *(extended until February 3, 2021, at 4:00 p.m. for the Debtor)*

Responses Received:

a.    Pacific Life Insurance Company's Opposition to Marriott Hotel Services, Inc.'s Motion for the Authority to Exercise Rights of Recoupment or, in the Alternative, Relief From the Automatic Stay to Exercise Rights to Setoff [Filed: 2/3/21] (Docket No. 85)

b.    Objection of the Debtor to Marriott Hotel Services, Inc.'s Motion for the Authority to Exercise Rights of Recoupment or, in the Alternative, Relief From the Automatic Stay to Exercise Rights to Setoff [Filed: 2/3/21] (Docket No. 86).

Reply Deadlines:  February 5, 2021, at 11:59 p.m. (*by agreement of parties and subject to approval of Court*)

Replies Received:

a.    Marriott's Reply [Filed: TBD] (Docket No. TBD).

Related Documents:

a.    [Proposed] Order Granting Marriott Hotel Services, Inc.'s Motion for the Authority to Exercise Rights of Recoupment [Filed: 1/21/21] (Docket No. 62, Exhibit A).

b.    Declaration of Julie Bowen [Filed: 1/26/21] (Docket No. 63).

*[Remainder of Page Intentionally Left Blank]*

DOCS_DE:232775.4 92203/001

Status: This matter will go forward.

Dated: February 5, 2021

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Timothy P. Cairns*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email: ljones@pszjlaw.com
            dbertenthal@pszjlaw.com
            tcairns@pszjlaw.com

*[Proposed] Counsel to the Debtor and Debtor in Possession*