IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) Case No. 21-10023 (JTD) |
| | ) |
| Debtor. | ) |
| | ) **Docket Ref. No. 46** |

## ORDER: (A) AUTHORIZING THE DEBTOR TO EMPLOY AND RETAIN EASTDIL SECURED, L.L.C. AS REAL ESTATE BROKER AND (B) WAIVING CERTAIN REQUIREMENTS OF LOCAL RULE 2016-2

Upon consideration of the application (the "Application")[2] of the Debtor in the above-captioned chapter 11 cases, for an order (this "Order") pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for authority to employ and retain Eastdil Secured L.L.C. ("Eastdil" or "Agent") as their real estate broker with respect to sale of the Property, effective as of the Petition Date, in accordance with the terms and conditions of the Engagement Agreement; and the Court having reviewed the Application, the Declaration and notice of a hearing on the Application (the "Hearing") having been given; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b), (iii)

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.
[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, (iv) notice of this Application and the Hearing was appropriate under the circumstances and (v) Eastdil is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and all objections (if any) to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT

1. The Application is granted as set forth herein.

2. The Debtor is authorized to retain and employ Eastdil as real estate broker in this chapter 11 case, pursuant the terms and conditions set forth in the Engagement Agreement, as modified by this Order, effective as of the Petition Date.

3. Except to the extent set forth herein, the Engagement Agreement, including, without limitation, the Fee Structure, is approved pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, and the Debtor is authorized to pay, reimburse, and indemnify Eastdil in accordance with the terms and conditions of, and at the time specified in, the Engagement Agreement, provided, however, that the Debtor shall not be authorized to pay Eastdil the additional fee of 0.20% the total gross sale price of the Property ("Additional Fee"), and Eastdil shall have no obligation to pay this Additional Fee to Hotel Asset Value Enhancement Inc.

4. Eastdil shall file a final fee application for allowance of compensation pursuant to the procedures set forth in section 330 of the Bankruptcy Code, such Bankruptcy Rules as may then be applicable, and any other applicable orders and procedures of this Court; provided, however, that the time keeping requirements of Local Rule 2016-2 shall be deemed waived and not applicable for purposes of Eastdil's employment and retention in this chapter 11

case. Notwithstanding anything provided in the Engagement Agreement, Eastdil shall not be paid the Advisor Fee until approved by this Court through a final fee application.

5. Eastdil shall not be entitled to payment of attorney's fees for defending its fee applications.

6. So long as this chapter 11 case is pending, the Court shall have jurisdiction over any disputes among the parties hereto related to the Engagement Agreement.

7. To the extent that there may be any inconsistency between the terms of the Application, the Engagement Agreement and this Order, the terms of this Order shall govern.

8. The Debtor and Eastdil are authorized and empowered to take all actions and execute any documents necessary to implement the relief granted in this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: February 5th, 2021**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

DOCS_DE:232539.6 92203/001

3