IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) | **Docket Ref. No. 47** |

### ORDER (I) AUTHORIZING THE DEBTOR TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"), (a) authorizing the Debtor to retain and compensate professionals utilized in the ordinary course of business; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtor is authorized to retain and compensate the professionals identified on the OCP Lists (collectively, the "OCPs"), attached to the Motion as Exhibit C, in the ordinary course of business pursuant to the following OCP Procedures:

   a. Within thirty (30) days of the later of (i) the date of entry of the Order or (ii) the date on which an OCP commences work for the Debtor, such OCP shall cause a declaration of disinterestedness, substantially in the form attached to the Motion as **Exhibit B** (each, a "Declaration of Disinterestedness"), to be filed with the Court and served upon: (i) Wardman Hotel Owner, L.L.C., 5035 Riverview Road, NW, Atlanta, GA 30327 (Attn: James D. Decker); (ii) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899, Attn: Laura Davis Jones, Esq.(ljones@pszjlaw.com); (iii) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Linda Casey (linda.casey@usdoj.gov); (iv) counsel to any statutory committee appointed in this case; and (v) to the extent not listed herein, those parties requesting notice pursuant to rule 2002 of the Bankruptcy Rules (collectively, the "Notice Parties").

   b. Any party in interest shall have fourteen (14) days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties. The Debtor shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c. If no objection is received by the Objection Deadline with respect to any particular OCP, the Debtor shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtor; and (ii) compensate such OCP as set forth below.

d. The Debtor shall be authorized to pay, without formal application to the Court by any OCP, 100 percent of fees and disbursements to each of the OCPs retained by the Debtor pursuant to the OCP Procedures upon submission to the Debtor of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to OCPs, excluding costs and disbursements, may not exceed $50,000 per month per OCP, calculated as an average over a rolling three-month period while this chapter 11 case are pending (the "OCP Monthly Cap"); *provided, further*, that the total amount disbursed per quarter, for each OCP does not exceed $100,000 per OCP (the "OCP Quarterly Cap" together with the OCP Monthly Cap, collectively, the "OCP Caps"). The OCP Caps may be increased by mutual agreement between the Debtor and the U.S. Trustee, *provided* that the Debtor shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

e. To the extent that fees payable to any OCP exceed the applicable OCP Cap, the applicable OCP shall file a fee application (a "Fee Application") with the Court for the full amount of the OCP's fees in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the Office of the United States Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise.

f. Beginning on the quarter ending March 31, 2021 and for each quarter thereafter during which this chapter 11 case are pending, the Debtor shall within thirty days thereof file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; (iii) the amount of fees and expenses invoiced by the OCP during the reported quarter; and (iv) a general description of the services rendered by that OCP.

g. The Debtor reserves the right to retain additional OCPs from time to time during this chapter 11 case by: (i) including such OCPs on an amended version of the OCP List that is filed with the Court and

3

served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

3.  The Debtor is authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in its sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs. In such event, the Debtor shall file the amended OCP List with this Court and serve such list on the Notice Parties. Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4.  Nothing contained herein shall affect the Debtor's or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtor from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5.  This Order shall not apply to any professional retained by the Debtor pursuant to a separate order of the Court.

6.  Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.  The Debtor are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: February 5th, 2021
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE

5

DOCS_DE:232522.4 92203/001