**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) ) ) | Case No. 21-10023 (JTD) |
| Debtor. | ) ) ) | **Docket Ref. Nos. 3 and 36** |

**FINAL ORDER (I) AUTHORIZING THE DEBTOR TO
(A) CONTINUE OPERATING CASH MANAGEMENT SYSTEM, (B) HONOR AND
PAY BANK FEES, (C) MAINTAIN EXISTING BUSINESS FORMS,
AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor"), seeking entry of an order (this "Order"), pursuant to sections 105, 345, and 363 of the Bankruptcy Code, rules 6003 and 6004 of the Bankruptcy Rules, and rule 2015-2 of the Local Rules, (i) authorizing the Debtor to (a) continue operating the Cash Management System, (b) honor and pay the Bank Fees in the normal course, including any prepetition Bank Fees, (c) maintain existing business forms, and (d) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

notice need be provided; and upon entry of an order approving this Motion on an interim basis and scheduling a final hearing; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtor is authorized, in its sole discretion, to continue operating the Cash Management System and to honor its prepetition obligations related thereto.

3. The Debtor is further authorized, subject to this Order, to (i) continue to use, with the same account number, the Bank Account in existence as of the Petition Date, (ii) use, in its present form, all business forms, including letterhead, purchase orders, invoices, checks, and other documents related to the Bank Account existing immediately before the Petition Date, without reference to the Debtor's status as debtor in possession; provided, however, that to the extent the Debtor exhausts its existing supply of checks during this case, the Debtor shall reorder checks with the designation "Debtor-in-Possession" and the case number; and provided, further, that with respect to checks which the Debtor or its agents print themselves, the Debtor shall print the "Debtor in Possession" legend and the bankruptcy case number on such items, (iii) treat the Bank Account for all purposes as an account of the Debtor as debtor in possession, (iv) deposit funds in and withdraw funds from the Bank Account by all usual means, including checks, wire transfers, ACH transfers, debits, or other similar means, (v) honor and pay any ordinary course prepetition or

postpetition Bank Fees incurred in connection with the Bank Account and to otherwise perform its obligations under the documents governing the Bank Account.

4. The Bank is authorized, but not obligated, to receive, process, honor, and pay all post-petition checks and electronic payment requests when processed for payment (or to reissue checks, electronic payment requests, drafts, or other forms of payment made, drawn, or issued on the Debtor's accounts, as applicable and necessary); provided, in each case, that sufficient funds are on deposit in the applicable account to cover such payment.  The Bank is authorized to rely on the Debtor's designation of any particular check, electronic payment request, draft, or other form of payment as approved by this Order.

5. The Bank is authorized, but not obligated, to continue to maintain, service, and administer the Bank Account as an account of the Debtor as debtor in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Account, after the petition date by the holders or makers thereof, as the case may be.  Those certain existing deposit agreements, between the Debtor and the Bank shall continue to govern the postpetition cash management relationship between the Debtor and the Bank, and all the provisions of such agreements, including, without limitation, the termination and fee provisions, and any provisions relating to the offset or charge back rights, shall remain in full force and effect.

6. The Debtor and the Bank may, without further Order of this Court, agree to and implement non-material changes to the Cash Management System and procedures in the ordinary course of business.  The Debtor may open and close the Bank Account without further order from this Court, provided, that, prior to opening any new bank accounts or closing the Bank Account,

the Debtor shall provide at least fifteen (15) days' notice of its intentions with respect thereto, to (i) the U.S. Trustee, (ii) counsel to the Debtor's prepetition and postpetition secured lender, and (iii) counsel to any official committee appointed in these case; <u>provided</u>, <u>further</u>, that that Debtor shall only open any such new accounts at banks that have executed a Uniform Depository Agreement ("<u>UDA</u>") with the U.S. Trustee or at such banks that are willing to promptly execute such an agreement.

7. The relief granted in this Order is extended to any new bank account opened by the Debtor in the ordinary course of business after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Bank.

8. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

9. Entry of this Order is necessary to avoid immediate and irreparable harm. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

10. Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a). Notwithstanding Bankruptcy Rule 6004(h), 7062 and 9014, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: February 5th, 2021**
**Wilmington, Delaware**

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE