**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C., [1] | ) | Case No. 21-10023 (JTD) |
| Debtor. | ) | **Docket Ref. No. 6** |

**ORDER AUTHORIZING THE DEBTOR TO REJECT HOTEL MANAGEMENT AGREEMENT EFFECTIVE AS OF THE PETITION DATE**

The Court has considered the *Debtor's Motion for Entry of an Order Authorizing the Debtor to Reject the Hotel Management Agreement Effective as of the Petition Date* (the "Motion")[2] filed by the Debtor. The Court has reviewed the Motion, the First Day Declaration, and the responses filed to the Motion, if any. The Court has found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion and the Hearing was sufficient under the circumstances. After due deliberation, the Court has determined that the relief requested in the Motion is (i) in the best interests of the Debtor, its estate, and its creditors; (ii) necessary to prevent immediate and irreparable harm to the Debtor and its estate; (iii) good and sufficient cause having been shown; and (iv) the Debtor has exercised reasonable business judgment in determining that the HMA should be rejected pursuant to section 365 of the Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.
[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2. Pursuant to section 365(a) of the Bankruptcy Code and Bankruptcy Rule 6006, the Debtor is authorized to reject the Hotel Management Agreement, to the extent executory. The rejection is effective as of the Petition Date.

3. Within two business days after entry of this Order, the Debtor will serve this Order on Marriott.

4. Marriott must file claims against the Debtor in connection with the HMA or the rejection, breach or termination of the HMA in accordance with any claims bar date set by the Court, and the failure to file a timely claim shall forever prohibit Marriott from receiving any distribution on account of such claims from the Debtor's estate. For the avoidance of doubt, any claims Marriott may have against third parties, including non-debtor affiliates, for damages related to the termination of the HMA, are expressly preserved.

5. Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall be deemed or construed to be: (i) an admission as to the validity or priority of any claim against the Debtor; (ii) a waiver by the Debtor of any claims it may have against Marriott, whether or not such claims are related to the HMA ; (iii) the Debtor's right to assert that the HMA was terminated prior to the Petition Date, or (iv) a waiver of the Debtor's right to assert that the HMA does not constitute an executory contract.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (i) this Order shall be effective immediately and enforceable upon its entry; (ii) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtor is authorized and empowered, and may in their discretion and without further delay, take any action necessary or appropriate to implement this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: February 9th, 2021**
**Wilmington, Delaware**