# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | Case No. 21-10023 (JTD) |
| Debtor. | |
| | **Docket Ref. No. 202** |

**ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING REQUESTS FOR PAYMENT UNDER SECTION 503(b)(9), (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) SETTING A BAR DATE FOR THE FILING OF REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS, (IV) ESTABLISHING AMENDED SCHEDULES BAR DATE AND REJECTION DAMAGES BAR DATE, (V) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (VI) APPROVING NOTICE OF BAR DATES, AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order"): (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in this chapter 11 case, (b) establishing the Governmental Bar Date, (c) establishing the Administrative Claims Bar Date, (d) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (e) approving the form and manner for filing such claims, including any section 503(b)(9) requests for payment, (f) approving notice of the Bar Dates (as defined herein), (g) approving the proposed form of publication notice, and (h) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Motion is granted as set forth herein.

**I.**    **The Bar Dates and Procedures for Filing Proofs of Claim and Administrative Claims.**

    2.    Each person or entity[3] that asserts a claim against the Debtor that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, shall be required to file a proof of claim (a "Proof of Claim"), substantially in the form of Official Form 410.[4] Except in the cases of governmental units and certain other exceptions explicitly set

---

[3] Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code have those meanings ascribed to them by the Bankruptcy Code. In particular, as used herein: (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

[4] Copies of Official Form 410 may be obtained by visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

forth herein, **all Proofs of Claim must be filed so that they are actually received by the Clerk of Court on or before June 30, 2021, at 5:00 p.m., prevailing Eastern Time (the "Claims Bar Date").** The Claims Bar Date applies to all types of claims against the Debtor that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the applicable Bar Dates (as defined herein) as set forth in this Order.

3.      All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file Proofs of Claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor were a party, must file such Proofs of Claim **so they are actually received by the Clerk of Court on or before July 12, 2021, at 5:00 p.m., prevailing Eastern Time (the "Governmental Bar Date" and together with the Claims Bar Date, the "Bar Date" or "Bar Dates" as may be applicable).**

4.      All parties asserting a request for payment of Administrative Claims arising on or prior to May 31, 2021, (the "Administrative Claims Deadline"), but excluding claims for fees and expenses of professionals retained in these proceedings, are required to file a request for payment of such Administrative Claim with the Court and, if desired, a notice of hearing on such Administrative Claim[5] **so that the Administrative Claim is actually filed with the Court on or before June 30, 2021, at 5:00 p.m., prevailing Eastern Time (the "Administrative Claims Bar Date")**.

5.      If the Debtor files a previously unfiled Schedule or amends or supplements the Schedules after having given notice of the Bar Dates, the Debtor shall give notice by first-class

---

[5] Administrative Claims filed without a notice of hearing shall not be scheduled for hearing.

3

mail of any filing, amendment, or supplement to holders of claims affected thereby, and the deadline for those holders to file Proofs of Claim, if necessary, shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 5:00 p.m., prevailing Eastern Time, on the date that is twenty-one days from the date the notice of the filing, amendment, or supplement is given (or another time period as may be fixed by the Court) (the "Amended Schedules Bar Date").

6.     Unless otherwise ordered, all persons or entities asserting claims arising from the rejection of executory contracts or unexpired leases of the Debtor shall file a Proof of Claim on account of such rejection by the later of: (a) the Claims Bar Date; (b) 5:00 p.m. prevailing Eastern time on the date that is thirty days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtor; and (c) any date that the Court may fix in the applicable order approving such rejection (the "Rejection Damages Bar Date").

7.     All Proofs of Claim must be filed so as to be actually received by the Clerk of Court on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein). In addition, all Administrative Claims arising on or prior to the Administrative Claims Deadline must be filed with the Court by the Administrative Claims Bar Date. If Proofs of Claim and such Administrative Claims are not filed on or before the Claims Bar Date, the Governmental Bar Date, or the Administrative Claims Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims may be precluded from voting on any plans filed in this chapter 11 case and/or receiving distributions from the Debtor on account of such claims in this chapter 11 case.

**II.     Parties Exempted from the Bar Date.**

8.      The following categories of claimants shall not be required to file a Proof of Claim or Administrative Claim arising on or prior to the Administrative Claims Deadline by the applicable Bar Date:

   a.  any person or entity who already has filed a signed Proof of Claim against the respective Debtor(s) with the Clerk of the Court in a form substantially similar to Official Form 410;

   b.  any person or entity whose claim is listed on the Schedules if (i) the claim is *not* scheduled as any of "disputed," "contingent," or "unliquidated" and (ii) such person or entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

   c.  any person or entity whose claim has previously been allowed by order of the Court;

   d.  any person or entity whose claim has been paid in full by the Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court;

   e.  any person or entity whose claim is based on an equity interest in the Debtor; *provided* that any holder of an equity interest who wishes to assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

   f.  the DIP Lender and Prepetition Secured Party, as provided and defined by the *Final Order (I) Authorizing Debtor To Obtain Postpetition Secured Financing, (II) Granting Liens And Providing Superpriority Administrative Expense Claims, (III) Granting Adequate Protection To Prepetition Secured Party, (IV) Modifying Automatic Stay, And (V) Granting Related Relief* [Docket No. 126];

   g.  any current or former officer, director, manager, or employee of any Debtor for claims based on indemnification, contribution, or reimbursement;

   h.  any person or entity holding a claim for which a separate deadline is fixed by this Court;

   i.  claims for fees and expenses of professionals retained in this chapter 11 case; and

j. the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930.

### III. Substantive Requirements of Proofs of Claim.

9. The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a. ***Contents***. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b. ***Section 503(b)(9) Claim***. Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtor in the twenty days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtor under section 546(c) of the Bankruptcy Code (if applicable).

c. ***Supporting Documentation***. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and (d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that receives such written consent shall be required to transmit such writings to Debtor's counsel upon request no later than ten days from the date of such request.

d. ***Timely Service***. Each Proof of Claim must be filed, including supporting documentation, so as to be ***actually received*** by the Clerk of Court on or before the Claims Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein or by order of the Court) either (1) electronically through the interface available at http://www.deb.uscourts.gov/claims-information or (2) by first class, overnight U.S. mail, or by other hand delivery system at the following address:

**United States Bankruptcy Court**
**Attn: Claims**
**824 Market Street, 3rd Floor**
**Wilmington, DE 19801**

**IV.     Identification of Known Creditors.**

10.     The Debtor shall mail notice of the Claims Bar Date (or the Governmental Bar Date, as applicable) to their known creditors, and such mailing shall be made to the last known mailing address for each such creditor or such other address as determined by the Debtor after reasonable search.

**V.      Procedures for Providing Notice of the Bar Date.**

    **A.      Mailing of Bar Date Notices.**

11.     Pursuant to Bankruptcy Rule 2002(a)(7), the Debtor shall cause written notice of the Bar Dates, substantially in the form attached to the Motion as Exhibit C (the "Bar Date Notice") and a Proof of Claim Form (collectively, the "Bar Date Package") to be mailed via first class mail, no later than three business days after the entry of this Order, to the following entities:

    a.     the U.S. Trustee;

    b.     any counsel to an official committee appointed in this chapter 11 case;

    c.     all known creditors and other known holders of claims against the Debtor, including all entities listed in the Schedules as holding claims against the Debtor;

    d.     all entities that have requested notice of the proceedings in this chapter 11 case pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

    e.     all entities that have filed proofs of claim in this chapter 11 case as of the date of the Bar Date Order;

    f.     all known non-Debtor equity and interest holders of the Debtor as of the date the Bar Date Order is entered (whose Bar Date Package shall not contain a Proof of Claim Form);

    g.     all known entities who are party to executory contracts and unexpired leases with the Debtor;

    h.     all known entities who are party to litigation with the Debtor;

   i. all regulatory authorities that regulate the Debtor's businesses, including environmental and permitting authorities;

   j. the United States Environmental Protection Agency;

   k. the Office of the Attorney General for the State of Delaware;

   l. the office of the attorney general for each state in which the Debtor maintain or conduct business;

   m. the District Director of the Internal Revenue Service for the District of Delaware;

   n. all other taxing authorities for the jurisdictions in which the Debtor maintain or conduct business; and

   o. the Securities and Exchange Commission.

  12. After the initial mailing of the Bar Date Packages, the Debtor may, in its discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtor may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to twenty-one days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

  **B.** **Publication of Bar Date Notice.**

  13. The Debtor shall cause notice of the Claims Bar Date and the Governmental Bar Date to be given by publication to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtor and creditors whose identities are known but whose addresses are unknown by the Debtor and not obtainable after a reasonable search. Specifically, the Debtor shall cause the Bar Date Notice to be published,

modified for publication in substantially the form attached to the Motion as Exhibit D (the "Publication Notice"), on one occasion in *The Washington Post*, on or before a date at least twenty-one days before the Claims Bar Date.

14. Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtor may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## VI.  Consequences of Failure to File a Proof of Claim or Administrative Claim.

15. Any person or entity who is required, but fails, to file a Proof of Claim or an Administrative Claim arising on or prior to the Administrative Claims Deadline in accordance with the Bar Date Order on or before the applicable Bar Date shall be prohibited from voting to accept or reject any plan filed in this chapter 11 case, participating in any distribution in this chapter 11 case on account of such claim, or receiving further notices regarding such claim, *provided* that late-filed proofs of claim shall be treated in accordance with section 726(a)(3) of the Bankruptcy Code.  Without limiting the foregoing sentence, any creditor asserting a claim entitled to priority pursuant to section 503(b)(9) of the Bankruptcy Code that fails to file a Proof of Claim in accordance with this Bar Date Order may not be entitled to any priority treatment on account of such claim pursuant to section 503(b)(9) of the Bankruptcy Code, regardless of whether such claim is identified on Schedule F of the Schedules as not contingent, not disputed, and not liquidated.

16. Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtor may send from time to time) constitutes adequate and sufficient notice of

each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

### VII. Miscellaneous.

17. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

19. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: April 27th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**