IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) ) | Case No. 21-10023 (JTD) |
| Debtor. | ) ) ) |  |

## MOTION OF THE DEBTOR TO EXTEND ITS EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES

The above-captioned debtor and debtor in possession (the "Debtor") files this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the periods established in sections 1121(c)(2), 1121(c)(3), and 1121(d) of Title 11 of the United States Code (the "Bankruptcy Code") within which only the Debtor may file a plan and obtain acceptances of the plan (the "Exclusivity Periods") by a period of approximately 120 days. In support of the Motion, the Debtor respectfully states as follows:

### Introduction

1. The Debtor filed its Chapter 11 case with a singular purpose–to market and sell its real property located in northwest Washington, D.C. (the "Property") and maximize value for its stakeholders using the proceeds of this sale. Less than four months from the Petition Date, the Debtor has made substantial progress towards achieving this goal, but significant works remains to be done. The Debtor therefore seeks an extension of the Exclusivity Periods of approximately 120 days as provided herein.[2]

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

[2] The Debtor notes that it has filed this Motion prior to the expiration of the current deadline for the Exclusivity Periods that would otherwise expire on May 11, 2021—*i.e.*, 120 days following the Petition Date. Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall

2

2.      The Debtor, with the help of its advisors, has made substantial progress in conducting a thorough marketing and sale process.  Eastdil, the Debtor's real estate broker, commenced marketing immediately upon the filing of this Chapter 11 case.  Over [500] parties were initially provided with the offering memorandum for the Property.  The response to the Debtor's marketing efforts has been strong:  173 potential purchasers have executed a confidentiality agreement to conduct further due diligence on the Property, 31 potential purchasers toured the Property, and, most recently, thirteen parties have submitted a formal expression of interest.

3.      In the near future, the Debtor expects to seek approval of sale procedures with the ultimate goal of scheduling an auction and identifying the highest and best bidder for the Property.  Upon conclusion of the sale process, the Debtor intends to immediately seek approval of the sale, through either a sale order or confirmed plan.  The Debtor's ability to obtain approval for the sale and potentially move a plan process forward would be seriously disrupted if another party were permitted to file a plan in the midst of the Debtor's marketing efforts.  Accordingly, the Debtor seeks an extension of the exclusivity period in which the Debtor retains its exclusive ability to file and solicit acceptances of a chapter 11 plan.

---

automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Accordingly, Local Rule 9006-2 automatically extends the Filing Exclusivity Period pending the Court's hearing to consider the relief requested by this Motion.

**Jurisdiction**

4.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

5.      The statutory predicate for the relief requested herein is section 1121(d) of the Bankruptcy Code.

**Background**

6.      On January 11, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is managing its properties as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the Debtor's chapter 11 case, and no committees have been appointed or designated.

7.      The Debtor is the sole owner of real property located in Woodley Park, Washington, D.C. The property was formerly operated as the Washington Marriott Wardman Park Hotel (the "Hotel"), a convention hotel. The factual background regarding the Debtor, including its historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of James D. Decker in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration") filed on the Petition Date and fully incorporated herein by reference.

8.      Since filing for chapter 11 relief, the Debtor has, among other things:

- stabilized the Debtor through the approval of various crucial first day motions;

- promptly completed its schedules of assets and liabilities and statements of financial affairs, which were filed on February 10, 2021;

- conducted their meeting of creditors pursuant to section 341 of the Bankruptcy Code (as defined below);

3

- responded to and defeated a motion to transfer venue filed by its former hotel manager, Marriott International, Inc. ("**Marriott**");

- obtained final approval for debtor-in-possession financing facility and the use of cash collateral (the "**DIP Financing**");

- sought entry of an order establishing the claims bar dates in this chapter 11 case to facilitate the timely administration of its claims pool; and

- continued to engage and negotiate with Marriott regarding various issues related to Marriott's claims in this case.

9. In parallel with their efforts to administer its Chapter 11 case, the Debtor and its professionals have engaged in numerous activities related to the marketing of its property, including but not limited to the following:

- Prepared and delivered an initial teaser to over 5,000 individual investors;

- Engaged in numerous discussions with investors to preview the Property and respond to initial due diligence questions;

- Negotiated and arranged for the execution of confidentiality agreements with 173 interested investors who requested access to further due diligence materials;

- Established a data room to provide a single point of information for investors requesting confidential information, and populated the data room with information related to the Property;

- Provided a detailed offering memorandum to all investors who executed a confidentiality agreement;

- Provided tours of the Property to 31 potential investors; and

- Coordinated with various vendors regarding site surveys, potential demolition costs, title reports, zoning issues, and other regulatory matters to facilitate the efficient closing of the sale to the ultimate purchaser.

10. The current deadline (a) for which only the Debtor may file a plan is May 11, 2021 and (b) for which only the Debtor may solicit acceptances of such plan is July 12, 2021.

**Relief Requested**

11. By this Motion, the Debtor respectfully requests that this Court, pursuant to section 1121(d) of the Bankruptcy Code, extend the Exclusivity Period for filing a plan by approximately 120 days through and including September 8, 2021, and through and including November 8, 2021, for obtaining acceptances of such plan.

**Basis for Relief Requested**

12. Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the Exclusivity Periods "for cause" after notice and hearing. Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95 95th Cong., 1st Sess. 232 (1997), *see also, In re McLean Indus., Inc.,* 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), *reprinted in* 1978, U.S.C.C.A.N. 5963, 6190) and *In re Public Serv. Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent. . . [is] to promote maximum flexibility.")).

13. To facilitate this legislative intent, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. *See, e.g., In re McLean Indus., Inc.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

14. The decision to extend a debtor's exclusive period is committed to the sound discretion of the bankruptcy court, based upon the facts and circumstances of each particular case. *See, e.g., First American Bank of New York v. Southwest Gloves & Safety Equip., Inc.,* 64

B.R. 963, 965 (D. Del. 1986). Courts examine a number of factors to determine whether "cause" exists to extend the Exclusivity Periods. These factors include the following:

    a.    the size and complexity of the case;

    b.    the existence of good faith progress;

    c.    the necessity of sufficient time to negotiate and prepare adequate information;

    d.    whether creditors are prejudiced by the extension;

    e.    whether the debtor is paying its debts as they become due;

    f.    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    g.    whether the debtor has made progress negotiating with creditors;

    h.    the length of time a case had been pending;

    i.    whether the debtor is seeking an extension to pressure creditors; and

    j.    whether or not unresolved contingencies exist.

*See McLean Indus.*, 87 B.R. at 834.

### Cause Exists for an Extension of the Debtor's Exclusivity Periods

15.    The Debtor submits that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods as provided herein. Each of the relevant factors weighs in favor of an extension of the Exclusivity Periods, as follows:

16.    *The Debtor's Chapter 11 Case is Large and Complex.* Although there is only a single debtor in this Chapter 11 case, the single Debtor owns property located in Washington, D.C. appraised at more than $100 million. The marketing efforts described above are intricate and complex, and have required the careful attention of the Debtor's professionals to maximize the value of the proceeds that will ultimately benefit all of the Debtor's stakeholders.

17. *The Debtor Has Made Good Faith Progress in its Marketing Efforts.* Upon the filing of this Chapter 11 case, the Debtor immediately began efforts to aggressively market the Property. These efforts have produced more than 13 executed expressions of interest. In the near future, the Debtor intends to set a deadline for formal bids and schedule an auction to select the highest and best offer for the Property, and then intends to expeditiously move to obtain Court approval of the sale.

18. *An Extension of the Exclusivity Periods Will Not Prejudice Creditors.* The Debtor is requesting an extension of the Exclusivity Periods purely to conclude the marketing and sale efforts. The Debtor seeks to protect their exclusive ability to propose a chapter 11 plan and to maintain flexibility so any competing plans do not derail the Debtor's sale process. All stakeholders will benefit from that continued stability and predictability, which comes only with the Debtor being the sole potential plan proponents.

19. *This Case is Only Four Months Old.* The Debtor's request for an extension of the Exclusivity Periods is the Debtor's first such request and comes fewer than four months after the Petition Date. As discussed above, during this short time, the Debtor has accomplished a great deal and continues to work diligently with all stakeholders to market the Property.

20. *An Extension Will Not Pressure Creditors.* The Debtor is not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders. All creditor groups or their advisors have had an opportunity to actively participate in substantive discussions with the Debtor throughout this chapter 11 case.

21. An objective analysis of the relevant factors demonstrates that the Debtor is doing everything necessary to facilitate a successful conclusion to this chapter 11 case. Further, courts in this jurisdiction have granted similar relief. *See, e.g.*, *In re GCS Limited*, No. 19-12031 (CSS)

(Docket No. 328) (Bankr. D. Del. Mar. 23, 2020); *In re Venoco, LLC*, No. 17-10828 (KG) (Bankr. D. Del. Jan. 8, 2018) (Docket No. 764) (granting 120-day extension); *In re Aquion Energy, Inc.,* No. 17-10500 (KJC) (Bankr. D. Del. Nov. 21, 2017) (Docket No. 437) (granting 90-day extension); *In re Lily Robotics, Inc.*, No. 17-10426 (KJC) (Docket No. 609) (Bankr. D. Del. Oct. 24, 2017); *In re Golfsmith Int'l Holdings, Inc.*, No. 16-12033 (LSS) (Docket No. 985) (Bankr. D. Del. June 5, 2017) (second extension of exclusive periods for the debtors to file and solicit a chapter 11 plan by 120 days, respectively); *In re Hancock Fabrics, Inc.*, No. 16-10296 (BLS) (Bankr. D. Del. Aug. 29, 2016) (Docket No. 1030) (second extension of exclusive periods for the debtors to file and solicit a chapter 11 plan by three months, respectively); *In re Deb Stores Holding LLC*, No. 14-12676 (KG) (Bankr. D. Del. Aug. 4, 2015) (Docket No. 1137) (second extension of exclusive periods for the debtors to file and solicit a chapter 11 plan by 120 days, respectively); *In re Solyndra*, No. 11-12799 (MFW) (Bankr. D. Del. Aug. 8, 2012) (Docket No. 752) (second extension of exclusive periods for the debtors to file and solicit a chapter 11 plan by 90 days, respectively).[3]  Accordingly, the Debtor respectfully submits that sufficient cause exists to extend the Exclusivity Periods as provided herein.

### Notice

22.     Notice of this Motion has been given to the following parties, or their counsel, if known:  (a) the Office of the United States Trustee; (b) counsel to the Debtor's prepetition and postpetition secured lender; (c) the Debtor's largest unsecured creditors; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

---

[3] The Debtor can provide copies of unreported orders upon request.

**No Prior Request**

23.     No prior request for the relief sought in this Motion has been made to this or any other court, except as set forth herein.

WHEREFORE, the Debtor requests entry of an order, substantially in the form attached hereto, extending the Exclusivity Period for filing a plan through and including September 8, 2021, and through and including November 8, 2021, for obtaining acceptances of a plan, and for such other and further relief as this Court deems appropriate.

Dated: May 10, 2021                              **PACHULSKI STANG ZIEHL & JONES LLP**

  */s/ Timothy P. Cairns*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
          dbertenthal@pszjlaw.com
          tcairns@pszjlaw.com

*Counsel to the Debtor and Debtor in Possession*