**<u>Exhibit F</u>**

**PROPOSED BID PROCEDURES ORDER**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### ORDER (A) APPROVING BID PROCEDURES FOR THE SALE OF THE ASSETS OF DEBTOR; (B) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE AND APPROVE THE FORM AND MANNER OF NOTICE RELATED THERETO; (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS, INCLUDING NOTICE OF PROPOSED CURE AMOUNTS; (D) APPROVING BREAKUP FEE; AND (E) GRANTING OTHER RELATED RELIEF

Upon the motion (the "Motion") of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order (a) approving bid procedures for the sale of the Debtor's assets; (b) scheduling an auction and hearing to consider the sale and approve the form and manner of notice related thereto; (c) establishing procedures relating to the assumption and assignment of certain contracts, including notice of proposed cure amounts; (d) approving breakup fee; and (e) granting other related relief,[2] and it appearing that the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(a); the Court having considered the Motion; and it appearing that the relief requested in the Motion, is in the best interests of the Debtor's bankruptcy estate, their creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing therefor;

---

[1]     The last four digits of the Debtor's U.S. tax identification number are 9717.  The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

[2]     Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

DOCS_DE:234240.8

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS:

A.      Notice of the Motion was adequate and sufficient under the circumstances of this chapter 11 case, and such notice complied with all applicable requirements of title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules.

B.      All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

C.      The bid procedures attached hereto as **Exhibit 1** (the "Bid Procedures") are reasonable and appropriate under the circumstances of this chapter 11 case.  The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

D.      The Debtor does not currently have a "stalking horse" bidder for the Assets.  The Bid Procedures contemplate that a buyer for the Assets will be identified at a later date.

E.      The Breakup Fee and other bidding protections, as set forth in the Bid Procedures, that the Debtor request authority to provide in the event that a stalking horse (the "Stalking Horse Purchaser") is selected by the Debtor in its sole discretion, are (i) an actual and necessary cost and expense of preserving the Debtor's estate within the meaning of sections 503(b) and 507(a)(2) of the Bankruptcy Code, (ii) commensurate to the real and substantial benefit conferred upon the Debtor's estate by the Stalking Horse Purchaser, (iii) reasonable and appropriate, in light of the size and nature of the contemplated sale transaction and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by the

4

Stalking Horse Purchaser, and (iv) necessary to induce the Stalking Horse Purchaser, if any, to continue to pursue the sale transaction.

F.      The Notice of Bid Procedures, Auction Date and Sale Hearing, substantially in the form attached hereto as **Exhibit 2** (the "Sale and Bid Procedures Notice"), the Notice of Auction and Sale Hearing, substantially in the form attached hereto as **Exhibit 3** (the "Creditor Notice"), and the notice substantially in the form attached hereto as **Exhibit 4** to be served on counterparties to the Assumed Contracts ("Cure Notice") each is calculated to provide adequate notice concerning the proposed sale of the Assets and the proposed assumption and assignment of the Assumed Contracts that are the property of the Debtor, and is intended to provide due and adequate notice of the relief that will be sought by the Sale Motion.

G.      The entry of this Order is in the best interests of the Debtor, its estate, creditors and other parties in interest.

IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is granted as set forth in this Bid Procedures Order.

2.      The Bid Procedures are approved in their entirety, and are incorporated into this Bid Procedures Order and shall apply to the proposed sale of the Assets.

3.      The Debtor is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

4.      The proposed sale of the Assets, the proposed assumption and assignment of the

Assumed Contracts, and the Auction shall be conducted in accordance with the provisions of this

Bid Procedures Order and the Bid Procedures.

5.      The Debtor is authorized to select a Stalking Horse Purchaser on the timing

provided by the Bid Procedures.  If the Debtor selects a Stalking Horse Purchaser, the Debtor

shall immediately file a notice of such selection and serve the notice on (a) the Sale and Bid

Procedures Notice Parties and (b) all Qualified Bidders.

6.      The Breakup Fee as set forth in the Bid Procedures is hereby approved.  The

Debtor is authorized without further Court action to pay any amounts that become due and

payable to the Stalking Horse Purchaser, if any, pursuant to the Bidding Procedures (including,

without limitation, the Breakup Fee).  Any such amounts shall, pursuant to section 364(c)(1) of

the Bankruptcy Code, constitute an administrative expense in this case under section 503(b) of

the Bankruptcy Code.

7.      The Sale and Bid Procedures Notice attached hereto as **Exhibit 2**, the Creditor

Notice attached hereto as **Exhibit 3**, and the Cure Notice attached hereto as **Exhibit 4** provide

proper notice to all parties in interest and are approved.

8.      Within two (2) business days following entry of this Order, the Debtor shall serve

by first class mail the Sale and Bid Procedures Notice on the following parties:  (a) the U.S.

Trustee; (b) counsel to the Debtor's prepetition and postpetition secured lender; (c) all parties

known to assert a lien on any of the Assets; (d) all known counterparties to Assumed Contracts;

(e) all entities known to have expressed an interest in bidding on the Assets; (f) the United States

6

Attorney's office; (g) all state attorney generals in states in which the Debtor does business; (h) state taxing authorities in the states in which the Debtor does business and the Internal Revenue Service; (i) environmental authorities in the states or smaller applicable jurisdictions in which the Debtor does business; (j) the Stalking Horse Purchaser, if any, and its counsel; and (k) all other parties that had filed a notice of appearance and demand for service of papers in this bankruptcy case under Bankruptcy Rule 9010(b) as of the date of entry of the Bid Procedures Order.

9.       Within two (2) business days following entry of this Order, the Debtor shall serve the Creditor Notice on all known creditors of the Debtor.  Except as set forth in this and the foregoing paragraph of this Order, no other or further notice of the sale shall be required to be provided by the Debtor.

10.       Within two (2) business days following the entry of this Order, the Debtor shall file and serve the Cure Notice to the counterparties to the Assumed Contracts, provided, however that the Debtor may designate an executory contract as an Assumed Contract no later than ten (10) calendar days prior to the Sale Hearing.  Counterparties to the Assumed Contracts[3] (each a "Counterparty," and together, the "Counterparties") must file and serve any objection to the assumption and assignment of any Assumed Contract, including objections to any Cure Cost, by **July 15, 2021 at 5:00 p.m.(prevailing Eastern Time)**.

11.       Any Counterparty failing to timely file an objection to the Cure Amount set forth in the Cure Notice shall be deemed to consent to the assumption and assignment of the Assumed

---

[3] The inclusion of any agreement as an Assumed Contract does not constitute an admission by the Debtor that such agreement actually constitutes an executory contract or unexpired lease under section 365 of the Bankruptcy Code, and the Debtor expressly reserve the right to challenge the status of any agreement included as an Assumed Contract.

7

DOCS_DE:234240.8

Contract and forever barred from objecting to the Cure Costs and from asserting any additional cure or other amounts against the Debtor, their estates, and the Successful Bidder with respect to the Assumed Contract to which it is a Counterparty.  Notwithstanding anything to the contrary, no executory contract or unexpired lease will be assumed unless and until the occurrence of the closing.

12.    Any other objection to any of the relief to be requested at the Sale Hearing must be in writing, state the basis of such objections with specificity and shall be filed with the Court (with a courtesy copy to Chambers) on or before **July 8, 2021 at 5:00 p.m.(prevailing Eastern Time)** (the "Objection Deadline"), and serve such objection in accordance with the Sale and Bid Procedures Notice so as to be received by such date and time by:  (i) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com)); (ii) counsel to the DIP Lender, (x) Alston & Bird LLP (Attn: David Wender, Esq. (david.wender@alston.com), Grant Stein, Esq. (grant.stein@alston.com)) and (y) Klehr Harrison Harvey Branzburg LLP (Attn: Dominic E. Pacitti, Esq. (dpacitti@klehr.com)); (iii) the Office of The United States Trustee (Attn:  Linda J. Casey, Esq. (linda.casey@usdoj.gov)); and (iv) counsel to any Stalking Horse Purchaser.  The failure of any objecting person or entity to file its objections by the Objection Deadline and in accordance with the Sale and Bid Procedures Notice will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection (including the sale of Assets and assumption and assignment of Assumed Contracts free and clear of all liens, claims and encumbrances).

DOCS_DE:234240.8

13.     Compliance with the foregoing notice provisions shall constitute sufficient notice of the Debtor's proposed Sale of the Assets free and clear of all liens, claims, interests and encumbrances, the contemplated assumption and assignment of each Assumed Contract and the proposed amount of Cure Costs with respect to each such Assumed Contract, and no additional notice of such contemplated transactions need be given.

14.     If the Debtor receive more than one Qualified Bid (as defined in the Bid Procedures), an auction (the "Auction") will be held on **July 20, 2021 at 10:00 a.m. (prevailing Eastern time)**, at 2660 Woodley Road NW, Washington, D.C. 20008, or by video conference to the live proceedings at this location, or at any such other location as the Debtor may hereafter designate.

15.     Counsel to the Debtor is authorized to hold and conduct the Auction in accordance with the Bid Procedures.

16.     The Sale Hearing shall be conducted on **July 22, 2021 at 1:00 p.m.(prevailing Eastern Time)**, and may be adjourned from time to time without further notice other than an announcement in open court at the Sale Hearing.

17.     Notwithstanding anything herein or in the Bid Procedures to the contrary, no sale free and clear of liens, claims and encumbrances shall be approved unless it complies with section 363(f) of the Bankruptcy Code.

18.     Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) and 7062 or otherwise, the terms and conditions of this Bid Procedures Order shall be immediately

9

effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Bid Procedures Order.

19.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Bid Procedures Order.

DOCS_DE:234240.8

<u>**Exhibit 1**</u>

**Bid Procedures**
**(as attached to Motion)**

## Exhibit 2

**Sale and Bid Procedures Notice**
**(as attached to Motion)**

**<u>Exhibit 3</u>**

**Creditor Notice**
**(as attached to Motion)**

## **Exhibit 4**

**Cure Notice**
**(as attached to Motion)**