**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**MOTION OF THE DEBTOR TO PERMIT DEBTOR TO CONSENT TO
TERMINATION OF CERTAIN CUSTOMER CONTRACTS AND PROVIDE
RELEASES PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(a) AND
BANKRUPTCY RULE 9019**

The above captioned debtor and debtor in possession (the "Debtor") files this

motion (this "Motion") for the entry of an order, substantially in the form attached hereto as

**Exhibit A**, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

permitting the Debtor to consent to the termination of certain customer contracts for hotel

services and provide releases to the affected parties.  In support of the Motion, the Debtor

respectfully states as follows:

**Jurisdiction**

1.      This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding as

defined in 28 U.S.C. § 157(b)(2).

2.      The statutory and rule bases for the relief sought herein are sections 105(a) and

363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

---

[1]      The last four digits of the Debtor's U.S. tax identification number are 9717.  The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

## Background

3. On January 11, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is managing its properties as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee or examiner has been appointed in the Debtor's chapter 11 case, and no committees have been appointed or designated.

4. The Debtor is the sole owner of real property located in Woodley Park, Washington, D.C. The property was formerly operated as the Washington Marriott Wardman Park Hotel (the "Property"), a convention hotel. The hotel formerly operated on the Property has been permanently closed by the Debtor. The factual background regarding the Debtor, including its historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of James D. Decker in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration") filed on the Petition Date and fully incorporated herein by reference.

## Hotel Services Contracts

5. Prior to the Petition Date, group sales agreements were entered into with certain customers relating to the Property's former status as a hotel and contemplated the provision of certain future services, including hotel lodging at specified periods of times (the "Hotel Services Contracts").  The Debtor believes that there are approximately 250 such Hotel Services Contracts outstanding. The Hotel Services Contracts were entered into by the Debtor's former manager, Marriott. Notwithstanding that the Debtor was not a party to such contracts, the Debtor (as owner of the Property on which a hotel was previously operated) believes it has an interest in the bookings reflected by the Hotel Services Contracts which is protected by the automatic stay of

2

Bankruptcy Code Section 362 and, accordingly brings this Motion to seek the relief requested herein.

6.       The Property is no longer being operated as a hotel.  In light of the permanent closure of the hotel formerly operated on the Property, since January, the Debtor has received requests and will likely continue to receive requests from customers that are parties to Hotel Services Contracts (the "Contract Parties") to consent to the termination of their particular Hotel Services Contracts.

7.       The Debtor requested that those Contract Parties hold off on termination as Debtor engaged in its sale process in an effort to preserve the potential value to the Debtor of the Hotel Services Contracts.   However, as the sale process continues, the Debtor submits that the potential value of such Hotel Services Contracts is now outweighed by the cost and expense that would be attendant to the extent that the Contract Parties seek to take action against the Debtor with respect to the Hotel Services Contracts.

8.       In connection with such requests to terminate the Hotel Services Contracts, the Debtor proposes to consent to termination (the "Termination Stipulation") with the Contract Parties and provide releases to such parties in return for reciprocal releases of the Debtor.  No payments will be made by the Debtor pursuant to such Termination Stipulations.  In connection with the Termination Stipulation(s), the Debtor and the Contract Parties will agree to fully discharge and release one another (and any successors or assigns) from any and all actions, causes of action, liens, specialties, covenants, contracts, controversies, liabilities, suits, sums and sums of money, accounts, presentments, and extents whatsoever (all such actions, causes of action, specialties, and so forth) both at law and in equity, whether known or unknown, now

DOCS_NY:43126.7 92203/001

existing or which may result from the existing state of things relating to the applicable Hotel Services Contract except for any action relating to a breach of the Termination Stipulation.

9.     To the extent Contract Parties previously contacted the Debtor concerning termination of the Hotel Services Contracts, to the extent this Motion is granted, the Debtor will notify such Contract Parties of the ability and willingness of the Debtor to consent to such termination.

10.     Entry into the Termination Stipulations will benefit the Debtor as it avoids any claim for damages relating to the Hotel Services Contract[2] and the cost of any litigation relating to the Hotel Services Contract, including if the Contract Parties were to seek to compel rejection or relief from the automatic stay as certain contract parties have done.   In light of the similarity of the numerous Hotel Services Contracts, the Debtor requests the ability to consent to termination of the Hotel Contracts as requested without being required to seek approval of the Bankruptcy Court for each such termination.

11.     By this Motion, the Debtor seeks entry of an order permitting the Debtor to consent to termination of the Hotel Services Contracts, as and when requested by the particular Contract Parties, and approving Debtor's entry into the Termination Stipulations with such Contract Parties.

### Basis for Relief Requested

12.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while

---

[2] For the avoidance of doubt, Debtor asserts that it has no obligations or liability to any of the Contract Parties relating to any of the Hotel Services Contracts.

4

not expressly authorized by the Code, effect the result the Code was designed to obtain."

*Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).

13.     Bankruptcy Rule 9019 governs the procedural prerequisites to approval of a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

14.     Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates.  *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998).  The decision whether to accept or reject a compromise lies within the sound discretion of the court.  *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

15.     In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393.  Courts generally defer to a trustee's

business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

16.     When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).  Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78.  A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

17.     The Debtor believes that consenting to the termination of the Hotel Services Contracts on the terms of the Termination Stipulations is fair and reasonable and is in the best interests of the Debtor, its creditors, and the estate, and should be approved pursuant to Bankruptcy Rule 9019.

18.     Entry by the Debtor into the Termination Stipulations avoids the time and expense that might be necessary to litigate issues relating to the Hotel Services Contract with the Contract Parties.  The Debtor is not aware of any claims or causes of action against the Contract Parties that are to be released in connection with the termination of the Hotel Services Contracts and is

not operating the Property as a hotel.  Accordingly, the Debtor believes that providing the releases in connection with the termination of the Hotel Services Contracts is fair and reasonable in these circumstances.  In exchange for releasing the Contract Parties, the Debtor will require a full release from the Contract Parties for any claims that could be asserted to accrue under the Hotel Services Contracts.

19.     For those reasons, the Debtor believes in its business judgment that having the ability to consent to termination of the Hotel Services Contracts on the terms described herein is in the best interests of the Debtor's estate.  In light of the similarity of the Hotel Services Contracts, Debtor further submits that it should not be required to seek separate approval of the Bankruptcy Court for its consent to termination of each Hotel Services Contract as doing so would be unduly burdensome and costly to the estate in light of the nature of the relief being requested.

20.     In addition, a settlement of claims and causes of action by a debtor in possession constitutes a use of property of the estate.  *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999).  If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code.  *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy.").  Courts normally defer to the debtor's business judgment so long as there is a legitimate business justification.  *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need

only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

21.     Here, to the extent that approval under section 363(b) of the Bankruptcy Court is required, the Termination Stipulations will provide for full releases of any claims relating to the Hotel Services Agreement.  The relief granted herein is similar to other situations such as *de minimis* asset sales or claims procedures where debtors are able to address routine matters without the expense and burden of motion practice for each similar matter.  Processes such as the one proposed here provide a demonstrable savings and benefit to the estate and courts in this district and other districts routinely provide debtors with similar authority, such as the authority to resolve *de minimis* claims or engage in *de minimis* assets sales, to take action in accordance with a process without the necessity of further motion practice.  *See, e.g.*, *In re Forever 21, Inc.*, No. 19-12122 (MFW) (Bankr. D. Del. Mar. 20, 2020) (approving *de minimis* claims procedures for settlement of claims of up to $3 million); *In re Southcross Energy Partners, L.P.*, No. 19-10702 (MFW) (Bankr. D. Del. May 6, 2019) (authorizing *de minimis* asset sales up to $2 million); *Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 21, 2018) (approving *de minimis* asset sales procedures for assets up to $15 million).

22.     For all the reasons set forth above, the Debtor, in an exercise of its sound business judgment, submits that the ability to consent to termination of the Hotel Services Contracts is fair, reasonable, and appropriate and should be approved by this Court.

### Notice

23.     Notice of this Motion has been given to the following parties, or their counsel, if known:  (a) the Office of the United States Trustee; (b) counsel to the Debtor's prepetition and postpetition secured lender; (c) the Debtor's largest unsecured creditors; (d) the Contract Parties;

and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtor

submits that, in light of the nature of the relief requested, no other or further notice need be

given.

### No Prior Request

24.     No prior request for the relief sought in this Motion has been made to this or any

other court, except as set forth herein.

WHEREFORE, the Debtor requests entry of an order, substantially in the form

attached hereto, permitting the Debtor to consent to termination of the Hotel Services Contracts

and for such other and further relief as this Court deems appropriate.


Dated:  May 28, 2021                                    **PACHULSKI STANG ZIEHL & JONES LLP**


                                                        _/s/ Timothy P. Cairns_
                                                        Laura Davis Jones (DE Bar No. 2436)
                                                        David M. Bertenthal (CA Bar No. 167624)
                                                        Timothy P. Cairns (DE Bar No. 4228)
                                                        919 North Market Street, 17th Floor
                                                        P.O. Box 8705
                                                        Wilmington, Delaware  19899 (Courier 19801)
                                                        Telephone:  (302) 652-4100
                                                        Facsimile:  (302) 652-4400
                                                        Email: ljones@pszjlaw.com
                                                               dbertenthal@pszjlaw.com
                                                               tcairns@pszjlaw.com

                                                        _Counsel to the Debtor and Debtor in Possession_