**EXHIBIT A**

**Sale Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C., [1] | ) | Case No. 21-10023 (JTD) |
| Debtor. | ) | |

**ORDER (A) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF DEBTOR'S ASSETS OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS, RIGHTS, ENCUMBRANCES AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(b), 363(f), 363(m), AND 1146; (C) ASSUMING AND ASSIGNING CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (D) GRANTING RELATED RELIEF**

This matter coming before the Court on the motion (the "Sale Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order pursuant to sections 105(a), 363, 365, 503, 1107, 1108, and 1146 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rules 2002-1, 6004-1, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court for the District of Delaware (the "Local Rules") (a) authorizing the sale of

---

1 The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

2 Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in either the Sale Agreement or the *Order (A) Approving Bid Procedures for the Sale of the Assets of Debtor; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Costs; (D) Approving Breakup Fee; and (E) Granting Other Related Relief* (the "Bid Procedures Order") [D.I. _____], as applicable.

such assets free and clear of liens, claims, encumbrances, and other interests, except as provided in the asset purchase agreement (the "Successful Bidder APA") by and between the Debtor and ___________ (the "Successful Bidder"), a copy of which is attached hereto as **Exhibit 1**, and (b) approving the assumption and assignment of certain of the Debtor's executory contracts and unexpired leases related thereto to the Successful Bidder; and (c) granting relief related; and the Court having reviewed the Sale Motion; [and the Debtor having conducted the Auction on ______, 2021, at the conclusion of which the Successful Bidder was determined to have provided the highest and best offer for the Assets pursuant to the terms of the Successful Bidder APA and _________ was named as the Back-Up Bidder(s) in accordance with the terms of the Bid Procedures Order]; and the Court having found that (i) the Court has jurisdiction to consider the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Sale Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate and its creditors; and good and sufficient cause having been shown;

**AND IT IS FURTHER FOUND AND DETERMINED THAT**:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. The Debtor's notice of the Bid Procedures, the Cure Costs, the Auction and the hearing to approve any sale of the Assets (the "Sale Hearing") was appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

C. The Successful Bidder is not a successor to the Debtor or this bankruptcy estate nor shall be deemed to be a mere continuation of any of the Debtor's operations by any reason or theory of law or equity, and the Successful Bidder shall not be subject to successor liability for any products sold or claims asserted prior to closing of the Sale of the Assets (the "Closing").

D. The Purchase Price was negotiated at arms' length and constitutes fair consideration for the Assets. The Successful Bidder is a good faith purchaser of the Assets pursuant to section 363(m) of the Bankruptcy Code and that the provisions of Section 363(n) of the Bankruptcy Code have not been violated.

E. The Real Property, Appurtenant Rights, Miscellaneous Agreements, Permits, Intangible Property, Warranties, and FF&E each constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of section 541(a) with respect thereto.

F. Pursuant to section 1146(a) of the Bankruptcy Code, the Sale (including the transfers and other transactions contemplated thereunder) is not subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sale or use tax, mortgage recording tax, or other similar tax or governmental

assessment. The Sale (including the transfers and other transactions contemplated thereunder) is in contemplation of a plan consistent with the requirements of section 1146(a) of the Bankruptcy Code.

G. Notice of the hearing on the Sale Motion of the Sale and any related auction was proper under the Bankruptcy Code, Bankruptcy Rules and Local Rules.

H. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

**IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is **GRANTED** as set forth herein. The Sale of the Assets to the Successful Bidder on the terms and conditions set forth in the Successful Bidder APA is approved. The Debtor is authorized to consummate the transactions under the Successful Bidder APA in accordance with this Order.

2. All objections and responses to the Sale Motion that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3. The Successful Bidder's offer for the Assets, as embodied in the Successful Bidder APA, is the highest and best offer for the correlative portion of the Assets under the Successful Bidder APA and is hereby approved.

4. The Successful Bidder APA annexed hereto as **Exhibit 1** is hereby approved pursuant to section 363(b) of the Bankruptcy Code, and the Debtor is authorized to consummate and perform all of its obligations under the Successful Bidder APA and to execute such other

documents and take such other actions as are necessary or appropriate to effectuate the Successful Bidder APA.

5. Pursuant to sections 105, 363(b), 363(f) and 363(m) of the Bankruptcy Code, the Assets shall be sold and transferred free and clear of all liens, claims, rights, encumbrances or other interests (collectively, "Liens"), except as otherwise provided in the Successful Bidder APA or herein, with any and all such Liens to attach to proceeds of the Sale with the same validity (or invalidity), priority, force and effect such Liens had on the Assets immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Debtor and all interested parties with respect to any such asserted Liens. The allowed secured claim of Pacific Life shall be paid at the Closing, less amounts to pay anticipated allowed administrative expenses, if any, to which Pacific Life agrees or as to which the Court orders a reserve at the Sale Hearing.

6. The Successful Bidder is not a successor to the Debtor or this bankruptcy estate nor shall be deemed to be a mere continuation of any of the Debtor's operations by any reason or theory of law or equity, and the Successful Bidder shall not be subject to successor liability for any products sold or claims asserted prior to Closing. All creditors or other persons are hereby barred from bringing any claim or asserting any liens or claims against the Successful Bidder or the Assets, except as related to any assumed liabilities (which liabilities include, without limitation, the liabilities associated with the Master Condominium as provided in section 5.2 of the Sale Agreement).

7. Pursuant to section 365 of the Bankruptcy Code, the assignment and assumption of the Assumed Contracts of the Debtor, as identified in the Successful Bidder APA, by the Successful Bidder, is hereby authorized and approved in all respects. The Successful Bidder shall pay, concurrently with the Closing and as a condition to Debtor's assumption and assignment thereof, all Cure Costs owing to the counterparties to the Assumed Contracts that are assumed at the Closing. Any provision in an Assumed Executory Contract that purports to prohibit the assignment of such Assumed Executory Contract, or that purports to allow the counterparty to terminate, recapture, or impose penalties upon assignment constitute unenforceable anti-assignment provisions and are void and of no force or effect. Upon the Closing, in accordance with Sections 363 and 365 of the Bankruptcy Code, the Successful Bidder shall be fully and irrevocably vested with all right, title and interest of the Debtor under the Assumed Contracts and the Assumed Contracts shall remain in full force and effect for the benefit of the Successful Bidder. The Successful Bidder has provided adequate assurance of future performance under the Assumed Contracts within the meaning of Section 365 of the Bankruptcy Code. The assignment by the Debtor to the Successful Bidder shall relieve the Debtor and the estate from all liabilities on account of any Assumed Contracts occurring after the date of such assignment pursuant to section 365(k) of the Bankruptcy Code.

8. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Sale by the Debtor to the Successful Bidder of the Assets and transactions related thereto, upon the Closing under the Successful Bidder APA, are authorized and approved in all respects.

9. The stays provided in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

10. The terms of this Order shall be binding on the Successful Bidder and its successors, the Debtor, creditors of the Debtor, and all other parties in interest in this bankruptcy case, and any successors of the Debtor, including any trustee or examiner appointed in this case or upon a conversion of this case to chapter 7 of the Bankruptcy Code.

11. The Successful Bidder is a good faith purchaser entitled to the benefits, protections and immunities afforded by section 363(m) of the Bankruptcy Code and the provisions of section 363(n) of the Bankruptcy Code have not been violated. No reversal or modification of this Order on appeal will affect the validity of the Successful Bidder APA or the transaction contemplated thereby. The Successful Bidder is not an "insider" as defined by Section 101 of the Bankruptcy Code. Neither the Debtor nor the Successful Bidder is or will be entering into the Successful Bidder APA fraudulently, or for the purposes of hindering, delaying or defrauding any of the Debtor's creditors, and the purchase price constitutes reasonably equivalent and fair value (as those terms or their equivalents are defined by the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act and Section 548 of the Bankruptcy Code) for the purchased assets.

12. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and the sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their

office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

13. Effective as of the Closing, the Sale of the Real Property, Appurtenant Rights, Miscellaneous Agreements, Permits, Intangible Property, Warranties, and FF&E, by the Debtor to the Successful Bidder shall constitute a legal, valid and effective transfer of the Assets notwithstanding any requirement for approval or consent by any person and vests the Successful Bidder with all right, title and interest of the Debtor’s estate in the Real Property, Appurtenant Rights, Miscellaneous Agreements, Permits, Intangible Property, Warranties, and FF&E, free and clear of all Liens, Claims and Encumbrances, pursuant to section 363(f) of the Bankruptcy Code except with respect to any liabilities assumed by the Successful Bidder under the Sale Agreement or this Sale Order. All of the Debtor’s interests in the Real Property, Appurtenant Rights, Miscellaneous Agreements, Permits, Intangible Property, Warranties, and FF&E to be acquired by the Successful Bidder under the Sale Agreement shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Successful Bidder. Upon the occurrence of the Closing, this Order shall be considered and constitute for any and all purposes

a full and complete general assignment, conveyance, and transfer of the acquired by the Successful Bidder under the Sale Agreement and/or a bill of sale or assignment transferring indefeasible title and interest in the Real Property, Appurtenant Rights, Miscellaneous Agreements, Permits, Intangible Property, Warranties, and FF&E, to the Successful Bidder.

14. The filing of a copy of this Order in the District of Columbia may be relied upon by all title insurers in order to issue title insurance policies on the Real Property.

15. Any title insurer, escrow agent, or other intermediary participating in a closing of a sale of the Assets after the Petition Date is authorized to disburse all funds at the closing of the Sale pursuant to the applicable settlement statement or escrow instructions provided by the parties to such sale.

16. The Sale of the Assets and the transactions contemplated thereby shall be exempt from any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sale or use tax, mortgage recording tax, or other similar tax or governmental assessment as a transfer of assets under a plan subject to the tax exemptions under section 1146(a) of the Bankruptcy Code.

17. In the event that the Successful Bidder fails to consummate an approved sale because of a breach or failure to perform on the part of the Successful Bidder, the Debtor is authorized, but not required, without any other or further order or authorization from the Court and without any other or further notice, to consummate the sale with __________________, who is the Back-up Bidder(s) pursuant to the Auction, pursuant to the terms of the asset purchase agreement(s) with any Back-up Bidder(s) that was filed with the Bankruptcy Court prior to the

Sale Hearing (each, a "Back-up Bidder APA"). Upon ______ (__) days' prior notice by the Debtor, each Back-up Bidder must immediately proceed with the transaction contemplated under the applicable Back-up Bidder APA. The bids of the Successful Bidder and each Back-up Bidder shall be irrevocable as provided on the record of the Auction. In the event the Debtor consummates the transaction with a Back-up Bidder, such Back-up Bidder shall have all of the rights and privileges of the Successful Bidder for purposes of this Order, and shall be treated in all respects as the Successful Bidder under the terms of this Order.

18. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Successful Bidder APA, each Back-up Bidder APA, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

19. The failure to specifically include any particular provisions of the Successful Bidder APA or any of the documents, agreements, or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement, or instrument, it being the intent of the Court that the Successful Bidder APA and each document, agreement, or instrument executed in connection therewith be authorized and approved in its entirety.

20. The Successful Bidder APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.