**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C., | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |
| | ) | Re: Docket No. 208 |

## REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM

Pursuant to the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (V) Approving the Form of and Manner for Filing Proofs of Claim, (VI) Approving Notice of Bar Dates, and (VII) Granting Related Relief* [Docket No. 208] (the "Bar Date Order"), Enseo, LLC (f/k/a Enseo, Inc.) ("Enseo"), by and through undersigned counsel, hereby submits its administrative expense claim (the "Administrative Claim") under section 503(b) of the Bankruptcy Code and respectfully represents as follows:

1. Enseo and Wardman Hotel Owner, L.L.C. ("Wardman" or the "Debtor") entered into the Enseo Site Services Agreement ("Agreement")[1] effective as of November 8, 2016.[2] Pursuant to the Agreement, Enseo provided the Enseo Entertainment Experience ("E3")® and other services to the Debtor in exchange for, among other things, a monthly recurring fee, non-

---

[1] The Agreement contains confidential business terms and is confidential and proprietary by its terms. *See* Agreement ¶ 16. Therefore, the Agreement is not attached hereto. However, the Agreement will be provided upon reasonable request, subject to any necessary precautions.

[2] For the avoidance of doubt, to the extent of any inconsistency between this Administrative Claim and the Agreement, the terms of the Agreement shall control.

recurring fees, taxes, and expenses. *See* Agreement ¶¶ 5-6. The Agreement has a five-year term, which was subject to extension. *Id.* ¶ 7. As of the Petition Date, the Agreement was not terminated and was to expire on its own terms on or about November 8, 2021 unless extended per the Agreement. *Id.*

2. On or about April 2017, the parties entered into an amendment to the Agreement (the "Amendment") that, among other things granted a limited license to the Participating Site (as that term is defined in the Amendment).

3. Specifically, as to this Administrative Claim, Enseo provided the Debtor with, among other things, the Enseo Entertainment Experience ("E3")® for its hotel rooms, which included a welcome channel, channel banners, an interactive program guide, and program guide data for the channels displayed on each TV. Enseo provided additional services as described in the Agreement and the Amendment, including but not limited to, a program interface and a digital channel lineup of HD and SD channels.[3]

4. Since the Petition Date, Enseo has continued to provide E3® services to the Debtor under the Agreement. Because Enseo continues to provide the E3® services to the Debtor, the Agreement was an executory contract on the Petition Date, and remains an executory contract that has not been assumed or rejected as of the filing of this Administrative Claim, an administrative expense claim continues to accrue under section 503(b) of the Bankruptcy Code. As of May 31, 2021, Enseo's administrative expense claim totaled not less than **$24,649.08** equal to the monthly

---

[3] Enseo also provided the Debtor with its Equipment (as defined in the Agreement) for which the Debtor could utilize Enseo's E3® and related services. *See* Agreement, Ex. A. Such Equipment included but is not limited to satellite receiving equipment, head-end, and set-back-boxes provided by Enseo. *Id.* For the avoidance of doubt, the Equipment is not, and never was, property of the Debtor's estate.

fees for the E3® services of $5,306.40 for the months of February through May and the stub portion for the month of January in the amount of $3,423.48.

5.  Enseo reserves all rights to amend and/or further supplement this Administrative Claim, including, without limitation, to include additional amounts.  Specifically, Enseo has and will continue to provide the E3® services to the estates pursuant to the terms of the Agreement until otherwise instructed by the estates, and reserves all rights to seek payment for amounts owed on account of such services.

6.  Any party seeking information concerning this Administrative Claim should contact the undersigned counsel.

Dated: June 30, 2021  
Wilmington, Delaware

Respectfully submitted,

*/s/ Aaron H. Stulman*
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
Telephone: 302.984.6000
Facsimile: 302.658.1192
Email: kgood@potteranderson.com
astulman@potteranderson.com

*Counsel to Enseo, LLC (f/k/a Enseo, Inc.)*