**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C.,¹ | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |
| | ) | **Docket Ref. No. 262** |

**ORDER (A) APPROVING ASSET PURCHASE AGREEMENT
AND AUTHORIZING THE SALE OF DEBTOR'S ASSETS OUTSIDE THE
ORDINARY COURSE OF BUSINESS; (B) AUTHORIZING THE SALE OF ASSETS
FREE AND CLEAR OF LIENS, CLAIMS, RIGHTS, ENCUMBRANCES AND OTHER
INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(b),
363(f), 363(m), AND 1146; (C) ASSUMING AND ASSIGNING CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES; AND (D) GRANTING RELATED RELIEF**

This matter coming before the Court on the motion (the "Sale Motion")² of the above-captioned debtor and debtor in possession (the "Debtor") for the entry of an order pursuant to sections 105(a), 363, 365, 503, 1107, 1108, and 1146 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (as amended from time to time, the "Bankruptcy Rules"), and Rules 2002-1, 6004-1, and 9006-1 of the Local Rules of Bankruptcy Practice and Procedure of the Bankruptcy Court for the District of Delaware (the "Local Rules") (a)

---

¹ The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in either the Successful Bidder APA or the *Order (A) Approving Bid Procedures for the Sale of the Assets of Debtor; (B) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form and Manner of Notice Related Thereto; (C) Establishing Procedures Relating to the Assumption and Assignment of Certain Contracts, Including Notice of Proposed Cure Costs; (D) Approving Breakup Fee; and (E) Granting Other Related Relief* (the "Bid Procedures Order") [D.I. 250], as applicable.

authorizing the sale (the "Sale") of such assets free and clear of liens, claims, encumbrances, and other interests, except as provided in the asset purchase agreement (the "Successful Bidder APA") by and between the Debtor and Carmel Partners Realty VII, LLC (the "Successful Bidder"), a copy of which is attached hereto as **Exhibit 1**, and (b) approving the assumption and assignment of certain of the Debtor's executory contracts and unexpired leases related thereto to the Successful Bidder; and (c) granting relief related; and the Court having reviewed the Sale Motion; and the Debtor having conducted the Auction on July 20, 2021, at the conclusion of which the Successful Bidder was determined to have provided the highest and best offer for the Assets pursuant to the terms of the Successful Bidder APA and 2660 Woodley Road NW (DC) Owner, LLC ("2660 Woodley Road") was named as the Back-Up Bidder in accordance with the terms of the Bid Procedures Order; and the Court having found that (i) the Court has jurisdiction to consider the Sale Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Sale Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate and its creditors; and good and sufficient cause having been shown;

**AND IT IS FURTHER FOUND AND DETERMINED THAT**:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B. The Debtor's notice of the Bid Procedures, the Cure Costs, the Auction and the hearing to approve any Sale of the Assets (the "Sale Hearing") was in accordance with the Bid Procedures Order and appropriate and reasonably calculated to provide all interested parties with timely and proper notice and no other or further notice is required. Such notice was proper under the Bankruptcy Code, Bankruptcy Rules and Local Rules.

C. As set forth in the Successful Bidder APA, the Successful Bidder shall not operate or manage the Property as a hotel post-Closing, including as a restaurant or banquet hall. The Successful Bidder is not a successor to the Debtor or this bankruptcy estate nor shall be deemed to be a mere continuation of any of the Debtor's operations by any reason or theory of law or equity, and the Successful Bidder shall not be subject to successor liability for any assets sold or claims asserted prior to closing of the Sale of the Assets (the "Closing"), including, for the avoidance of doubt, any liabilities arising from (i) any collective bargaining agreements entered into by Marriott and/or that may be binding upon the Debtor, or (ii) that certain Owner's Letter (collectively, the "CBAs"), except as set forth herein.

D. Notwithstanding anything to the contrary in the CBAs, the Successful Bidder shall not be bound by the CBAs or be subject to any liabilities set forth therein, and UNITE HERE Local 25, and Local 99, International Union of Operating Engineers

3

(the "Unions") shall be barred from asserting any costs or liabilities against the Successful Bidder, except if any of the following conditions are met: (a) if the Real Property is immediately operated as a hotel, then the Successful Bidder shall assume the applicable CBA and shall be bound by the terms and conditions of such CBA, (b) if the Real Property is not immediately operated as a hotel, but is later converted to hotel operation prior to September 15, 2024, then the Successful Bidder shall assume the applicable CBA as of the date such hotel operations commence (the "Commencement Date"), whereupon the Successful Bidder shall be bound by the terms and conditions of such CBA for the period following the Commencement Date until the expiration of the CBA as set forth therein, and (c) if the Real Property is transferred to a successor owner (the "Successor Owner"), then the Successful Bidder shall make as a condition of such transfer that the Successor Owner assume the same obligations as the Successful Bidder, as set forth in this paragraph, for the balance of the period prior to September 15, 2024. There are no amounts due or owing arising from the CBAs, and none are assumed by the Successful Bidder.

  E. The Purchase Price was negotiated at arms' length, without collusion, in good faith, and constitutes fair consideration for the Assets. The Successful Bidder is a good faith purchaser of the Assets pursuant to section 363(m) of the Bankruptcy Code and the provisions of section 363(n) of the Bankruptcy Code have not been violated.

  F. The Debtor has full corporate power and authority to execute the Successful Bidder APA (including all ancillary documents executed in connection

therewith), and the Sale of the Assets has been duly and validity authorized by all necessary corporate authority by the Debtor to consummate the Transaction contemplated by the Successful Bidder APA.  No consents or approvals, other than as may be expressly provided for in the Successful Bidder APA, are required by the Debtor to consummate such Transaction.

G.　　The Real Property, Appurtenant Rights, Permits, Intangible Property, and Warranties each constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of section 541(a) with respect thereto.  The Debtor is the sole and lawful owner of the Assets.

H.　　Pursuant to section 1146(a) of the Bankruptcy Code, the Sale (including the transfers and other transactions contemplated thereunder) is not subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sale or use tax, mortgage recording tax, or other similar tax or governmental assessment. The Sale (including the transfers and other transactions contemplated thereunder) is in contemplation of a plan consistent with the requirements of section 1146(a) of the Bankruptcy Code.

I.　　To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

**IT IS HEREBY ORDERED THAT:**

1.　　The Sale Motion is **GRANTED** as set forth herein.  The Sale of the Assets to the Successful Bidder on the terms and conditions set forth in the Successful Bidder

APA is approved.  The Debtor is authorized to consummate the transactions under the Successful Bidder APA in accordance with this Order.

2.  All objections and responses to the Sale Motion that have not been overruled, withdrawn, waived, settled or resolved, and all reservations of rights included therein, are hereby overruled and denied.

3.  The Successful Bidder's offer for the Assets, as embodied in the Successful Bidder APA, is the highest and best offer for the Assets under the Successful Bidder APA and is hereby approved.

4.  The Successful Bidder APA annexed hereto as **Exhibit 1** is hereby approved pursuant to section 363(b) of the Bankruptcy Code, and the Debtor is authorized to consummate and perform all of its obligations under the Successful Bidder APA and to execute such other documents and take such other actions as are necessary or appropriate to effectuate the Successful Bidder APA.

5.  The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full.  Therefore, the Debtor may sell the Assets free and clear of any interest in the Assets other than as otherwise provided in the Successful Bidder APA or herein.

6.  Pursuant to sections 105, 363(b), 363(f) and 363(m) of the Bankruptcy Code, the Assets shall be sold and transferred free and clear of all liens, claims, rights, encumbrances or other interests (collectively, "Liens"), except as otherwise provided in the Successful Bidder APA or herein, with any and all such Liens to attach to proceeds of the Sale with the same validity (or invalidity), priority, force and effect such Liens had on

the Assets immediately prior to the Sale and subject to the rights, claims, defenses, and objections, if any, of the Debtor and all interested parties with respect to any such asserted Liens.  The allowed secured claim of Pacific Life shall be paid at any time after the Closing, less amounts to pay anticipated allowed administrative expenses, if any, to which Pacific Life agrees or as to which the Court orders a reserve at the Sale Hearing.

7. The Successful Bidder is not a successor to the Debtor or this bankruptcy estate nor shall the Successful Bidder be deemed to be a mere continuation of any of the Debtor's operations by any reason or theory of law or equity.  The Successful Bidder shall not be subject to successor or vicarious liabilities of any kind or character including, but not limited to, under any theory of antitrust, environmental, or transferee liability, labor law, *de facto* merger, mere continuation, or substantial continuity, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated, and any claims for taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to or arising from the Assets prior to or on the Closing Date, the Debtor's operation or ownership of the Assets, or the transfer of the Debtor's Assets to the Successful Bidder.  All creditors or other persons are hereby barred from bringing any claim or asserting any Liens against the Successful Bidder or the Assets, except as related to any liabilities expressly assumed as set forth in the Successful Bidder APA (which liabilities include only the liabilities and obligations associated with the Condominium

Agreements (defined below) as provided in section 5.2 of the Successful Bidder APA and paragraph 8 herein).

8.     Notwithstanding anything to the contrary in this Order, the Successful Bidder APA, and any other document related to any of the foregoing (including, without limitation, any provision that purports to be preemptory or supervening), after the Closing, (i) the Successful Bidder shall perform all rights and obligations of the Debtor under all agreements and documents between, among or binding on the Debtor, the Wardman Tower Residential Condominium Association (the "<u>Residential Condominium Association</u>") and/or the Wardman Tower Master Association (the "<u>Master Association</u>"), and (ii) the Successful Bidder, the Residential Condominium Association and the Master Association shall continue to be bound by and shall perform and discharge in full their respective rights and obligations under all agreements and documents between, among or binding on the Debtor, the Residential Condominium Association and/or the Master Association including, without limitation, the rights and obligations under the documents and agreements set forth or described in Schedule 5.2 of the Successful Bidder APA (collectively, the "<u>Condominium Agreements</u>"). Furthermore, as of the Closing, no monetary cure costs have been asserted by the Residential Condominium Association or the Master Association.

9.     Furthermore, nothing in this Order, the Successful Bidder APA, and any other document related to any of the foregoing (including, without limitation, any provision that purports to be preemptory or supervening) shall constitute a finding by the

Court, or an admission by any party, that any of the Condominium Agreements are executory contracts which may be assumed or rejected by the Debtor.  Additionally, the retention by the Seller of any rights, claims, causes of action, interests, or recoveries in the Residential Condominium Association Litigation (as defined in the Successful Bidder APA) does not constitute any alteration, waiver, amendment, modification, set off, or diminishment of the rights and obligations of any party under the Condominium Agreements.

10.     The sale of the Assets shall be free and clear of any right, title, interest, or claim of Marriott as against the Successful Bidder under or relating to that certain Subordination, Non-Disturbance and Attornment Agreement dated as of January 19, 2018 (the "SNDA") between Marriott Hotel Services Inc. ("Marriott") and Pacific Life, including any right to enforce provisions of the SNDA that purport to be binding upon the Successful Bidder as a "Successor Owner," as defined therein.  For the avoidance of doubt, nothing in this Order, including the successor liability provisions herein, is intended to, or shall, impair or otherwise affect the rights of Marriott against Pacific Life Insurance Company, if any, under the SNDA.

11.     All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Assets to the Successful Bidder, or the ability of the Successful Bidder to utilize such Assets, in accordance with the terms of the Successful Bidder APA and this Order.

12. To the extent applicable, pursuant to section 365 of the Bankruptcy Code, the assignment and assumption of any contracts by the Successful Bidder, as identified in the Successful Bidder APA, is hereby authorized and approved in all respects. For the avoidance of doubt, the Successful Bidder is not seeking to assign or assume any contracts, except the Condominium Agreements. Any provision in an assumed contract that purports to prohibit the assignment of such contract or that purports to allow the counterparty to terminate, recapture, or impose penalties upon assignment constitute unenforceable anti-assignment provisions and are void and of no force or effect. Upon the Closing, in accordance with Sections 363 and 365 of the Bankruptcy Code, the Successful Bidder shall be fully and irrevocably vested with all right, title and interest of the Debtor under the assumed contract and the assumed contracts shall remain in full force and effect for the benefit of the Successful Bidder. The Successful Bidder has provided adequate assurance of future performance under the assumed contracts within the meaning of Section 365 of the Bankruptcy Code. The assignment by the Debtor to the Successful Bidder shall relieve the Debtor and the estate from all liabilities on account of any assumed contracts occurring after the date of such assignment pursuant to section 365(k) of the Bankruptcy Code.

13. Pursuant to sections 105(a) and 363 of the Bankruptcy Code, the Sale by the Debtor to the Successful Bidder of the Assets and transactions related thereto, upon the Closing under the Successful Bidder APA, are authorized and approved in all respects.

14. Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Debtor and Successful Bidder are authorized and empowered to take any and all actions necessary or appropriate to (a) consummate the Sale pursuant to and in accordance with the terms and conditions of the Successful Bidder APA, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate the terms of the Successful Bidder APA, (b) close the Sale as contemplated in the Successful Bidder APA and this Order, and (c) execute and deliver, perform under, consummate, implement, and fully close the Successful Bidder APA, including the assumption and assignment to the Successful Bidder of any assumed contracts, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Successful Bidder APA and the Sale.

15. This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). The stays provided in Bankruptcy Rules 6004(h) and 6006(d) are hereby waived and this Order shall be effective immediately upon its entry.

16. The terms of this Order shall be binding on the Successful Bidder and its successors, the Debtor, creditors of the Debtor, and all other parties in interest in this bankruptcy case, and any successors of the Debtor, including any trustee or examiner appointed in this case or upon a conversion of this case to chapter 7 of the Bankruptcy Code.

17. The Successful Bidder is a good faith purchaser entitled to the benefits, protections and immunities afforded by section 363(m) of the Bankruptcy Code and the

provisions of section 363(n) of the Bankruptcy Code have not been violated. No reversal or modification of this Order on appeal will affect the validity of the Successful Bidder APA or the Transaction contemplated thereby. The Successful Bidder is not an "insider" as defined by Section 101 of the Bankruptcy Code. Neither the Debtor nor the Successful Bidder is or will be entering into the Successful Bidder APA fraudulently, or for the purposes of hindering, delaying or defrauding any of the Debtor's creditors, and the purchase price constitutes reasonably equivalent and fair value (as those terms or their equivalents are defined by the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act and Section 548 of the Bankruptcy Code) for the Assets.

18. With respect to the transactions consummated pursuant to this Order, this Order shall be sole and sufficient evidence of the transfer of title to any particular purchaser, and the sale transaction consummated pursuant to this Order shall be binding upon and shall govern the acts of all persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order, including without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and each of such persons and entities is hereby directed to accept this Order as sole and

sufficient evidence of such transfer of title and shall rely upon this Order in consummating the transactions contemplated hereby.

19.     Effective as of the Closing, the Sale of the Real Property, Appurtenant Rights, Permits, Intangible Property, and Warranties by the Debtor to the Successful Bidder shall constitute a legal, valid and effective transfer of the Assets notwithstanding any requirement for approval or consent by any person and vests the Successful Bidder with all right, title and interest of the Debtor's estate in the Real Property, Appurtenant Rights, Permits, Intangible Property, and Warranties, free and clear of all Liens, Claims and Encumbrances, pursuant to section 363(f) of the Bankruptcy Code except with respect to any liabilities assumed by the Successful Bidder under the Successful Bidder APA or this Sale Order.  All of the Debtor's interests in the Real Property, Appurtenant Rights, Permits, Intangible Property, and Warranties to be acquired by the Successful Bidder under the Successful Bidder APA shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Successful Bidder.  Upon the occurrence of the Closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the acquired by the Successful Bidder under the Successful Bidder APA and/or an assignment transferring indefeasible title and interest in the Real Property, Appurtenant Rights, Permits, Intangible Property, and Warranties to the Successful Bidder.

20. The filing of a copy of this Order in the District of Columbia may be relied upon by all title insurers in order to issue title insurance policies on the Real Property.

21. Any title insurer, escrow agent, or other intermediary participating in a Closing of a Sale of the Assets after the Petition Date is authorized to disburse all funds at the Closing of the Sale pursuant to the applicable settlement statement or escrow instructions provided by the parties to such Sale.

22. The Sale of the Assets and the transactions contemplated thereby shall be exempt from any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sale or use tax, mortgage recording tax, or other similar tax or governmental assessment as a transfer of assets under a plan subject to the tax exemptions under section 1146(a) of the Bankruptcy Code.

23. This Court retains jurisdiction to interpret, implement and enforce the provisions of, and resolve any disputes arising under or related to, this Order and the Successful Bidder APA, each Back-up Bidder APA, all amendments thereto, any waivers and consents thereunder and each of the agreements executed in connection therewith.

24. Notwithstanding paragraph 23 of this Order, any dispute concerning the interpretation or application of paragraph D of this Order shall be resolved in accordance with the Labor Arbitration Rules (the "<u>Rules</u>") of the American Arbitration Association. Any dispute must be submitted to the American Arbitration Association in accordance with such Rules no later than thirty (30) days after notice of the occurrence giving rise to

the dispute is received or should have been known by the party initiating the arbitration. Any arbitrator shall have no authority to add to, subtract from, modify, or amend the language in paragraph D.  The costs of any arbitrator will be shared equally by the parties to the arbitration.

25. In the event that the Successful Bidder fails to consummate the Sale in accordance with the Successful Bidder APA because of a breach by the Successful Bidder or failure to perform on the part of the Successful Bidder, the Debtor shall provide five (5) business days' prior notice to the Unions.  Absent objection by the Unions, the Back-up Bidder must immediately proceed with the closing of the transaction contemplated under the Back-up Bidder APA, but subject to the terms and conditions of the Back-up Bidder APA (as defined below), except as such terms and conditions may relate to any requirement with respect to the form of the sale order.  Absent any such objection, the Debtor is authorized, but not required, without any other or further order or authorization from the Court, to consummate the sale with 2660 Woodley Road, who is the Back-up Bidder pursuant to the Auction, pursuant to the terms of the asset purchase agreement with the Back-up Bidder (the "Back-up Bidder APA"), a copy of which shall be provided to the Unions and filed with the Bankruptcy Court concurrently with the notice given in the first sentence of this paragraph.  In the event of any such objection, the Court will convene a hearing at its earliest availability to rule on the objections.  The bids of the Successful Bidder and the Back-up Bidder shall be irrevocable as provided on the record of the Auction.  In the event the Debtor consummates the transaction with the

Back-up Bidder, such Back-up Bidder shall have all of the rights, privileges and obligations of the Successful Bidder for purposes of this Order, and shall be treated in all respects as the Successful Bidder under the terms of this Order.

26. Nothing in this Order is intended to, or shall, accomplish the assignment, transfer or sale of any license agreement, including all associated hardware and equipment, licensed by Oracle America Inc., successor to MICROS Systems, Inc.

27. The failure to specifically include any particular provisions of the Successful Bidder APA or any of the documents, agreements, or instruments executed in connection therewith in this Order shall not diminish or impair the force of such provision, document, agreement, or instrument, it being the intent of the Court that the Successful Bidder APA and each document, agreement, or instrument executed in connection therewith be authorized and approved in its entirety.

28. The Successful Bidder APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment, or supplement is not material and substantially conforms to the Successful Bidder APA.

**Dated: July 22nd, 2021**  
**Wilmington, Delaware**

**JOHN T. DORSEY**  
**UNITED STATES BANKRUPTCY JUDGE**