IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |

**Objection Deadline:  September 7, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**FOURTH MONTHLY APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
FOR THE DEBTOR AND DEBTOR IN POSSESSION
FOR THE PERIOD FROM APRIL 1, 2021 THROUGH APRIL 30, 2021**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtor and Debtor in Possession |
| Date of Retention: | Effective as of January 11, 2021 by order signed on or about February 5, 2021 |
| Period for which Compensation and Reimbursement is Sought: | April 1, 2021 through April 30, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $189,539.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   2,178.73 |

This is a:        x   monthly        interim        final application.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

---

[1]  The last four digits of the Debtor's U.S. tax identification number are 9717.  The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/21/21 | 01/11/21 – 01/31/21 | $291,113.00 | $5,537.12 | $232,890.40 | $5,537.12 |
| 07/08/31 | 02/01/21 – 02/28/21 | $372,610.00 | $8,852.24 | $298,088.00 | $8,852.24 |
| 08/05/21 | 03/01/21 – 03/31/21 | $339,249.50 | $2,351.01 | Pending | Pending |

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,445.00 | 48.90 | $70,660.50 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,275.00 | 41.00 | $52,275.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,275.00 | 3.40 | $ 4,335.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00 | 1.90 | $ 2,137.50 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002-2014; 2017-Present | $ 875.00 | 59.00 | $51,625.00 |
| Patricia E. Cuniff | Paralegal 2000 | $ 460.00 | 14.30 | $ 6,578.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 460.00 | 0.80 | $ 368.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 375.00 | 0.10 | $ 37.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 375.00 | 0.60 | $ 210.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 375.00 | 0.20 | $ 75.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 375.00 | 2.40 | $ 900.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $ 375.00 | 0.90 | $ 337.50 |

Grand Total:     $189,539.00
Total Hours:          173.50
Blended Rate:      $1,092.44

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 5.70 | $   7,879.50 |
| Asset Disposition | 23.50 | $ 30,086.50 |
| Bankruptcy Litigation | 88.70 | $100,420.00 |
| Case Administration | 9.90 | $   4,384.50 |
| Claims Admin./Objections | 22.20 | $ 20,635.00 |
| Compensation of Prof./Others | 2.50 | $   2,301.50 |
| Executory Contracts | 9.50 | $   9,150.50 |
| Financial Filings | 0.60 | $      525.00 |
| Financing | 0.70 | $      832.50 |
| Litigation (Non-Bankruptcy) | 2.50 | $   3,612.50 |
| Plan & Disclosure Statement | 3.70 | $   4,611.50 |
| Stay Litigation | 4.00 | $   5,100.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[2] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | AT&T Conference Call | $108.52 |
| Delivery/Courier Service | Advita | $222.50 |
| Express Mail | Federal Express | $170.22 |
| Legal Express | Lexis/Nexis | $  14.69 |
| Court Research | Pacer | $119.60 |
| Postage | US Mail | $700.90 |
| Reproduction Expense | | $350.70 |
| Reproduction/ Scan Copy | | $491.60 |

---

[2] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |

**Objection Deadline:  September 7, 2021 at 4:00 p.m.**
**Hearing Date:  To be scheduled if necessary**

**FOURTH MONTHLY APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PACHULSKI STANG ZIEHL & JONES LLP, AS
COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION
FOR THE PERIOD FROM APRIL 1, 2021 THROUGH APRIL 30, 2021**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), and the "Order Establishing Procedures for Interim Compensation and

Reimbursement of Expenses of Professionals," signed on or about February 5, 2021

("Administrative Order"),  Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"),

Counsel for the Debtor and Debtor in Possession, hereby submits its Fourth Monthly Application

for Compensation and for Reimbursement of Expenses for the Period from April 1, 2021 through

April 30, 2021 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation

in the amount of $189,539.00 and actual and necessary expenses in the amount of $2,178.73 for

a total allowance of $191,717.73 and payment of $151,631.20 (80% of the allowed fees) and

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717.  The Debtor's mailing address is 5035
Riverview Road, NW, Atlanta, GA 30327.

reimbursement of $2,178.73 (100% of the allowed expenses) for a total payment of $153,809.93

for the period April 1, 2021 through April 30, 2021 (the "Interim Period").  In support of this

Application, PSZ&J respectfully represents as follows:

## Background

1.      On January 11, 2021 (the "Petition Date"), the Debtor commenced this

case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The

Debtor has continued in possession of its property and continued to operate and manage its

business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

No trustee or examiner has been appointed in the Debtor's chapter 11 case.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about February 5, 2021, the Court signed the Administrative Order,

authorizing certain professionals ("Professionals") to submit monthly applications for interim

compensation and reimbursement for expenses, pursuant to the procedures specified therein.

The Administrative Order provides, among other things, that a Professional may submit monthly

fee applications.  If no objections are made within twenty-one (21) days after service of the

monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%) of

the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with

the period ending March 31, 2021 and at three-month intervals thereafter, or such other intervals

convenient to the Court, each of the Professionals may file and serve an interim application for

allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      The retention of PSZ&J, as Counsel for the Debtor and Debtor in Possession, was approved effective as of January 11, 2021 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Effective as of the Petition Date," signed on or about February 5, 2021 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZ&J's APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**<u>Compensation Paid and Its Source</u>**

5.      All services for which PSZ&J requests compensation were performed for or on behalf of the Debtor.

6.      PSZ&J has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case.  PSZ&J has received payments from the Debtor during the year prior to the Petition Date in the amount of $240,000 in

connection with the preparation of initial documents and the prepetition representation of the

Debtor.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules.

PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the

described services.  The time reports are organized on a daily basis.  PSZ&J is particularly

sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of

different matters for a particular client, separate time entries are set forth in the time reports.

PSZ&J's charges for its professional services are based upon the time, nature, extent and value

of such services and the cost of comparable services other than in a case under the Bankruptcy

Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent

(50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt

to work during travel.

## Actual and Necessary Expenses

8.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as this one, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

9.      PSZ&J charges $.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Debtor for the receipt of faxes in this case.

10.     With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.     PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

### Summary of Services Rendered

12.     The names of the partners and associates of PSZ&J who have rendered

professional services in this case during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtor on a regular basis with respect to various matters in connection with the Debtor's bankruptcy case, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtor's bankruptcy case.

### Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Analysis/Recovery

15.     This category relates to work regarding asset analysis and recovery issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed group

contract issues and group contract termination issues; (2) attended to deposit issues; (3) reviewed

and analyzed issues related to liquor and food inventory; (4) reviewed and responded to customer

contract inquiries; and (5) corresponded and conferred regarding asset analysis and recovery

issues.

Fees:  $7,879.50;        Hours:  5.70

### B.    Asset Disposition

16.    This category relates to work regarding sale and other asset disposition

issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed sale

issues; (2) reviewed and analyzed sale process issues; (3) performed work regarding bid

procedures; (4) attended to scheduling issues; (5) reviewed and analyzed marketing issues;

(6) reviewed and analyzed union issues; (7) reviewed and analyzed strategy issues; (8) reviewed

and analyzed sale tax issues; (9) performed research; (10) performed work regarding an Asset

Purchase Agreement; (11) reviewed and analyzed issues regarding Marriott; (12) reviewed and

analyzed bid materials; (13) performed work regarding a summary of offers; and

(14) corresponded and conferred regarding asset disposition issues.

Fees:  $30,086.50;      Hours:  23.50

### C.    Bankruptcy Litigation

17.    This category relates to work regarding motions and adversary

proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things:

(1) reviewed and analyzed union issues; (2) reviewed and analyzed the PacLife objection to

Marriott remand motion; (3) reviewed and analyzed the union motion to compel arbitration;

(4) reviewed and analyzed issues regarding litigation pending in Maryland; (5) reviewed and analyzed removal and removal extension issues; (6) performed work regarding negotiations; (7) performed work regarding a motion to extend the removal deadline; (8) performed research; (9) performed work regarding Hearing Binders and Agenda Notices; (10) performed work regarding settlement relating to the union motion to compel arbitration; (11) attended to scheduling issues; (12) performed work regarding a union non-disclosure agreement; (13) reviewed and analyzed the Marriott reply to PacLife opposition to motion for abstention and remand; (14) performed work regarding a term sheet relating to Marriott; (15) reviewed and analyzed the Marriott motion to remand removed case; (16) performed work regarding orders; and (17) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $100,420.00;    Hours:  88.70

### D.    Case Administration

18.    This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of critical dates; (2) maintained document control; (3) prepared and distributed a daily memo narrative; and (4) maintained service lists.

Fees:  $4,384.50;      Hours:  9.90

### E.    Claims Admin/Objections

19.    This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed bar date issues; (2) reviewed and analyzed vendor issues; (3) responded to vendor inquiries;

(4) performed work regarding a bar date motion; (5) performed work regarding a bar date order; (6) performed work regarding a bar date notice; (7) reviewed and analyzed a motion to compel rejection of reservations and performed work regarding an objection; and (8) corresponded and conferred regarding claim issues.

Fees:  $20,635.00;     Hours:  22.20

### F.      Compensation of Professionals--Others

20.     This category relates to work regarding compensation of professionals, other than the Firm.  During the Interim Period, the Firm, among other things, attended to special counsel fee application issues and professional fee payment issues.

Fees:  $2,301.50;     Hours:  2.50

### G.      Executory Contracts

21.     This category relates to work regarding executory contracts and unexpired leases of real property.  During the Interim Period, the Firm, among other things:  (1) performed work regarding an objection to customer motions to compel rejection of contracts; (2) performed work regarding negotiations; (3) performed work regarding orders terminating customer contracts; and (4) corresponded and conferred regarding executory contract issues.

Fees:  $9,150.50;     Hours:  9.50

### H.      Financial Filings

22.     This category relates to work regarding compliance with reporting requirements.  During the Interim Period, the Firm, among other things, performed work regarding Monthly Operating Reports.

Fees:  $525.00;     Hours:  0.60

**I.    Financing**

23.    This category relates to issues regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things:  (1) attended to variance reporting issues; (2) reviewed and analyzed issues regarding draw requests; (3) reviewed and analyzed budget issues; and (4) corresponded regarding financing issues.

Fees:  $832.50;        Hours:  0.70

**J.    Litigation (Non-Bankruptcy)**

24.    This category relates to issues regarding litigation in non-Bankruptcy Courts.  During the Interim Period, the Firm, among other things, reviewed and analyzed documents relating to Maryland litigation, and corresponded regarding litigation issues.

Fees:  $3,612.50;        Hours:  2.50

**K.    Plan and Disclosure Statement**

25.    This category relates to issues regarding a Plan of Reorganization and Disclosure Statement.  During the Interim Period, the Firm, among other things, performed work regarding a motion to extend the exclusivity deadlines.

Fees:  $4,611.50;        Hours:  3.70

**L.    Stay Litigation**

26.    This category relates to work regarding the automatic stay and relief from stay motions.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed union issues; (2) performed work regarding relief from stay orders; and (3) corresponded and conferred regarding stay litigation issues.

Fees:  $5,100.00;        Hours:  4.00

**Valuation of Services**

27.     Attorneys and paraprofessionals of PSZ&J expended a total 173.50 hours

in connection with their representation of the Debtor during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,445.00 | 48.90 | $70,660.50 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,275.00 | 41.00 | $52,275.00 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,275.00 | 3.40 | $ 4,335.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00 | 1.90 | $ 2,137.50 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002-2014; 2017-Present | $  875.00 | 59.00 | $51,625.00 |
| Patricia E. Cuniff | Paralegal 2000 | $  460.00 | 14.30 | $ 6,578.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $  460.00 | 0.80 | $    368.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $  375.00 | 0.10 | $      37.50 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $  375.00 | 0.60 | $    210.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $  375.00 | 0.20 | $      75.00 |
| Karen S. Neil | Case Management Assistant 2003 | $  375.00 | 2.40 | $    900.00 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $  375.00 | 0.90 | $    337.50 |

**Grand Total:     $189,539.00**
**Total Hours:         173.50**
**Blended Rate:      $1,092.44**

28.     The nature of work performed by these persons is fully set forth in Exhibit

A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The

reasonable value of the services rendered by PSZ&J for the Debtor during the Interim Period is

$189,539.00.

29.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period of April 1, 2021 through April 30, 2021, an interim allowance be made to PSZ&J for compensation in the amount of $189,539.00 and actual and necessary expenses in the amount of $2,178.73 for a total allowance of $191,717.73 and payment of $151,631.20 (80% of the allowed fees) and reimbursement of $2,178.73 (100% of the allowed expenses) be authorized for a total payment of $153,809.93; and for such other and further relief as this Court deems proper.

Dated:  August 17, 2021                  PACHULSKI STANG ZIEHL & JONES LLP

                                         */s/ Laura Davis Jones*
                                         _____
                                         Laura Davis Jones (DE Bar No. 2436)
                                         David M. Bertenthal (CA Bar No. 167624)
                                         Timothy P. Cairns (DE Bar No. 4228)
                                         919 North Market Street, 17th Floor
                                         P.O. Box 8705
                                         Wilmington, Delaware  19899 (Courier 19801)
                                         Telephone:  (302) 652-4100
                                         Facsimile:   (302) 652-4400
                                         Email: ljones@pszjlaw.com
                                                 dbertenthal@pszjlaw.com
                                                 tcairns@pszjlaw.com

                                         Counsel for the Debtor and Debtor in Possession

## **DECLARATION**

STATE OF DELAWARE        :
                                              :
COUNTY OF NEW CASTLE  :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a)        I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)        I am familiar with the work performed on behalf of the debtor and debtor in possession by the lawyers and paraprofessionals of PSZ&J.

c)        I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about February 5, 2021 and submit that the Application substantially complies with such Rule and Order.

*/s/ Laura Davis Jones*
_____
Laura Davis Jones