**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) | **Docket Ref. Nos. 311 and 312** |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) GRANTING INTERIM APPROVAL OF THE DISCLOSURE STATEMENT; (II) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING DEADLINES RELATED THERETO; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES; (IV) APPROVING THE FORMS OF BALLOTS; AND (V) GRANTING RELATED RELIEF**

The above captioned debtor and debtor in possession (the "Debtor"), hereby moves (the "Motion") the Court for the entry of an order (a) granting interim approval of the *Disclosure Statement with Respect to Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 312] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"), (b) scheduling a final hearing (the "Combined Hearing") on approval of the Disclosure Statement combined with a hearing on confirmation of the *Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 311] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "Plan," and together with the Disclosure Statement, the Order approving this Motion, and the Plan, the "Plan Documents")[2]; (c) approving the solicitation procedures set forth herein; (d) approving the forms of ballots for the voting classes and the forms of notices to non-voting classes; and (e) granting related relief as

---

[1]  The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5996 Mitchell Road, #16, Atlanta, GA 30328.

[2]  Capitalized Terms not defined herein shall have the meanings ascribed to them in the Plan Documents.

set forth in the proposed order.  In support of this Motion, the Debtor respectfully states as

follows:

**<u>PRELIMINARY STATEMENT</u>**

1.      The Debtor seeks approval of this Motion to permit the Debtor to immediately

begin solicitation of votes on the Plan and to combine the hearings on final approval of the

Disclosure Statement and confirmation of the Plan.  The Plan is a liquidation plan that

implements the distribution of proceeds from the sale of the Debtor's material asset, real

property located in Washington, D.C.  The closing of the sale is scheduled to occur on or before

September 20, 2021, and the Debtor seeks a schedule to confirm its Plan concurrently with an

expected sale closing on or around this same date.

2.      Because the Plan proposes to distribute more than $150 million in proceeds

generated by the sale, the relief sought herein meets only three out of four requirements of Local

Rule 3017-2 (*Combined Hearings on Approval of Disclosure Statements and Confirmation of

Plans in Liquidating Chapter 11 Cases*).  However, despite this technical flaw, the schedule

proposed and the disclosures made by this Motion conform generally to Local Rule 3017-2,

albeit under a shortened timeline.[3]  Specifically, the Debtor seeks to confirm the Plan

approximately thirty-three (33) days after the filing of this Motion and nineteen (19) days after

entry of an order conditionally approving the Disclosure Statement and scheduling the

confirmation hearing to accommodate the concurrent timing of sale closing and plan

confirmation.

---

[3] To the extent required, the Debtor requests the Court to modify Local Rule 3017-2 in the interests of justice as permitted by Local Rule 1001-1.

3.      The circumstances of this case strongly support the proposed schedule.  The Plan, based upon a settlement among the key parties in interest, resolves the claim of Marriott (the Debtor's largest unsecured creditor), has the support of Pacific Life (the Debtor's DIP lender, prepetition lender, and equity holder, through its indirect subsidiary, PL Wardman Member), and includes in that resolution a compromise and settlement between and among the Debtor, Marriott, Pacific Life, and PL Wardman Member.  Further, other than the settled claim of Marriott and the claim of Pacific Life, the Debtor expects to pay what it anticipates will be the final allowed value of all claims against the estate in full.  In light of the global settlement and funding in place to confirm the Plan, the Debtor does not anticipate the Plan will be opposed by any party in interest.

4.      Nonetheless, the schedule proposed by the Debtor provides all creditors and parties in interest adequate time to review the Plan and Disclosure Statement prior to the objection deadline.  The Debtor believes the solicitation and hearing process proposed herein is reasonable and does not unfairly prejudice any creditors.  Accordingly, the Debtor seeks (i) interim approval of the Disclosure Statement so as to enable the Debtor to immediately begin soliciting votes on the Plan, and (ii) the scheduling of a combined hearing on final approval of the Disclosure Statement and confirmation of the Plan for September 20, 2021, or such other date in close proximity thereof that is convenient to the Court.

## JURISDICTION AND VENUE

5.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*,

dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2), and the Debtor confirms its consent pursuant to Rule 9013-1(f) of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this

Motion to the extent that it is later determined that the Court, absent consent of the parties,

cannot enter final orders or judgments in connection herewith consistent with Article III of the

United States Constitution.

6.    Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and

1409.

7.    The statutory predicates for the relief sought herein are sections 105, 1125, 1126,

and 1128 of Title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") 2002, 3016, 301, 3018, 3020, 9006 and the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") 2002-1 and 3017-1, and 3017-2.

## BACKGROUND

### A.    Chapter 11 Case

8.    On January 11, 2021 (the "Petition Date"), the Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code.  The Debtor is managing its properties as

debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee or

examiner has been appointed in the Debtor's chapter 11 case, and no committees have been

appointed or designated.

9.      The Debtor is the sole owner of real property located in Woodley Park, Washington, D.C.[4]  The property was formerly operated as the Washington Marriott Wardman Park Hotel (the "Property"), a convention hotel.  The factual background regarding the Debtor, including its historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of James D. Decker in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration") filed on the Petition Date and fully incorporated herein by reference.

10.     On June 18, 2021, the Debtor filed the *Motion for Entry of an Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Debtor's Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f), 363(m), and 1146; (C) Assuming and Assigning Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* [Docket No. 262] (the "Sale Motion") seeking the sale of its real property and certain other assets located at 2660 Woodley Road NW, Washington, DC.  Following an auction conducted on July 20, 2021, Carmel Partners Realty VII, LLC (the "Successful Bidder") was deemed to have submitted the highest and best offer for substantially all of the Debtor's assets.  On July 22, 2021, the Bankruptcy Court entered an order approving the sale [Docket No. 292] (the "Sale Order").  The closing of the sale remains pending.

11.     On April 27, 2021, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar*

---

[4]  Pursuant to the Sale Order, the Debtor will sell the Property effective on the closing of the sale.

*Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the*

*Filing of Requests for Allowance of Administrative Expense Claims, (IV) Establishing Amended*

*Schedules Bar Date and Rejection Damages Bar Date, (V) Approving the Form of and Manner*

*for Filing Proofs of Claim, (VI) Approving Notice of Bar Dates, and (VII) Granting Related*

*Relief* [Docket No. 208] (the "Bar Date Order").  The Bar Date Order set the general bar date and

the first administrative bar date as June 30, 2021 at 5:00 p.m. (ET), and the governmental bar

date for July 12, 2021 at 5:00 p.m. (ET).

**B.**     **The Plan and Disclosure Statement**

12.     Concurrently herewith, the Debtor filed the Plan and Disclosure Statement.  The

Plan provides for, among other things, (i) the liquidation of the Debtor's remaining assets and (ii)

the distribution of cash and rights to certain holders of Allowed Claims in accordance with the

priority scheme established by the Bankruptcy Code and the global settlement contemplated by

the Plan.

13.     If confirmed and consummated, the Plan will facilitate the orderly wind down of

the Debtor's remaining businesses, including formation of a liquidating trust to pursue any

remaining causes of action, liquidate remaining assets, and distribute all proceeds according to

the Plan, among other things, before closing this case.

14.     Claims and Interests are classified as follows:

| Class | Status | Voting Rights |
|---|---|---|
| Class 1 – Priority Non-Tax Claims | Unimpaired | Not Entitled to Vote |
| Class 2 – Other Secured Claims | Unimpaired | Not Entitled to Vote |
| Class 3 – Pacific Life Secured Claim | Impaired | Entitled to Vote |
| Class 4 – Marriott Claim | Impaired | Entitled to Vote |
| Class 5 – General Unsecured Claims | Impaired | Entitled to Vote |
| Class 6 – Equity Interests | Impaired | Not Entitled to Vote |

15.      As shown above, the Plan presently provides for six (6) different Classes of

Claims and Interests. Under the Plan, Claims in Classes 3, 4, and 5 (the "Voting Classes") are

impaired by the Plan, and such holders are entitled to vote to reject or accept the Plan.  Claims in

Classes 1 and 2 (collectively, the "Unimpaired Classes") are Unimpaired by the Plan, and such

holders are deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy

Code and are therefore not entitled to vote on the Plan.  Interests in Class 6 (the "Deemed

Rejecting Class") are impaired, are not anticipated to receive or retain any property under the

Plan other than a share of residual property at the close of liquidation, and are not entitled to vote

on the Plan.

16.      In addition, pursuant to section 1123(a)(1) of the Bankruptcy Code, the Plan

designates two (2) categories of Claims that are entitled to receive Distributions under the Plan,

but are not classified for purposes of voting to accept or reject the Plan. These categories of

Claims are: (1) Administrative Claims, and (2) Priority Tax Claims.

## HIGHLIGHTED PROVISIONS UNDER LOCAL RULE 3017-2

17.      Local Rule 3017-2(c)(ii) requires a debtor to "(A) recite whether the proposed

form of order and/or plan of liquidation contains any provision of the type indicated below and

(B) identify the location of any such provision in the proposed form of order and/or plan of

liquidation." In satisfaction of Local Rule 3017-2(c)(ii), the Debtor states as follows:

     a.   Third Party Releases –The Plan seeks consensual releases with respect to claims

        creditors may hold against non-Debtor parties in Section VIII.E of the Plan;

     b.   Insider Releases – The Plan seeks to release claims the Debtor may have against

        non-Debtor parties, some of whom may be considered insiders under Bankruptcy

7

Code § 101(31) in Section VIII.E of the Plan; and

c. <u>Exemption Under 1146</u> – Consistent with the previously entered order approving the Sale, the Plan seeks an exemption under § 1146 in Article X.J of the Plan.

## **RELIEF REQUESTED**

18.     By this Motion, the Debtor requests (i) interim approval of the Disclosure Statement solely to permit the Debtor to solicit the Plan, with final approval of the Disclosure Statement combined with the hearing on confirmation of the Plan as contemplated by Local Rule 3017-2; (ii) fixing dates and deadlines related to solicitation and confirmation of the Plan, as set forth in the proposed confirmation schedule below; (iii) approving certain solicitation, notice, and tabulation procedures with respect to confirmation of the plan; (iv) approving the form of the ballots and notices in connection therewith; and (v) granting other related relief.

19.     A summary of the key dates the Debtor seeks to establish, subject to the Court's availability, are as follows:

| PROPOSED TIMETABLE | |
|---|---|
| **Event** | **Date** |
| Hearing on this Motion | September 1, 2021 |
| Voting Record Date | September 1, 2021 |
| Deadline to Mail Solicitation Packages | September 2, 2021 |
| Deadline to File 3018 Motions | September 8, 2021 |
| Deadline to File Plan Supplement | September 13, 2021 |
| Voting Deadline | September 13, 2021 |

8

| PROPOSED TIMETABLE | |
|---|---|
| **Event** | **Date** |
| Deadline for Objections to 3018 Motions | September 15, 2021 |
| Deadline for File Objections to Plan Confirmation and/or Adequacy of Disclosure Statement | September 15, 2021 |
| Deadline to file (1) Voting Certification and (2) Confirmation Brief | September 16, 2021 |
| Deadline to file a reply to any objection | September 17, 2021 |
| Combined Hearing on approval of Disclosure Statement and confirmation of the Plan | September 20, 2021 |

## BASIS FOR RELIEF REQUESTED

### A.    Combined Hearing

20.    Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; *see also* Fed. R. Bankr. P. 3017(c).[5]

21.    Local Rule 3017-2(a) sets forth the conditions under which a combined hearing is permissible:

> (a)    Applicability.  This Local Rule shall be applicable to all cases arising under chapter 11 of the Code where the following requirements are met:
> (i)    All or substantially all of the assets of the debtor[s] were or will be liquidated pursuant to a sale under 11 U.S.C. § 363; and
> (ii)    The plan of liquidation proposes to comply with section 1129(a)(9) of the Code; and
> (iii)    The plan of liquidation does not seek non-consensual releases/injunctions with respect to claims creditors may hold against non-debtor parties; and

---

[5] Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

         (iv)    the debtor's combined assets to be distributed pursuant to the proposed plan of liquidation are estimated, in good faith, to be worth less than $25 million (excluding causes of action).

22.    The sale of the Property generated $152,250,000 in proceeds that the Debtor seeks to distribute through the Plan.  Thus, the Debtor does not meet the requirements of Local Rule 3017-2(a)(iv).

23.    The Debtor submits that the other requirements of Local Rule 3017-2(a) are satisfied because, (i) substantially all of the Debtor's assets were sold pursuant to a sale under Bankruptcy Code section 363 and any remaining assets will be liquidated under the Plan, (ii) the Plan's proposed treatment of administrative and priority claims complies with Bankruptcy Code section 1129(a)(9), and (iii) the Plan does not seek nonconsensual releases/injunctions with respect to claims creditors may hold against non-Debtor parties.

24.    The Debtor requests that the Court grant the relief requested herein and, if necessary, waive or amend the requirements of Local Rule 3017-2 based upon the facts and circumstances of this case.  Additionally, section 105 of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically."  *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases."); *In re Luminent Mortgage Capital Inc.*, Case No. 08-21389 (Bankr. D. Md. May 15, 2009).  Pursuant to this authority, Courts in this District have combined

10

hearings on approval of disclosure statements and confirmation of plans in chapter 11 cases. *See, e.g.*, *Phoenix Brands, LLC*, Case No. 16-1124 (BLS) (Bankr. D. Del. Nov. 21, 2016); *In re JMO Wind Down, Inc.*, Case No. 16-10682 (BLS) (Bankr. D. Del. Sept. 1, 2016); *In re SDI Solutions LLC*, Case No. 16-10627 (CSS) (Bankr. D. Del. May 24, 2016*); In re Nuo Therapeutics, Inc*., Case No. 16-10192 (MFW) (Bankr. D. Del. Mar 29, 2016); *In re Hipcricket, Inc.*, Case No. 15-10104 (LSS) (Bankr. D. Del. Mar. 3l, 2015); *In re AFA Investment Inc.*, Case No. 12-1 1 127 (MFW) (Bankr. D. Del. January 16, 2014).

25.    Consistent with the foregoing authority, the Debtor respectfully requests that the Court consolidate its approval of the Disclosure Statement and confirmation of the Plan at the single Combined Hearing and enter an order scheduling the Combined Hearing for **September 20, 2021**.  A combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtor's creditors by hastening the implementation of the Plan.  Accordingly, the Combined Hearing will spare the Debtor from additional administrative expenses associated with a two-stage process and promote judicial efficiency and economy.

**B.    Request for Conditional Approval of the Disclosure Statement**

26.    As noted above, the Debtor intends to seek approval of the Disclosure Statement at the Combined Hearing.  By this Motion, the Debtor submits that the Disclosure Statement contains adequate information.  Accordingly, the Debtor requests that the Court (a) approve the Disclosure Statement on a conditional basis to permit the Debtor to use it in the solicitation process as described herein and (b) approve the Disclosure Statement on a final basis as part of the order confirming the Plan.

DOCS_DE:235450.9

27.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan. Specifically, section 1125(a)(1) of the Bankruptcy Code states, in relevant part:

> "Adequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the Debtors and the condition of the Debtors' books and records, including a discussion of the potential material Federal tax consequences of the plan to the Debtors, any successor to the Debtors, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan. . . . [I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a)(1).

28.     The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding whether or not to vote for the plan. *See, e.g., Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix Petroleum Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); *In re Unichem Corp.*, 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987). Congress intended that informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization. Century Glove, 860 F.2d at 100.

29.     "Adequate information" is a flexible standard, based on the facts and circumstances of each case. See 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125

12

we discern that adequate information will be determined by the facts and circumstances of each case."); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (explaining that the adequacy of a disclosure statement is to be "determined on a case-specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties").

30.     Courts within the Third Circuit and elsewhere acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 of the Bankruptcy Code resides within the broad discretion of the court. *See, e.g., Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely within the discretion of the bankruptcy court.") (internal citation omitted); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D.N.J. 2005); *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

31.     Here, the Disclosure Statement contains ample information to allow well informed judgments on the Plan.  Specifically, the Disclosure Statement contains detailed information with respect to, among other things: (a) the Debtor's business and prepetition capital structure; (b) the relevant events and circumstances preceding and causing the Debtor's chapter 11 case; (c) the major events during the administration of the Debtor's chapter 11 case, including the Debtor's sale to the Successful Bidder; (d) the key terms of the Plan; (e) estimates of the

anticipated distributions to be received by holders of allowed claims; (f) the feasibility of the

Plan; (g) a comparison to hypothetical liquidation under chapter 7 of the Bankruptcy Code;

(h) risk factors that may affect the Plan; and (i) the federal tax consequences of the Plan. *See, In

re U.S. Brass Corp.*, 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996) (listing factors that courts

may consider in determining the adequacy of information provided in a disclosure statement); *In

re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (same); *In re

Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same). Notably,

disclosure regarding all conceivable topics is not necessary in every case. *U.S. Brass*, 194 B.R. at

425; *In re Phoenix Petroleum Co.*, 278 B.R. at 393.

32.     Thus, the Debtor respectfully submits that the Disclosure Statement contains

"adequate information" within the meaning of section 1125 of the Bankruptcy Code. Accordingly,

the Court should authorize the Debtor to use the Disclosure Statement during the solicitation

period, subject to objections, and approve the Disclosure Statement at the Combined Hearing.

33.     The procedures described herein (the "Solicitation Procedures") provide for

solicitation of the Plan in accordance with Local Rule 3017-2, and ensures that creditors and

parties in interest will have sufficient time to review the Plan and Disclosure Statement and file

objections thereto in advance of the Combined Hearing.  The Debtor will consider all requests to

make reasonable changes to the Disclosure Statement and Plan in advance of the hearing on this

Motion.

## C.      Scheduling the Confirmation Hearing and Setting Plan Objection Deadline

34.     Pursuant to Bankruptcy Code sections 1128(a) and 105(d)(2)(B)(vi), the Debtor

requests that the Court set a hearing to consider confirmation of the Plan.  As demonstrated

14

above, the Debtor has complied with the requirements of Local Rule 3017-2 and requests a single combined hearing (i.e., the Combined Hearing), to seek the Court's approval of the Disclosure Statement and confirmation of the Plan.  *See* 11 U.S.C. § 1128(a) (providing that, after notice, the Court shall hold a hearing on confirmation); 11 U.S.C. § 105(d)(2)(B)(vi) (authorizing the Court to combine hearing on approval of the Disclosure Statement with the Confirmation Hearing).

35.    The Debtor respectfully requests that the Court (a) set the Combined Hearing for **September 20, 2021** and (b) set **September 15, 2021 at 5:00 p.m.** (prevailing Eastern Time) as the time by which any objections to final approval of the Disclosure Statement and confirmation of the Plan must be filed (the "Objection Deadline").

36.    Any objection to confirmation of the Plan ("Plan Objections") must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtor, the basis for the objection, and the specific grounds of the objection. Plan Objections must be filed with the Bankruptcy Court and served upon: (i) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com)); (ii) counsel to the DIP Lender, Alston & Bird LLP (Attn: David Wender, Esq. (david.wender@alston.com), Grant Stein, Esq. (grant.stein@alston.com)) and Klehr Harrison Harvey Branzburg LLP (Attn: Dominic E. Pacitti, Esq. (dpacitti@klehr.com)); and (iii) the Office of The United States Trustee (Attn:  Linda J. Casey, Esq. (linda.casey@usdoj.gov)).

37.    The Debtor believes that the proposed timing for filing and service of objections and proposed modifications, if any, will afford the Court, the Debtor and other parties-in-interest

15

sufficient time to consider objections and proposed modifications, if any, prior to the Combined Hearing.

**D.      Approval of Form and Manner of Notice of Combined Hearing**

38.     The Debtor requests approval of the notice of the Combined Hearing substantially in the form of **Exhibit A** annexed hereto (the "Combined Hearing Notice").

39.     The Debtor proposes to set **September 1, 2021** as the record date for purposes of determining which holders of claims were entitled to vote to accept or reject the Plan for purposes of serving the Combined Hearing Notice.  Pursuant to Bankruptcy Rules 2002 and 3017(d), the Combined Hearing Notice contains:  (i) the Court's conditional approval of the Disclosure Statement; (ii) the deadline for voting on the Plan; (iii) the date of the Combined Hearing; (iv) the deadline and procedures for filing objections to the approval of the Disclosure Statement and confirmation of the Plan; (iv) the deadline for filing Administrative Claims set forth in the Plan; and (v) directions on how to obtain copies of those documents upon request by any parties in interest, including the Voting Agent's website where parties may download the Plan and Disclosure Statement free of charge.

40.     The Combined Hearing Notice will be served upon:  (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) the Debtor's known creditors on their creditor matrix, including, among others, all of their trade creditors, taxing authorities, any governmental authority with whom the company conducts business, banks, UCC-1 lien holders, other secured creditors, litigants, counterparties to contracts; (c) the Internal Revenue Service; (d) the holders of equity interests; and (e) any part requesting special notice pursuant to Bankruptcy Rule 2002.

16

## SOLICITATION AND VOTING PROCEDURES

41.      As described above, the Debtor intends to distribute the Disclosure Statement and solicit approval of the Plan prior to the Combined Hearing.  Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes to accept or reject a plan of reorganization.  Bankruptcy Rule 3017(e) provides that "the court shall consider the procedures for transmitting the documents and information required by Bankruptcy Rule 3017(d) to beneficial holders of stock, bonds, debentures, notes, and other securities, determine the adequacy of such procedures and enter such orders as the court deems appropriate."  As set forth herein, the Solicitation Procedures are in compliance with the Bankruptcy Rules and the Bankruptcy Code.

### A.      Solicitation Package

42.      Bankruptcy Rule 3017(d) specifies the materials to be distributed to creditors and equity security holders upon approval of a disclosure statement.  In accordance therewith, the Debtor proposes that Stretto[6] (the "Voting Agent") transmit or cause to be transmitted by first class mail to parties entitled to vote on the Plan (the "Voting Parties") a package containing: (a) the Combined Hearing Notice; (b) the Plan (either by paper copy, in "PDF" format on a CDROM, or available online at https://cases.stretto.com/wardmanhotel, at the Debtor's and Voting Agent's discretion); (c) the Disclosure Statement (either by paper copy, in "PDF" format on a CDROM, or available online at https://cases.stretto.com/wardmanhotel, at the Debtor's and Voting Agent's discretion); (d) a ballot, substantially in the forms annexed hereto as **Exhibit D** (the "Ballots"); (e) a pre-addressed, return envelope; and (f) such other information as the Court

---

[6] Stretto is the trade name of Bankruptcy Management Solutions, Inc., and its subsidiaries.  Contemporaneously herewith, the Debtor filed a motion to retain Stretto as Voting Agent.

may direct or approve (collectively, the "Solicitation Package"). The Debtor submits that such

materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

43.     Pursuant to section 1126(f) of the Bankruptcy Code, unimpaired creditors are

"conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to

such class . . . is not required." 11 U.S.C. § 1126(f).  Accordingly, the Debtor submits that it need

not transmit a Solicitation Package to holders of claims in the unimpaired classes who are

unimpaired and deemed to have accepted the Plan.

44.     Pursuant to section 1126(g) of the Bankruptcy Code, "a class is deemed not to

have accepted a plan if such plan provides that the claims or interests of such class do not entitle

the holders of such claims or interests to receive or retain any property under the plan on account

of such claims or interests." 11 U.S.C. § 1126(g). Therefore, the Debtor submits that it need not

transmit Solicitation Packages to holders of claims and interests in any class that will not receive

any distribution or retain property under the Plan and are deemed to have rejected the Plan.

45.     The Debtor proposes to mail or cause to be mailed to holders of claims in Classes

1, 2, and 6 (the "Non-Voting Classes"), at the address to which notices are required to be sent

pursuant to Bankruptcy Rule 2002(g), a notice, substantially in the forms attached hereto as

**Exhibits B and C** (together, the "Non-Voting Notices"), setting forth: (a) the non-voting classes;

(b) summary of the treatment of claims and interests under the Plan; (c) the date and time of the

Combined Hearing; (d) the deadline and procedures for filing objections to the Plan; and (iv) the

deadline for filing Administrative Claims set forth in the Plan. The Non-Voting Notices will

indicate that Non-Voting Parties may obtain a copy of the Plan and Disclosure Statement free of

charge from the Voting Agent. The Non-Voting Notices contain all of the required information

DOCS_DE:235450.9

with respect to the Combined Hearing, and, for the avoidance of doubt, the Debtor seeks direction to send only the Non-Voting Notices to Non-Voting Parties.

46.    As indicated above, upon conditional approval of the Disclosure Statement, the Voting Agent will serve on the appropriate parties either (a) a Solicitation Package or (b) a Non-Voting Notice.

**B.    Ballots and Voting**

47.    The Debtor proposes that the Court establish **September 1, 2021** as the record date (the "Voting Record Date") for the purposes of determining (a) which creditors are entitled to receive a Solicitation Package and may be entitled to vote on the Plan, subject to the disallowance of such creditors' claims for voting purposes as set forth herein, or (b) the holders of claims and interests entitled to receive the Non-Voting Notice.[7]

48.    The Voting Agent shall be permitted to inspect, monitor, and supervise the solicitation process; inspect and tabulate the Ballots; and certify to the Court the results of the balloting.

49.    The Debtor additionally requests that creditors seeking to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) be required to file a motion (the "3018 Motion") for such relief no later than **September 8, 2021**.  The deadline for any party in interest to object to a 3018 Motion shall be **September 13, 2021**.  Any such 3018 Motion may also be resolved by agreement between the Debtor and the movant without the requirement for further order or approval of the Court.

---

[7] The Debtor requests that the Court establish the Voting Record Date for voting purposes only and that the Voting Record Date shall not affect who is entitled to receive distributions under the Plan.

19

C.      **Approval of Procedures for Vote Tabulation**

50.      The Debtor respectfully requests that the Bankruptcy Court approve the voting

and tabulation procedures described herein in accordance with Bankruptcy Code § 1126(c) and

Bankruptcy Rule 3018(a).

51.      Bankruptcy Code § 1126(c) provides:

> A class of claims has accepted a plan if such plan has been
> accepted by creditors, other than any entity designated under
> subsection (e) of this section, that hold at least two thirds in
> amount and more than one half in number of the allowed claims of
> such class held by creditors, other than any entity designated under
> subsection (e) of this section, that have accepted or rejected such
> plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that the "court after notice and

hearing may temporarily allow [a] claim or interest in an amount which the court deems proper

for the purpose of accepting or rejecting a plan."  Fed. R. Bankr. P. 3018(a).

52.      The Debtor requests that the Court approve the vote tabulation methodology as

more fully set forth in the voting instructions on the Ballots utilized by the Debtor.  The Debtor

will not count or consider for any purpose in determining whether the Plan has been accepted or

rejected the following Ballots:  (a) any Ballot that is received after the Voting Deadline; (b) any

Ballot that is illegible or contains insufficient information to permit the identification of the

Holder; (c) any Ballot cast by a Person or Entity that does not hold a Claim or Interest in a Class

that is entitled to vote on the Plan; (d) any unsigned Ballot; (e) any Ballot not marked to accept

or reject the Plan, or marked both to accept and reject the Plan; (f) any Ballot that was not

accompanied by an original signature; and (g) any Ballot submitted by a party not entitled to cast

a vote with respect to the Plan.

## WAIVER OF BANKRUPTCY RULE 6004(a)

53.      To implement the foregoing successfully, the Debtor seeks a waiver of the notice

requirements under Bankruptcy Rule 6004(a).

## NOTICE

54.      Notice of this Motion has been given to the following parties, or their counsel, if

known:  (a) the Office of the United States Trustee; (b) counsel to the Debtor's prepetition and

postpetition secured lender; (c) the Debtor's largest unsecured creditors; and (d) any party that has

requested notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature

of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially

in the form annexed hereto as **Exhibit E**, and grant such other and further relief as this Court deems

just and proper.

Dated:   August 18, 2021              PACHULSKI STANG ZIEHL & JONES LLP


*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
Email:      ljones@pszjlaw.com
            dbertenthal@pszjlaw.com
            tcairns@pszjlaw.com

Counsel to the Debtor and Debtor in Possession