# **EXHIBIT D**

**Form of Ballots**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WARDMAN HOTEL OWNER, L.L.C., [1] | ) | Case No. 21-10023 (JTD) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**BALLOT TO ACCEPT OR REJECT PLAN OF LIQUIDATION**

**CLASS 3 – PACIFIC LIFE SECURED CLAIM**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDER OF THE CLASS 3 PACIFIC LIFE SECURED CLAIM.  PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.  COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY. IF THE VOTING AGENT HAS NOT RECEIVED THIS BALLOT BY 4:00 P.M., PREVAILING EASTERN TIME, ON SEPTEMBER 13, 2021 (THE "VOTING DEADLINE"), UNLESS EXTENDED BY THE DEBTOR, IT WILL NOT BE COUNTED. FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 311] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") proposed by the above captioned debtor (the "Debtor").  The Plan is described in the related *Disclosure Statement with Respect to Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 312] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement") approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware.  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan. Capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717.  The Debtor's mailing address is 5996 Mitchell Road, #16, Atlanta, GA 30328.

The Disclosure Statement and Plan provide information to assist you in deciding how to vote your ballot. A copy of the Disclosure Statement and Plan has been provided to you with this Ballot. You can obtain additional copies upon request to the Voting Agent, Stretto, by writing to Wardman Hotel Owner Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 or by phone at 855-462-7622. Copies of the Plan and Disclosure Statement will be available online at https://cases.stretto.com/wardmanhotel.. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Plan can be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of the classes who vote on the Plan and/or if the Plan otherwise satisfies applicable legal requirements.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OF IF YOU LOSE YOUR BALLOT, OF IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY PHONE AT 855-462-7622 OR BY EMAIL TO TeamWardmanHotel@stretto.com.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" LINE IS CHECKED OR BOTH THE "ACCEPT" AND "REJECT" LINE IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote**. The undersigned, the holder of a Class 3 (Pacific Life Secured Claim) against the Debtor hereby votes, in the amount set forth below, as follows (check one):

\_\_\_\_\_ Accepts the Plan          \_\_\_\_\_ Rejects the Plan

Amount of Claim $_____

**Item 2. Acknowledgements.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on

behalf of the claimant and make the other elections set forth in this Ballot. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan this Ballot will not be counted.

_____

Name of Creditor

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Federal Tax I.D. No. (Optional)

_____

Date Completed

_____

Street Address

_____

Telephone Number

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1.      On the lines provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date, and return the Ballot by mail, overnight delivery, or courier to the Voting Agent at the following address:

Wardman Hotel Owner Ballot Processing Center
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

2.      **Ballots must be received by the Voting Agent by 4:00 p.m., prevailing Eastern Time, on September 13, 2021 (the "<u>Voting Deadline</u>").**  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  ***Ballots submitted by facsimile or email will not be accepted***.

3.      Please sign and date your Ballot as required in Item 2.  Your signature is required in order for your Ballot to be counted.

4.      If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Plan, unless there is an objection to your claim pending as of September 1, 2021.  The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor, or any other party in interest, in any other context (e.g., the right to contest the amount or validity of any claim for purposes of allowance under the Plan).  If your claim is subject to an objection that was filed by September 1, 2021, in accordance with Bankruptcy Rule 3018, your Ballot will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan.  In order for a claim subject to a timely-filed objection to be temporarily allowed for voting purposes only, you are required to file a motion with the Bankruptcy Court seeking such relief by no later than September 8, 2021.

5.      The following voting procedures apply to your Ballot:

      a.      Except to the extent the Debtor otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Voting Agent in connection with the confirmation of the Plan;

      b.      Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

c.  Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

d.  Any executed Ballot that indicates both an acceptance and rejection of the Plan shall not be counted;

e.  Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f.  The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

g.  Delivery of the original executed Ballot to the Voting Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile, email, or any other electronic means will not be accepted unless otherwise ordered by the Court;

h.  No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

i.  The Debtor expressly reserves the right, subject to the approval of the Court, to amend at any time and from time to time the terms of the Plan (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification).  If the Debtor makes material changes in the terms of the Plan, the Debtor will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Court;

j.  If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k.  If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

l.  The Debtor, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtor may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, which determination shall be final and binding;

n. If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o. Any Holder of a Claim that has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q. Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r. No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

s. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and/or to opt out of the release; and

t. The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

6.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.    **PLEASE RETURN YOUR BALLOT PROMPTLY.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE OR EMAIL.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**BALLOT TO ACCEPT OR REJECT PLAN OF LIQUIDATION**

**CLASS 4 – MARRIOTT CLAIM**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF THE HOLDER OF THE CLASS 4 MARRIOTT CLAIM.  PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.  COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY.
IF THE VOTING AGENT HAS NOT RECEIVED THIS BALLOT BY 4:00 P.M., PREVAILING EASTERN TIME, ON SEPTEMBER 13, 2021 (THE "VOTING DEADLINE"), UNLESS EXTENDED BY THE DEBTOR, IT WILL NOT BE COUNTED. FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 311] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") proposed by the above captioned debtor (the "Debtor").  The Plan is described in the related *Disclosure Statement with Respect to Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 312] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement") approved on an interim basis by order of the United States Bankruptcy Court for the District of Delaware.  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan. Capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

---

[1]  The last four digits of the Debtor's U.S. tax identification number are 9717.  The Debtor's mailing address is 5996 Mitchell Road, #16, Atlanta, GA 30328.

DOCS_DE:235450.9

The Disclosure Statement and Plan provide information to assist you in deciding how to vote your ballot. A copy of the Disclosure Statement and Plan has been provided to you with this Ballot. You can obtain additional copies upon request to the Voting Agent, Stretto, by writing to Wardman Hotel Owner Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 or by phone at 855-462-7622. Copies of the Plan and Disclosure Statement will be available online at https://cases.stretto.com/wardmanhotel.. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Plan can be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each of the classes who vote on the Plan and/or if the Plan otherwise satisfies applicable legal requirements.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OF IF YOU LOSE YOUR BALLOT, OF IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY PHONE AT 855-462-7622 OR BY EMAIL TO TeamWardmanHotel@stretto.com.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" LINE IS CHECKED OR BOTH THE "ACCEPT" AND "REJECT" LINE IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote**. The undersigned, the holder of a Class 4 (Marriott Claim) against the Debtor hereby votes, in the amount set forth below, as follows (check one):

\_\_\_\_\_ Accepts the Plan          \_\_\_\_\_ Rejects the Plan

Amount of Claim $_____

**Item 2. Acknowledgements.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on

behalf of the claimant and make the other elections set forth in this Ballot. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan this Ballot will not be counted.

_____

Name of Creditor

_____

Signature

_____

If by Authorized Agent, Name and Title

_____

Federal Tax I.D. No. (Optional)

_____

Date Completed

_____

Street Address

_____

Telephone Number

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1.      On the lines provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date, and return the Ballot by mail, overnight delivery, or courier to the Voting Agent at the following address:

> Wardman Hotel Owner Ballot Processing Center
> c/o Stretto
> 410 Exchange, Suite 100
> Irvine, CA 92602

2.      **Ballots must be received by the Voting Agent by 4:00 p.m., prevailing Eastern Time, on September 13, 2021 (the "Voting Deadline").**  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  ***Ballots submitted by facsimile or email will not be accepted***.

3.      Please sign and date your Ballot as required in Item 2.  Your signature is required in order for your Ballot to be counted.

4.      If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Plan, unless there is an objection to your claim pending as of September 1, 2021.  The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor, or any other party in interest, in any other context (e.g., the right to contest the amount or validity of any claim for purposes of allowance under the Plan).  If your claim is subject to an objection that was filed by September 1, 2021, in accordance with Bankruptcy Rule 3018, your Ballot will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan.  In order for a claim subject to a timely-filed objection to be temporarily allowed for voting purposes only, you are required to file a motion with the Bankruptcy Court seeking such relief by no later than September 8, 2021.

5.      The following voting procedures apply to your Ballot:

      a.   Except to the extent the Debtor otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Voting Agent in connection with the confirmation of the Plan;

      b.   Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

c.   Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

d.   Any executed Ballot that indicates both an acceptance and rejection of the Plan shall not be counted;

e.   Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f.   The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

g.   Delivery of the original executed Ballot to the Voting Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile, email, or any other electronic means will not be accepted unless otherwise ordered by the Court;

h.   No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

i.   The Debtor expressly reserves the right, subject to the approval of the Court, to amend at any time and from time to time the terms of the Plan (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification).  If the Debtor makes material changes in the terms of the Plan, the Debtor will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Court;

j.   If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k.   If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

l.   The Debtor, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtor may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m.  Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, which determination shall be final and binding;

n.  If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o.  Any Holder of a Claim that has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p.  Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q.  Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

s.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and/or to opt out of the release; and

t.  The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

6.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.    **PLEASE RETURN YOUR BALLOT PROMPTLY.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE OR EMAIL.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) Case No. 21-10023 (JTD) |
| | ) |
| Debtor. | ) |
| | ) |

**BALLOT TO ACCEPT OR REJECT PLAN OF LIQUIDATION**

**CLASS 6 - GENERAL UNSECURED CLAIMS**

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS 4 UNSECURED CLAIMS.  PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.  COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY. IF THE VOTING AGENT HAS NOT RECEIVED THIS BALLOT BY 4:00 P.M., PREVAILING EASTERN TIME, ON SEPTEMBER 13, 2021 (THE "VOTING DEADLINE"), UNLESS EXTENDED BY THE DEBTOR, IT WILL NOT BE COUNTED. FACSIMILE AND EMAIL BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 311] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan") proposed by the above captioned debtor (the "Debtor").  The Plan is described in the related *Disclosure Statement with Respect to Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 312] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware.  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.  Capitalized terms not defined herein shall have the meaning ascribed to such term in the Plan.

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717.  The Debtor's mailing address is 5996 Mitchell Road, #16, Atlanta, GA 30328.

DOCS_DE:235450.9

The Disclosure Statement and Plan provide information to assist you in deciding how to vote your ballot.  A copy of the Disclosure Statement and Plan has been provided to you with this Ballot. You can obtain additional copies upon request to the Voting Agent, Stretto, by writing to Wardman Hotel Owner Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 or by phone at 855-462-7622.  Copies of the Plan and Disclosure Statement will be available online at https://cases.stretto.com/wardmanhotel.. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

The Plan can be confirmed by the Bankruptcy Court, and therefore made binding on you, if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in each class who vote on the Plan and/or if the Plan otherwise satisfies applicable legal requirements.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OF IF YOU LOSE YOUR BALLOT, OF IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE VOTING AGENT BY PHONE AT 855-462-7622 OR BY EMAIL TO TeamWardmanHotel@stretto.com.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEM 1.  IF NEITHER THE "ACCEPT" NOR "REJECT" LINE IS CHECKED OR BOTH THE "ACCEPT" AND "REJECT" LINE IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Class Vote**.  The undersigned, the holder of a Class 5 (General Unsecured Claims) against the Debtor hereby votes, in the amount set forth below, as follows (check one):

\_\_\_\_\_ Accepts the Plan          \_\_\_\_\_ Rejects the Plan

Amount of Claim $_____

**Item 2.  Release.  The undersigned, the holder of a Class 5 General Unsecured Claims against the Debtor hereby elects to opt out of the release set forth in Section VIII.E.2 of the Plan, and further described in the Voting Information and Instructions for Completing the Ballot, below (check if applicable):**

**\_\_\_\_\_ Opts Out of the release provisions n Section VIII.E.2 of the Plan**

**Item 3.  Acknowledgements.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant and make the other elections set forth in this Ballot.  The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, or indicates both an acceptance and rejection of the Plan this Ballot will not be counted.

_____          _____

Name of Creditor                                                    Federal Tax I.D. No. (Optional)


_____          _____

Signature                                                              Date Completed


_____          _____

If by Authorized Agent, Name and Title                   Street Address


                                                                          _____

                                                                          Telephone Number

**VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT**

1.      On the lines provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan.  Complete the Ballot by providing all the information requested and sign, date, and return the Ballot by mail, overnight delivery, or courier to the Voting Agent at the following address:

Wardman Hotel Owner Ballot Processing Center
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602

**Ballots must be received by the Voting Agent by 4:00 p.m., prevailing Eastern Time, on September 13, 2021 (the "Voting Deadline").**  If a Ballot is received after the Voting Deadline, it will not be counted.  An envelope addressed to the Voting Agent is enclosed for your convenience.  ***Ballots submitted by facsimile or email will not be accepted.***

2.      In Item 2, you may elect to opt out of the Release set forth in Section VIII.E.2 of the Plan.  The Plan provides the following release, injunction, and limitation of liability provisions, which may affect your rights, and are copied below:

**Exculpation:  The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken after the Petition Date in connection with or related to the Chapter 11 Case, the sale of the Debtor's assets (including, without limitation the sale of the assets pursuant to the Sale Order) or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; *provided, however*, that this limitation will not affect or modify the obligations created under this Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); *provided* that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under this Plan, and such reasonable reliance shall form an absolute defense to any such claim, Cause of Action, or liability.  Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code.  Except as specifically set forth in Section VIII.E below, no provision of this Plan or the Disclosure Statement shall be deemed to act to or release any claims, Causes of Action, claims or rights, or liabilities that the Liquidating Trust or the Estate may have against any Entity or person for any act, omission, or failure to act that occurred prior to the**

Petition Date, nor shall any provision of this Plan be deemed to act to release any Causes of Action and litigation claims.

**Injunction**:  In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Equity Interests in the Debtor, the Liquidating Trust, or the Estate that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets, the Debtor, or the Estate with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets, the Debtor, or the Estate with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, the Estate, or the Liquidating Trust, or any of the Liquidating Trust Assets, the Debtor, or the Estate with respect to any such Claim or Interest; (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest, including without limitation, any act taken in violation of Section VIII.E.2 against any of the Released Parties with respect to any matters released under this Plan in favor of such Released Parties.   Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of this Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtor or the Liquidating Trust under this Plan.

**Debtor Release**:  Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor and its estate shall release each Released Party, and each Released Party is deemed released by the Debtor and the estate from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor or its estate, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor or the estate would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the transactions made by or contemplation under the Sale Order, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in

the Plan, the business or contractual arrangements between any Debtor and any Released Party, the treatment of Claims and Equity Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Petition Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct, or gross negligence; *provided*, that the foregoing Debtor Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan. For avoidance of doubt, the foregoing Debtor Release does release any of the Debtor's claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities with respect to the *Wardman Tower Residential Condominium Unit Owners Association v. JBG Smith Properties, et al* action currently pending in the Superior Court of the District of Columbia under Case No. 2020 CA 004807. Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good faith settlement and compromise of the Claims released by the Debtor Release; (c) in the best interests of the Debtor and all Holders of Claims and Equity Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtor or its estate asserting any Claim or Cause of Action released pursuant to the Debtor Release.

**Third Party Release**: On, and as of, the Effective Date and for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Released Parties shall be forever released (the "**Third Party Release**") from any and all claims, obligations, actions, suits, rights, debts, accounts, causes of action, remedies, avoidance actions, agreements, promises, damages, judgments, demands, defenses, and liabilities throughout the world under any law or court ruling through the Effective Date (including all claims based on or arising out of factors or circumstances that existed as of or prior to the Effective Date, including claims based on negligence or strict liability, and further including any derivative claims asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise) which the Debtor, its estate, Creditors, or other persons receiving or who are entitled to receive distributions under the Plan may have against any of them in any way related to this Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Petition Date, and related to the Debtor (or its predecessors), its business and/or its assets; *provided however* that the foregoing releases are granted only by the (a) Creditors who returned a Ballot and did not check the opt-out box on the Ballot; and (b) Creditors who were sent a solicitation package, but either (i) did not vote; or (ii) did not return a Ballot with the opt-out box checked; *provided however* that the release provided in this section shall not apply to any Creditor in category (b) above if the solicitation package was returned to the Debtor as undelivered and that such Creditor did

**not otherwise submit a Ballot; and provided further, however, that the release provided in this Section shall not extend to any claims by any Governmental Unit with respect to criminal liability under applicable law, willful misconduct or bad faith under applicable law, ultra vires acts under applicable law, or a Creditor's claims against Marriott solely based upon such Creditor's direct contractual rights, if any, against Marriott.  For avoidance of doubt, Pacific Life and Marriott shall be deemed to have granted the Third Party Release.**

3.       Please sign and date your Ballot as required in Item 3.  Your signature is required in order for your Ballot to be counted.

4.       If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Plan, unless there is an objection to your claim pending as of September 1, 2021.  The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor, or any other party in interest, in any other context (e.g., the right to contest the amount or validity of any claim for purposes of allowance under the Plan).  If your claim is subject to an objection that was filed by September 1, 2021, in accordance with Bankruptcy Rule 3018, your Ballot will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan.  In order for a claim subject to a timely-filed objection to be temporarily allowed for voting purposes only, you are required to file a motion with the Bankruptcy Court seeking such relief by no later than September 8, 2021.  As noted above, your claim may still be subject to an objection, after voting, or after confirmation of the Plan, in accordance with the provisions of the Plan.

5.       The following voting procedures apply to your Ballot:

      a.    Except to the extent the Debtor otherwise determines, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Voting Agent in connection with the confirmation of the Plan;

      b.    Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan.  If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

      c.    Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

      d.    Any executed Ballot that indicates both an acceptance and rejection of the Plan shall not be counted;

e.  Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f.  The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

g.  Delivery of the original executed Ballot to the Voting Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile, email, or any other electronic means will not be accepted unless otherwise ordered by the Court;

h.  No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

i.  The Debtor expressly reserves the right, subject to the approval of the Court, to amend at any time and from time to time the terms of the Plan (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification).  If the Debtor makes material changes in the terms of the Plan, the Debtor will disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by the Court;

j.  If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k.  If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

l.  The Debtor, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtor may, in their discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m.  Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor, which determination shall be final and binding;

n.  If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o.  Any Holder of a Claim that has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p.  Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q.  Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.  No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

s.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and/or to opt out of the release; and

t.  The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

6.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.    **PLEASE RETURN YOUR BALLOT PROMPTLY.  THE VOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE OR EMAIL.**