## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C.[1] | Case No. 21-10023 (JTD) |
| Debtor. | Hearing Date: TBD<br>Objection Deadline: September 17, 2021 at 4:00 p.m. |

**APPLICATION OF DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. §§ 503(a) AND 503(b)(1)(A)**

NOW COMES District of Columbia Water and Sewer Authority ("DC Water"), a creditor and party-in-interest herein, pursuant to 11 U.S.C. §§ 503(a) and 503(b)(1)(A), and hereby requests entry of an Order: (i) allowing DC Water's administrative expense claim in the amount of $139,083.01 for post-petition utility charges (subject to adjustment based on date of payment and use of additional services); (ii) compelling immediate payment thereof; and (iii) deeming the requested relief timely filed (the "Application"). In support of this Application, DC Water respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over the subject matter of this Application pursuant to 28 U.S.C. §§157(b) and 1334(b).

2. Venue before this Court is proper pursuant to 28 U.S.C. § 1408.

3. The statutory predicate for the relief sought herein is 11 U.S.C. §§ 503(a) and 503(b)(1)(A).

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (B).

---

[1] The last four digits of the taxpayer identification number for the Debtor is 9717. The mailing address for the Debtor is 5035 Riverview Road, NW, Atlanta, Georgia 30327.

5. In accordance with Del. Bankr. L.R. 9013-1(h), Movant consents to the entry of final orders and judgments in this matter by the Court, if it is later determined that the Court is not otherwise authorized to do so pursuant to Article III of the U.S. Constitution.

## BACKGROUND

6. On January 11, 2021 (the "Petition Date"), the above-referenced Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

7. The Debtor was the sole owner of real property located in Woodley Park, Washington, D.C. The property was formerly operated as the Washington Marriott Wardman Park Hotel (the "Hotel"), a convention hotel.

8. The Debtor was operating its business as a debtor in possession pursuant to section 1107 of the Bankruptcy Code.

9. To maintain its property, the Debtor used various types of utility services, including water and sewer services provided by DC Water and measured by separate meters corresponding to two separate accounts with DC Water (Account Nos. 20073-3 and 78848-9).

10. On February 5, 2021, the Court entered the *Final Order Establishing Adequate Assurance Procedures with Respect to the Debtor's Utility Providers* (the "Utility Provider Adequate Assurance Order"). Pursuant to that order, no utility company -- including DC Water -- may "alter, refuse, terminate or discontinue utility services to" the Debtor. DC Water has continued dutifully to provide uninterrupted water and sewer services pursuant to the Utility Provider Adequate Assurance Order.

11. The Debtor, however, has failed to pay post-petition water and sewer charges in the amount of $139,083.01 (the "Administrative Expense Claim").[2] Invoices reflecting the incurred utility charges are attached hereto as **Exhibit A**. The Administrative Expense Claim, summarized in the tables below, increases every day:

Account No. 20073-3
2660 Woodley Road NW

| Bill Date | Total Amount Due |
|---|---|
| 2/4/21 | $28,611.76 |
| 2/27/21 | $41,309.74 |
| 3/31/21 | $53,830.41 |
| 5/5/21 | $67,271.23 |
| 6/2/21 | $80,936.82 |
| 7/1/21 | $95,580.04 |
| 8/3/21 | $113,174.46 |

Account No. 78848-9
2660 Woodley Road NW

| Bill Date | Total Amount Due |
|---|---|
| 1/31/21 | $39,751.68 |
| 2/24/21 | $51,425.95 |
| 3/25/21 | $67,820.30 |
| 4/23/21 | $57,487.80 |
| 5/28/21 | $49,123.82 |
| 6/23/21 | $3,666.30 |
| 7/27/21 | $25,908.55 |

12. On April 27, 2021, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (V) Approving the Form of and Manner for Filing Proofs of Claim, (VI) Approving Notice of Bar Dates, and (VII) Granting Related Relief* (the "Bar

---

[2] Subject to adjustment based on date of payment and use of additional services.

Date Order") (D.I. 208). The Bar Date Order established June 30, 2021 as the deadline for filing administrative expense claims arising prior to May 1, 2021.

13. On July 20, 2021, the Debtor conducted an auction of the Hotel's assets. At the conclusion of the auction, the Debtor declared Carmel Partners Realty VII, LLC the successful bidder.

14. On July 22, 2021, following a telephonic hearing, the Court approved the Debtor's asset purchase agreement and authorized the sale of the Debtor's assets outside the ordinary course of business and free and clear of liens, claims, rights, encumbrances, and other interests for the purchase price of one-hundred fifty-two million and two-hundred fifty thousand dollars ($152,250,000.00).

15. On August 18, 2020, the Debtor filed *Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") and *Disclosure Statement with Respect to Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"). Pursuant to the Plan and Disclosure Statement, administrative claims in the estimated amount of $241,000 are slated to be paid in full on the Effective Date of the Plan.

## BASIS FOR RELIEF REQUESTED

**A.    DC Water is Entitled to Allowance of Administrative Expenses Under 11 U.S.C. § 503(b)(1)(A)**

16. By this Application, DC Water requests entry of an Order allowing and directing the Debtor to pay, within ten (10) days of the entry of such Order, the Administrative Expense Claim in the amount of $139,083.01,[3] as reconciled through the date payment is received.

---

[3] The aggregate claim amount is based on two invoices: one issued on July 27, 2021 in the amount of $25,908.55 ($28,132.78 if not paid by August 26, 2021), and the other issued on August 3, 2021 in the amount of $113,174.46 ($114,896.23 if not paid by September 2, 2021). *See* Exhibit A.

17. Section 503(b)(1)(A) of the Bankruptcy Code provides that "[a]fter notice and a hearing, there *shall* be allowed, administrative expenses . . . including . . . the actual and necessary costs and expenses of preserving the estate . . . ." The statute is mandatory. 11 U.S.C. § 503(b)(1)(A) (emphasis supplied).

18. Courts have held that the contract rate charged by a utility for service is presumptively the actual and necessary cost of preserving the estate. *In re Sharon Steel Corp.*, 79 B.R. 627 (Bankr. W.D. Pa. 1987), *aff'd*, 872 F2d. 36 (3d Cir. 1989). Here, the retail rates for metered water service ($4.65 per 100 cubic feet of water use) and sanitary sewer service ($9.77 per 100 cubic feet of water use) and the Clean Rivers Impervious Area Charge ($19.52 monthly charge per 1,000 square feet of impervious surface area) reflect the value of the benefit conferred. *See* 21 DCMR 4100.3 (Rates for Water Service), 4101.1 (Rates and Charges for Sewer Service).

**B.    DC Water is Entitled to Immediate Payment of its Allowed Administrative Expense Claim**

19. The decision of whether to compel immediate payment lies within the discretion of the Court. *See In re Garden Ridge Corp.,* 323 B.R. 136, 143 (Bankr. D. Del. 2005); *In re HQ Global Holdings, Inc.,* 282 B.R. 169, 173 (Bankr. D. Del. 2002). In making this determination, the Court considers prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors. *HQ Global Holdings, Inc.*, 282 B.R. at 174.

20. Here, there will be no prejudice to the Debtor if the Court requires it immediately to pay DC Water's Administrative Expense Claim because the Debtor's Plan provides for full payment of administrative expense claims in any event. There is no indication that Debtor's estate is at risk of administrative insolvency. If there were, longstanding Delaware precedent would require a secured lender who comes into this Court to liquidate its assets instead of foreclosing upon them via the state court system to "pay-the-freight" in exchange for that privilege. Paying

the freight generally requires paying administrative expense claims in full. *See, e.g.*, *In re NEC Holdings Corp.*, Case No. 10-11890 (PJW), Trans. of Jul. 13, 2010 at pp. 100–01 ("They've got to pay the freight, and the freight is . . . certainly an administratively solvent estate. And while there's not a guarantee, there has to be something other than a wing and a prayer on the payment of the admin claims."). Thus, neither the Debtor nor other creditors will be harmed by entry of any order requiring immediate payment.

21.    On the other hand, the prejudice to DC Water is palpable. The Debtor's Utility Provider Adequate Assurance Order is woefully inadequate at providing DC Water with the adequate assurance of payment that it purports to provide because the amount set aside for DC Water ($20,300.50) is but 14% of its Administrative Expense Claim. Moreover, the Utility Provider Adequate Assurance Order fails to provide the Debtor with authority to reallocate adequate assurance funds earmarked for other utility providers to DC Water's account. And even if it did, the Utility Provider Adequate Assurance Order fails to designate any procedure by which DC Water may seek to unlock those funds so it could receive the sum of $20,300.50 as a small partial payment. Yet the Debtor has continued to benefit from DC Water's utility services post-petition, all the while failing to pay the charges due and owing. It is unfair for the Court to require DC Water to fund the administration of the Debtor's bankruptcy case.

22.    The Debtor has doubtless benefited from the services DC Water has provided because they have enabled Debtor to continue to operate its business post-petition.

23.    Based on the foregoing, DC Water is entitled to allowance and immediate payment of the Administrative Expense Claim for utilities owing from the post-petition period.

    **C.**    **DC Water Has Established Cause Under 11 U.S.C. § 503(a) to Have its Claim Deemed Timely Filed**

24. DC Water's tardiness in filing the instant Application should be permitted pursuant to section 503(a) of the Bankruptcy Code, which provides that "[a]n entity may timely file a request for payment of an administrative expense, *or may tardily file such request if permitted by the court for cause*." 11 U.S.C. § 503(a) (emphasis supplied).

25. Here, DC Water was unaware of the pendency of the Bar Date before mid-July, whereupon it moved expeditiously to advise the Debtor of the situation.

26. Despite Debtor's April 30, 2021 certification (D.I. 212) that DC Water was served with a copy of the *Notice of Deadlines for the Filing of (I) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code, (II) Administrative Claims, and (III) Rejection Damages Claims* (the "Notice"), DC Water is unable to find any evidence that the Notice was actually received. The affidavits of two of its employees, Michelle Flowers and Denise Page, are attached hereto as **Exhibits B** and **C**, respectively.

27. Under the common law "mailbox rule," if a document "properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed . . . that it reached its destination at the regular time, and was received by the person to whom it was addressed." *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884); *Phila. Marine Trade Ass'n.-Int'l Longshoremen's Ass'n Pension Fund v. C.I.R.*, 523 F.3d 140, 147 (3d Cir. 2008). However, whereas a "strong presumption" of receipt applies when notice is sent by certified mail, because it creates actual evidence of delivery in the form of a receipt, *Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274, 279 (3d Cir. 2007), a "weaker presumption" arises where, as here, notice is sent via regular mail, for which no receipt or other proof of delivery is generated. *Id.*

28.     As Ms. Flowers' and Ms. Page's affidavits state, DC Water's routine business practice is to log incoming mail. The Third Circuit has recognized that the absence of an entry in a mail log near the time that mail would likely have arrived can establish that mail was not received. *Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314, 322 (3d Cir. 2014) (citing *U.S. v. Dawson*, 608 F.2d 1038, 1040 (5th Cir.1979) (where evidence demonstrates that mail is logged in immediately upon receipt from the mail carrier, non-logging can "be equated with nonreceipt")).

29.     Here, the Certificate of Service (D.I. 212) indicates that the Notice was mailed to DC Water via First Class Mail; no specific addressee is identified. Ms. Flowers' and Ms. Page's sworn statements attest to the fact that: (a) they would have been in the chain of transmission had the Notice been received at DC Water's Canal Street address (1385 Canal Street SE, Washington, DC 20003); (b) the Notice would have been logged in their department's respective electronic databases; and (c) they personally confirmed that the Notice had not been logged, thus indicating that it had not been received. These statements are sufficient to rebut the "weaker presumption" that the Notice was received by DC Water via regular mail. *See Santana Gonzalez*, 506 F.3d at 279; *Lupyan*, 761 F.3d at 322.

30.     Here, where DC Water acted within three weeks of the Bar Date to advise Debtor of this situation, and where the Plan provides for full payment of administrative claims, "the lack of any prejudice to the debtor or to the interests of efficient judicial administration, combined with the good faith of [DC Water] and [its] counsel, weigh strongly in favor of permitting the tardy claim." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 397–98 (1993); *see also In re Bluestem Brands, Inc.*, No. 20-10566 (MFW), 2021 WL 3174911, at *3 (Bankr. D. Del. Jul. 27, 2021) (finding length of delay of two to five months between the administrative claims bar date and the filing of vendors' motions insufficient to warrant denying them).

## RESERVATION OF RIGHTS

31. DC Water fully reserves all rights, including, without limitation, the right to seek allowance and payment of further amounts due pursuant to sections 503(a) and 503(b)(1)(A) of the Bankruptcy Code if it later discovers additional post-petition charges due and owing.

## CONCLUSION

WHEREFORE, DC Water respectfully requests the entry of an Order, in substantial conformity with the proposed from of Order annexed hereto:

    a.    Granting this Application;

    b.    Deeming DC Water's Administrative Expense Claim timely filed;

    c.    Allowing DC Water's Administrative Expense Claim in the amount of $139,083.01, subject to adjustment based on date of payment and additional usage;

    d.    Directing the immediate payment of such allowed claim within ten (10) days of the entry of the Order; and

    e.    Granting DC Water such other and further relief as is just and proper.

| | |
|---|---|
| Dated: August 27, 2021<br>Wilmington, Delaware | **SULLIVAN • HAZELTINE • ALLINSON** LLC<br><br>*/s/ E.E. Allinson III*<br>Elihu E. Allinson, III (No. 3476)<br>919 North Market Street, Suite 420<br>Wilmington, DE 19801<br>Tel: (302) 428-8191<br>Fax: (302) 428-8195<br>Email: zallinson@sha-llc.com<br><br>-and- |

**CARLTON FIELDS, P.A.**
Emil Hirsch (*pro hac vice*)
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC 20007-5208
Tel: (202) 965-8100
Fax: (202) 965-8104
Email: ehirsch@carltonfields.com

*Counsel for the District of Columbia
Water and Sewer Authority*