# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |
| | ) | **Docket Ref. No. 314** |

**ORDER (I) GRANTING INTERIM APPROVAL OF THE DISCLOSURE STATEMENT; (II) SCHEDULING A PLAN CONFIRMATION HEARING AND APPROVING DEADLINES RELATED THERETO; (III) APPROVING SOLICITATION PACKAGES AND PROCEDURES; (IV) APPROVING THE FORM OF BALLOT; AND (V) GRANTING RELATED RELIEF**

Upon the *Debtor's Motion for Entry of an Order (I) Granting Interim Approval of the Disclosure Statement; (II) Scheduling a Plan Confirmation Hearing and Approving Deadlines Related Thereto; (III) Approving Solicitation Packages and Procedures; (IV) Approving the Form of Ballot; and (I) Granting Related Relief* (the "Motion");[2] and based on the record in this chapter 11 case; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate,

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5996 Mitchell Road, #16, Atlanta, GA 30328.

[2] Capitalized Terms not defined herein shall have the meanings ascribed to them in the Motion, Plan, or Disclosure Statement, as applicable.

DOCS_DE:235450.11 92203/001

its creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Disclosure Statement is approved on an interim basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code. Any objections to the adequacy of the information contained in the Disclosure Statement are expressly reserved for consideration at the Combined Hearing (as defined below).

3. The form of Combined Hearing Notice and the forms of Non-Voting Notices are approved in all respects.

4. The forms of Ballots are approved in all respects.

5. **September 2, 2021** is established as the Voting Record Date for the purposes of determining the creditors and equity Interest Holders entitled to receive the Solicitation Package or the Non-Voting Notices and to vote on the Plan.

6. The Solicitation Packages and Non-Voting Notices shall be sent for distribution by email or overnight mail not later than **September 2, 2021**.

7. Any Plan Supplement must be filed with this Court not later than **September 2, 2021**.

8. Ballots must be received by the Voting Agent (either by hard copy or submission of an E-Ballot through the Voting Agent's online voting portal) on or before

**September 13, 2021 at 4:00 p.m. (Eastern Time)** ("Voting Deadline") in accordance with the instructions on the Ballot, unless extended by the Debtor in writing.

5. The following voting procedures shall apply to the counting of the Ballots:

    a. Except to the extent the Debtor otherwise determines, or as permitted by this Court, Ballots received after the Voting Deadline will not be accepted or counted by the Voting Agent in connection with the confirmation of the Plan;

    b. Claims shall not be split for purposes of voting; thus, each Creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on its Ballot, such Ballot will not be counted for voting purposes;

    c. Any executed Ballot that does not indicate an acceptance or rejection shall not be counted;

    d. Any executed Ballot that indicates both an acceptance and rejection of the Plan shall not be counted;

    e. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

    f. The method of delivery of Ballots to be sent to the Voting Agent is at the election and risk of each Holder of a Claim, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent or an E-Ballot is submitted via the online voting portal;

    g. Delivery of the original executed Ballot to the Voting Agent or submission of an E-Ballot through the online voting portal on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email, or any other electronic means (other than the online voting portal) will not be accepted unless otherwise ordered by the Court;

    h. No Ballot sent to the Debtor, or the Debtor's financial or legal advisors, shall be accepted or counted;

    i. The Debtor shall retain the right, subject to the approval of the Court, to amend at any time and from time to time the terms of the Plan (subject to compliance with Section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification). If the Debtor makes material changes in the terms of the Plan, the Debtor shall disseminate additional solicitation materials and will extend the solicitation deadline, in each case to the extent directed by this Court;

j. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person shall indicate such capacity when signing and, if requested by the Debtor, must submit proper evidence, satisfactory to the Debtor, of such person's authority to so act in such capacity;

l. The Debtor, subject to contrary order of this Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtor may, in its discretion, reject any such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m. Unless otherwise ordered by this Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtor;

n. If designation of a Claim is requested under § 1126(e), any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o. Any Holder of a Claim that has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p. Unless waived or as otherwise ordered by this Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by this Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q. Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r. No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting Ballots to accept the Plan;

s. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and/or to opt out of the release; and

4

    t.    The Ballot does not constitute, and shall not be deemed to be, a proof of Claim or an assertion or admission of a Claim or Equity Interest.

9. The claim of any creditor subject to an objection filed by the Voting Record Date shall not be counted for purpose of voting to accept or reject the Plan unless the Court temporarily allows such claim for voting.  Notwithstanding the above, the Debtor shall provide a Solicitation Package with Ballot to all creditors who filed a proof of claim in this case.

10. If any claimant seeks to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), such claimant is required to file a motion (the "3018 Motion") for such relief no later **September 13, 2021**.  The deadline for any party in interest to object to any 3018 Motion is **September 15, 2021**.  Any such 3018 Motion may be resolved by agreement between the Debtor and the movant without the requirement for further order or approval of the Court.

11. As to any creditor filing a 3018 Motion, such creditor's Ballot shall not be counted unless temporarily allowed by the Court for voting purposes after notice and a hearing, either at or prior to the Combined Hearing.

12. Objections to the adequacy of the Disclosure Statement or confirmation of the Plan must be in writing, must conform to the Bankruptcy Rules, must set forth the name of the objector, the nature and amount of Claims or Interests held or asserted by the objector against the Debtor, the basis for the objection and the specific grounds of the objection, and must be filed with the Bankruptcy Court, together with proof of service thereof, and served upon: (i) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com)); (ii) counsel to the DIP Lender, Alston & Bird LLP (Attn: David Wender, Esq. (david.wender@alston.com), Grant Stein, Esq. (grant.stein@alston.com)) and

Klehr Harrison Harvey Branzburg LLP (Attn: Dominic E. Pacitti, Esq. (dpacitti@klehr.com)); and (iii) the Office of The United States Trustee (Attn: Linda J. Casey, Esq. (linda.casey@usdoj.gov)) in a manner as will cause such objection to be received by all such parties on or before **September 15, 2021, at 4:00 p.m. (Eastern Time)**. Any objections not filed and served as set forth above will not be considered by the Court.

13. Any party supporting the Plan may file a reply to any objection to confirmation of the Plan by **September 17, 2021**.

14. The Plan voting certification shall be filed by **September 17, 2021**.

15. A hearing shall be held before this Court on **September 20, 2021, at 1:00 p.m. (prevailing Eastern Time)** or as soon thereafter as counsel can be heard, to consider confirmation of the Plan (the "Combined Hearing") at the United States Bankruptcy Court for the District of Delaware, before the Honorable Judge John T. Dorsey in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom No. 5, Wilmington, DE 19801.

16. The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtor will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and on any parties that have filed objections to approval of the Disclosure Statement or confirmation of the Plan.

17. The Debtor is authorized to take any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

18. This Court shall retain jurisdiction over all matters related to or arising from the Motion or the interpretation or implementation of this Order.

**Dated: September 1st, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

7