**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) ) ) | Case No. 21-10023 (JTD) |
| Debtor. | ) ) |  |

**NOTICE OF (I) CONDITIONAL APPROVAL OF
DISCLOSURE STATEMENT; (II) HEARING TO CONSIDER CONFIRMATION
OF THE PLAN; (III) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION
OF THE PLAN; (IV) DEADLINE FOR VOTING ON THE PLAN; AND (V) BAR DATE
FOR FILING ADMINISTRATIVE CLAIMS ESTABLISHED BY THE PLAN**

> **PLEASE READ THE FOLLOWING NOTICE CAREFULLY.**
>
> **THE PLAN PROVIDES RELEASE, INJUNCTION, AND LIMITATION OF LIABILITY PROVISIONS FOR THE DEBTOR AND CERTAIN THIRD PARTIES, WHICH MAY AFFECT YOUR RIGHTS. THE RELEASES ARE PROVIDED IN SECTION VIII OF THE PLAN AND COPIED BELOW.**
>
> **IF YOU ARE ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, YOU WILL ALSO RECEIVE A BALLOT IN ADDITION TO THIS NOTICE. THE BALLOT WILL ALLOW YOU TO VOTE ON THE PLAN AND OPT OUT OF CERTAIN OF THE RELEASES PROPOSED BY THE PLAN. PLEASE SEE THE INSTRUCTIONS INCLUDED WITH THE BALLOT FOR VOTING OPTIONS.**

To: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtor's known creditors on their creditor matrix, including, among others, all of their trade creditors, taxing authorities, any governmental authority with whom the company conducts business, banks, UCC-1 lien holders, other secured creditors, litigants, counterparties to contracts; (c) the Internal Revenue Service; (d) the holders of equity interests; and (e) any part requesting special notice pursuant to Bankruptcy Rule 2002

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On January 11, 2021 (the "Petition Date"), the above captioned debtor and debtor in possession (the "Debtor") commenced its case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5996 Mitchell Road, #16, Atlanta, GA 30328.

DOCS_DE:235836.2 92203/001

has continued to operate and manage its businesses as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## THE PLAN AND DISCLOSURE STATEMENT

2. On August 18, 2021, the Debtor filed the *Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, [Docket No. 311] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Plan")[2] and the *Disclosure Statement with Respect to Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 312] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement") providing information with respect to the Plan.

## CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT

3. By an Order dated September 1, 2021, (the "Interim Disclosure Statement Order"), the Bankruptcy Court conditionally approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of Bankruptcy Code. The Interim Disclosure Statement Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosure Statement.

## VOTING FOR THE PLAN

4. The claim of any creditor subject to an objection filed by September 2, 2021 (the "Voting Record Date") shall not be counted for purpose of voting to accept or reject the Plan unless the Court temporarily allows such claim for voting. If any claimant seeks to have a claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a), such claimant is required to file a motion (the "3018 Motion") for such relief no later **September 13, 2021**.

5. By the Interim Disclosure Statement Order, the Court established **September 15, 2021 at 5:00 p.m. (prevailing Eastern Time)** (the "Voting Deadline") as the deadline by which ballots accepting or rejecting the Plan must be received. To be counted, your original ballot must actually be **received** on or before the Voting Deadline by the Voting Agent at the following address:

Wardman Hotel Owner Ballot Processing Center<br>
c/o Stretto<br>
410 Exchange, Suite 100<br>
Irvine, CA 92602

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

6.  Alternatively, to submit your Ballot via the Voting Agent's online balloting portal, visit https://cases.stretto.com/wardman.  Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.

### DISCLOSURE STATEMENT AND PLAN CONFIRMATION HEARING

7.  On **September 20, 2021 at 1:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable John T. Dorsey in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 5, Wilmington, DE 19801 to consider final approval of the Disclosure Statement and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

8.  The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtor will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and on any parties that have filed objections to approval of the Disclosure Statement or confirmation of the Plan. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

### ADMINISTRATIVE CLAIM BAR DATE

9.  Article II.B of the Plan sets a Bar Date for the filing of Administrative Claims arising on or after June 1, 2021, as sixty (60) days after the Effective Date.

### INJUNCTIONS, RELEASES, AND DISCHARGE

10. Articles VIII. D, E and F of the Plan contain the release and exculpation provisions set forth below:

**Exculpation**:  **The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken after the Petition Date in connection with or related to the Chapter 11 Case, the sale of the Debtor's assets (including, without limitation the sale of the assets pursuant to the Sale Order) or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan; *provided, however*, that this limitation will not affect or modify the obligations created under this Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction); *provided* that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under this Plan, and such reasonable reliance shall form an absolute defense to any such claim, Cause of Action, or liability.  Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the**

3

**Bankruptcy Code. Except as specifically set forth in Section VIII.E below, no provision of this Plan or the Disclosure Statement shall be deemed to act to or release any claims, Causes of Action, claims or rights, or liabilities that the Liquidating Trust or the Estate may have against any Entity or person for any act, omission, or failure to act that occurred prior to the Petition Date, nor shall any provision of this Plan be deemed to act to release any Causes of Action and litigation claims.**

**Injunction: In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Equity Interests in the Debtor, the Liquidating Trust, or the Estate that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets, the Debtor, or the Estate with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets, the Debtor, or the Estate with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, the Estate, or the Liquidating Trust, or any of the Liquidating Trust Assets, the Debtor, or the Estate with respect to any such Claim or Interest; (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest, including without limitation, any act taken in violation of Section VIII.E.2 against any of the Released Parties with respect to any matters released under this Plan in favor of such Released Parties. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of this Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtor or the Liquidating Trust under this Plan.**

**Debtor Release: Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor and its estate shall release each Released Party, and each Released Party is deemed released by the Debtor and the estate from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor or its estate, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor or the estate would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation,**

4

the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the transactions made by or contemplation under the Sale Order, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the treatment of Claims and Equity Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Petition Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct, or gross negligence; provided, that the foregoing Debtor Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.  For avoidance of doubt, the foregoing Debtor Release does release any of the Debtor's claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities with respect to the *Wardman Tower Residential Condominium Unit Owners Association v. JBG Smith Properties, et al* action currently pending in the Superior Court of the District of Columbia under Case No. 2020 CA 004807.  Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good faith settlement and compromise of the Claims released by the Debtor Release; (c) in the best interests of the Debtor and all Holders of Claims and Equity Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtor or its estate asserting any Claim or Cause of Action released pursuant to the Debtor Release.

**Third Party Release**:  On, and as of, the Effective Date and for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Released Parties shall be forever released (the "**Third Party Release**") from any and all claims, obligations, actions, suits, rights, debts, accounts, causes of action, remedies, avoidance actions, agreements, promises, damages, judgments, demands, defenses, and liabilities throughout the world under any law or court ruling through the Effective Date (including all claims based on or arising out of factors or circumstances that existed as of or prior to the Effective Date, including claims based on negligence or strict liability, and further including any derivative claims asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise) which the Debtor, its estate, Creditors, or other persons receiving or who are entitled to receive distributions under the Plan may have against any of them in any way related to this Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Petition Date, and related to the Debtor (or its predecessors), its business and/or its assets; *provided however* that the foregoing releases are granted only by (a) Creditors who returned a Ballot and did not check the opt-out box on

5

**the Ballot; and (b) Creditors who were sent a solicitation package, but either (i) did not vote; or (ii) did not return a Ballot with the opt-out box checked;** *provided however* **that the release provided in this section shall not apply to (A) any Creditor whose Claim is not Allowed either in whole or in part; or (B) any Creditor in category (b) above if the solicitation package was returned to the Debtor as undelivered and that such Creditor did not otherwise submit a Ballot; and provided further, however, that the release provided in this Section shall not extend to any claims by any Governmental Unit with respect to criminal liability under applicable law, willful misconduct or bad faith under applicable law, ultra vires acts under applicable law, or a Creditor's claims against Marriott solely based upon such Creditor's direct contractual rights, if any, against Marriott.  For avoidance of doubt, Pacific Life and Marriott shall be deemed to have granted the Third Party Release.**

### DEADLINE FOR OBJECTIONS TO APPROVAL OF THE DISCLOSURE STATEMENT OR CONFIRMATION OF THE PLAN

11. Objections, if any, to approval of the Disclosure Statement or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, Wilmington, DE 19801 together with proof of service **on or before September 15, 2021 at 5:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtor's chapter 11 case; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com)); (ii) counsel to the DIP Lender, Alston & Bird LLP (Attn: David Wender, Esq. (david.wender@alston.com), Grant Stein, Esq. (grant.stein@alston.com)) and Klehr Harrison Harvey Branzburg LLP (Attn: Dominic E. Pacitti, Esq. (dpacitti@klehr.com)); and (iii) the Office of The United States Trustee (Attn:  Linda J. Casey, Esq. (linda.casey@usdoj.gov)).

### COPIES OF THE PLAN AND DISCLOSURE STATEMENT

12. If you wish to receive copies of the Plan and/or Disclosure Statement, they will be provided, as quickly as practicable, upon request to the Voting Agent, Stretto, by writing to Wardman Hotel Owner Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 or by phone at 855-462-7622.  Copies of the Plan and Disclosure Statement will be available online at https://cases.stretto.com/wardmanhotel. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

IF YOU HAVE ANY QUESTIONS REGARDING YOUR CLAIM OR THE VOTING PROCEDURES, OR IF YOU NEED A BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AS SET FORTH ABOVE.

| | |
|---|---|
| Dated: September 2, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Laura Davis Jones* |
| | Laura Davis Jones (Bar No. 2436) |
| | David M. Bertenthal (CA Bar No. 167624) |
| | Timothy P. Cairns (Bar No. 4228) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware 19899-8705 (Courier 19801) |
| | Telephone: 302-652-4100 |
| | Facsimile: 302-652-4400 |
| | Email: ljones@pszjlaw.com |
| | dbertenthal@pszjlaw.com |
| | tcairns@pszjlaw.com |
| | |
| | Counsel to the Debtor and Debtor in Possession |