**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) ) ) | Case No. 21-10023 (JTD) |
| Debtor. | ) ) ) |  |

**NOTICE OF NON-VOTING STATUS DUE TO NO RECOVERY AND
(I) CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT, (II) HEARING
TO CONSIDER CONFIRMATION OF THE PLAN, (III) DEADLINE FOR FILING
OBJECTIONS TO CONFIRMATION OF THE PLAN, AND (IV) BAR DATE FOR
FILING ADMINISTRATIVE CLAIMS ESTABLISHED BY THE PLAN**

To: Holders of Class 6 – Equity Security Interests.

---

**PLEASE READ THE FOLLOWING NOTICE CAREFULLY.**

**THE PLAN PROVIDES RELEASE, INJUNCTION, AND LIMITATION OF LIABILITY PROVISIONS FOR THE DEBTOR AND CERTAIN THIRD PARTIES, WHICH MAY AFFECT YOUR RIGHTS. THE RELEASES ARE PROVIDED IN SECTION VIII OF THE PLAN AND COPIED BELOW.**

---

**PLEASE TAKE NOTICE THAT:**

1. On January 11, 2021 (the "Petition Date"), the above captioned debtor and debtor in possession (the "Debtor") commenced its case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property and has continued to operate and manage its businesses as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Additional information regarding the Debtor and this case, including the Debtor's businesses, corporate structure, financial condition, and the reasons for and objectives of this case, are set forth in the *Declaration of James D. Decker in Support of Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), filed on the Petition Date.

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5996 Mitchell Road, #16, Atlanta, GA 30328.
DOCS_DE:235838.2 92203/001

**THE PLAN AND DISCLOSURE STATEMENT**

2.  On August 11, 2021, the Debtor filed the *Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code*, [Docket No. 311] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Plan")[2] and the *Disclosure Statement with Respect to Debtor's Plan of Liquidation Under Chapter 11 of the Bankruptcy Code* [Docket No. 312] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement") providing information with respect to the Plan.

**INTERIM APPROVAL OF DISCLOSURE STATEMENT**

3.  By an Order dated September 1, 2021, (the "Interim Disclosure Statement Order"), the Bankruptcy Court approved the Disclosure Statement on an interim basis as containing adequate information within the meaning of section 1125 of Bankruptcy Code. The Interim Disclosure Statement Order expressly reserves all parties' rights to raise objections to the adequacy of information in the Disclosure Statement.

**DISCLOSURE STATEMENT AND PLAN CONFIRMATION HEARING**

4.  On **September 20, 2021 at 1:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard, a hearing will be held before the Honorable John T. Dorsey in the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 5th Floor, Courtroom 5, Wilmington, DE 19801 to consider final approval of the Disclosure Statement and confirmation of the Plan, as the same may be amended or modified (the "Combined Hearing").

5.  The Combined Hearing may be adjourned from time to time. If the Combined Hearing is adjourned, the Debtor will file a notice of adjournment on the docket and serve it by email if available, otherwise by first class or overnight mail, on the parties who have requested notice pursuant to Bankruptcy Rule 2002 and on any parties that have filed objections to approval of the Disclosure Statement or confirmation of the Plan. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Plan, and other applicable law, without further notice, prior to or as a result of the Combined Hearing.

**NON-VOTING STATUS**

6.  You are receiving this Notice because under the terms of the Plan you are not entitled to receive or retain property on account of your Claim(s) against, or Interest(s) in, the Debtor and, therefore, in accordance with section 1126(g) of the Bankruptcy Code, you are (a) deemed to have rejected the Plan and (b) **not** entitled to vote on the Plan. Accordingly, the Notice is being mailed to you for your information only.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

7. If, notwithstanding this notice of your non-voting status, you believe that you may have a Claim against the Debtor that entitles you to vote on the Plan, you should immediately request the appropriate Ballot by contacting the Voting Agent.

## COPIES OF THE PLAN AND DISCLOSURE STATEMENT

8. If you wish to receive copies of the Plan and/or Disclosure Statement, they will be provided, as quickly as practicable, upon request to the Voting Agent, Stretto, by writing to Wardman Hotel Owner Ballot Processing Center, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602 or by phone at 855-462-7622. Copies of the Plan and Disclosure Statement will be available online at https://cases.stretto.com/wardmanhotel. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the District of Delaware, and may be reviewed during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.deb.uscourts.gov.

## ADMINISTRATIVE CLAIM BAR DATE

9. Article II.B of the Plan sets a Bar Date for the filing of Administrative Claims arising on or after June 1, 2021 as sixty (60) days after the Effective Date.

## INJUNCTIONS, RELEASES, AND DISCHARGE

10. Articles VIII. D, E and F of the Plan contain the release and exculpation provisions set forth below:

**Exculpation**: **The Exculpated Parties will neither have nor incur any liability to any entity for any action in good faith taken or omitted to be taken after the Petition Date in connection with or related to the Chapter 11 Case, the sale of the Debtor's assets (including, without limitation the sale of the assets pursuant to the Sale Order) or the formulation, preparation, dissemination, implementation, Confirmation, or Consummation of the Plan, the Disclosure Statement, or any agreement created or entered into in connection with the Plan;** *provided, however*, **that this limitation will not affect or modify the obligations created under this Plan, or the rights of any Holder of an Allowed Claim to enforce its rights under the Plan, and shall not release any action (or inaction) constituting willful misconduct, fraud, or gross negligence (in each case subject to determination of such by final order of a court of competent jurisdiction);** *provided* **that any Exculpated Party shall be entitled to reasonably rely upon the advice of counsel with respect to its duties and responsibilities (if any) under this Plan, and such reasonable reliance shall form an absolute defense to any such claim, Cause of Action, or liability. Without limiting the generality of the foregoing, each Exculpated Party shall be entitled to and granted the protections of Section 1125(e) of the Bankruptcy Code. Except as specifically set forth in Section VIII.E below, no provision of this Plan or the Disclosure Statement shall be deemed to act to or release any claims, Causes of Action, claims or rights, or liabilities that the Liquidating Trust or the Estate may have against any Entity or person for any act, omission, or failure to act that occurred prior to the**

**Petition Date, nor shall any provision of this Plan be deemed to act to release any Causes of Action and litigation claims.**

**Injunction: In implementation of the Plan, except as otherwise expressly provided in the Confirmation Order or the Plan, and except in connection with the enforcement of the terms of the Plan or any documents provided for or contemplated in the Plan, all entities who have held, hold or may hold Claims against or Equity Interests in the Debtor, the Liquidating Trust, or the Estate that arose prior to the Effective Date are permanently enjoined from: (a) commencing or continuing in any manner, directly or indirectly, any action or other proceeding of any kind against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets, the Debtor, or the Estate with respect to any such Claim or Interest; (b) the enforcement, attachment, collection, or recovery by any manner or means, directly or indirectly, of any judgment, award, decree, or order against the Debtor, the Estate, the Liquidating Trust, or any of the Liquidating Trust Assets, the Debtor, or the Estate with respect to any such Claim or Interest; (c) creating, perfecting, or enforcing, directly or indirectly, any Lien or encumbrance of any kind against the Debtor, the Estate, or the Liquidating Trust, or any of the Liquidating Trust Assets, the Debtor, or the Estate with respect to any such Claim or Interest; (d) any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan with respect to such Claim or Interest, including without limitation, any act taken in violation of Section VIII.E.2 against any of the Released Parties with respect to any matters released under this Plan in favor of such Released Parties. Nothing contained in this Section shall prohibit the Holder of a timely filed Proof of Claim from litigating its right to seek to have such Claim declared an Allowed Claim and paid in accordance with the distribution provisions of this Plan, or enjoin or prohibit the interpretation or enforcement by the Claimant of any of the obligations of the Debtor or the Liquidating Trust under this Plan.**

**Debtor Release: Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, for good and valuable consideration, on and after and subject to the occurrence of the Effective Date, the Debtor and its estate shall release each Released Party, and each Released Party is deemed released by the Debtor and the estate from any and all claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of any of the Debtor or its estate, as applicable, whether known or unknown, foreseen or unforeseen, asserted or unasserted, accrued or unaccrued, matured or unmatured, determined or determinable, disputed or undisputed, liquidated or unliquidated, or due or to become due, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor or the estate would have been legally entitled to assert in its own right, or on behalf of the Holder of any Claim or Interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's liquidation, the Chapter 11 Case, the purchase, sale, transfer of any security, asset, right, or interest of the Debtor, the transactions made by or contemplation under the Sale Order, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released**

4

**Party, the treatment of Claims and Equity Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan or related agreements, instruments, or other documents, any other act or omission, transaction, agreement, event, or other occurrence taking place on and before the Petition Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes fraud, willful misconduct, or gross negligence; provided, that the foregoing Debtor Release shall not operate to waive or release any obligations of any party under the Plan or any other document, instrument, or agreement executed to implement the Plan.  For avoidance of doubt, the foregoing Debtor Release does release any of the Debtor's claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities with respect to the *Wardman Tower Residential Condominium Unit Owners Association v. JBG Smith Properties, et al* action currently pending in the Superior Court of the District of Columbia under Case No. 2020 CA 004807.  Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by the Released Parties; (b) a good faith settlement and compromise of the Claims released by the Debtor Release; (c) in the best interests of the Debtor and all Holders of Claims and Equity Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtor or its estate asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

## DEADLINE FOR OBJECTIONS TO APPROVAL OF THE DISCLOSURE STATEMENT OR CONFIRMATION OF THE PLAN

11. Objections, if any, to final approval of the Disclosure Statement or confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the Court, United States Bankruptcy Court, District of Delaware, 824 North Market Street, Wilmington, DE 19801 together with proof of service **on or before September 15, 2021 at 5:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**"), and shall (a) state the name and address of the objecting party and the amount of its claim or the nature of its interest in the Debtor's chapter 11 case; (b) state with particularity the provision or provisions of the Plan objected to and for any objection asserted, the legal and factual basis for such objections; and (c) be served on the following parties: (i) counsel to the Debtor, Pachulski Stang Ziehl & Jones LLP (Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com)); (ii) counsel to the DIP Lender, Alston & Bird LLP (Attn: David Wender, Esq. (david.wender@alston.com), Grant Stein, Esq. (grant.stein@alston.com)) and Klehr Harrison Harvey Branzburg LLP (Attn: Dominic E. Pacitti, Esq. (dpacitti@klehr.com)); and (iii) the Office of The United States Trustee (Attn:  Linda J. Casey, Esq. (linda.casey@usdoj.gov)).

|  |  |
|---|---|
| Dated:  September 2, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
|  |  |
|  | */s/ Laura Davis Jones* |
|  | Laura Davis Jones (Bar No. 2436)<br>David M. Bertenthal (CA Bar No. 167624)<br>Timothy P. Cairns (Bar No. 4228)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899-8705 (Courier 19801)<br>Telephone:  302-652-4100<br>Facsimile:   302-652-4400<br>Email:      ljones@pszjlaw.com<br>            dbertenthal@pszjlaw.com<br>            tcairns@pszjlaw.com |
|  | Counsel to the Debtor and Debtor in Possession |