IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No.: 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Objection Deadline: October 20, 2021 at 4:00 p.m. (ET)**
**Hearing Date: October 27, 2021 at 2:00 p.m. (ET)**

**DEBTOR'S FIRST (SUBSTANTIVE) OMNIBUS**
**OBJECTION TO DISALLOW CERTAIN CLAIMS**

> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE EXHIBITS AND SCHEDULES ATTACHED HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULE 1, OR SCHEDULE 2 TO EXHIBIT A ATTACHED HERETO.**

The above-captioned debtor and debtor in possession in this chapter 11 case, Wardman Hotel Owner, L.L.C. (the "Debtor"), respectfully represents as follows in support of this objection ("Objection"):

**Relief Requested**

1.      By this Objection, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"),

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5996 Mitchell Road, #16, Atlanta, GA 30328.

the Debtor seeks entry of the proposed form of order attached hereto as **Exhibit A** (the "Proposed Order"), disallowing (a) the claims listed on **Schedule 1** to the Proposed Order (the "Hotel Operations Claims"); and (b) the claims listed on **Schedule 2** to the Proposed Order (the "Reservation Claims" and, together with the Hotel Operations Claims, the "Disallowed Claims").

2. The Debtor objects to the Disallowed Claims because each incorrectly asserts claims that, to the extent valid and unpaid, are liabilities of a third party, Marriott Business Services, Inc. ("Marriott"), not the Debtor.[2]  Specifically, the Disallowed Claims arise exclusively from former hotel business operations conducted by Marriott in its own capacity.  Failure to disallow the Disallowed Claims would result in the claimants receiving a recovery from the estate to which they are not entitled, at the expense of the Debtor's legitimate creditors.  Therefore, the Debtor seeks to disallow the Disallowed Claims.

3. In support of this Objection, the Debtor submits the declaration of James D. Decker, the duly appointed Manager of the Debtor (the "Decker Declaration"), annexed hereto as **Exhibit B**.

**Jurisdiction**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 and the Article XI of the Plan.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013–1(f), the Debtor consents to the entry of a final order by the Court in connection with this Objection to the extent

---

[2] As discussed below, the Debtor reserves all rights to object to the Disallowed Claims on all other grounds, including without limitation validity of such claims and payment.

that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

**A.      General Background**

5.      On January 11, 2021 (the "Petition Date"), the Debtor commenced this case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in the possession of its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Case.

6.      The Debtor's primary asset was real property (the "Property") located at 2600 Woodley Road, NW, in the Woodley Park neighborhood of Washington, D.C.; a prime location adjacent to the Woodley Park station of the Washington Metro. The Property was previously operated as Washington Marriott Wardman Park, a convention hotel (the "Hotel"). The Hotel contained 195,000 square feet of total event space and 95,000 square feet of exhibit space, and its 1,152-room count was the third largest hotel by room count in Greater Washington. The Debtor permanently closed the Hotel prior to the Petition Date and marketed the Property to potentially interested parties. A detailed description of the Debtor's business and facts precipitating the filing of the Debtor's chapter 11 proceedings are set forth in the *Declaration of James D. Decker in*

*Support of the Debtor's Chapter 11 Petition and First Day Relief* (the "First Day Declaration"), incorporated herein by reference.[3]

7. On June 18, 2021, the Debtor filed the *Motion for Entry of an Order (A) Approving Asset Purchase Agreement and Authorizing the Sale of Debtor's Assets Outside the Ordinary Course of Business; (B) Authorizing the Sale of Assets Free and Clear of Liens, Claims, Rights, Encumbrances and Other Interests Pursuant to Bankruptcy Code Sections 105, 363(b), 363(f), 363(m), and 1146; (C) Assuming and Assigning Certain Executory Contracts and Unexpired Leases; and (D) Granting Related Relief* [Docket No. 262] (the "Sale Motion") seeking the sale of the Property. Following an auction conducted on July 20, 2021, Carmel Partners Realty VII, LLC (the "Successful Bidder") was deemed to have submitted the highest and best offer for substantially all of the Debtor's assets. On July 22, 2021, the Bankruptcy Court entered an order approving the sale [Docket No. 292] (the "Sale Order"). The closing of the sale remains pending.

**B.    The Hotel Management Agreement**

8. Between 1998 and the Petition Date, the Hotel's day to day hotel operations had been managed by Marriott. The Debtor and Marriott were parties to the Second Amended and Restated Management Agreement, dated July 1, 2005 (as amended, the "Hotel Management Agreement" or "HMA") governing Marriott's services.

9. Under the HMA, Marriott—among other things—recruited, employed, supervised, directed, and discharged its employees; booked group and transient business;

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

arranged for and supervised the Hotel's public relations and advertising; prepared the Hotel's marketing plans; procured all inventory and replacement dining ware, uniforms, and other supplies used in the Hotel's public spaces and guest rooms; and planned, executed, and supervised Hotel repairs and management, and purchases of Hotel furniture, fixtures, appliances, computers, and other equipment. (HMA § 1.02(A)).  Marriott was given broad discretion "in all matters relating to the management and operation of the Hotel," including all employment decisions, account, marketing and promoting the Hotel.  (HMA § 1.02(A).)

10. The HMA expressly provides that, in conducting Hotel operations, Marriott's relationship to the Debtor was solely as an "independent contractor" and that neither the HMA nor "any agreements, instruments, documents, or transactions contemplated [by the HMA] shall in any respect be deemed or construed as making [Marriott] a partner, joint venture with, or agent of, [the Debtor]…."  (HMA § 11.03).

11. Marriott operated independently of the Debtor in conducting Hotel operations.

**C.    The Disallowed Claims**

12. *Hotel Operations Claims*.  Each of the claims listed on **Schedule 1** attached to **Exhibit A** asserts alleged unpaid expenses incurred by Marriott in the course of Hotel operations. As discussed above, Marriott operated independently of the Debtor.  The Debtor entered into no agreement (whether written or oral) with claimants related to the Disallowed Claims for the goods or services provided to support hotel operations.  Furthermore, the HMA expressly disclaimed any agency relationship between Marriott and the Debtor.  Thus, the Hotel Operations Claims, to the

5

extent that they are valid, enforceable and unpaid, are solely obligations of Marriott, and remain so despite their termination as manager of the Hotel and the filing of the Chapter 11 Case.

14. *Reservation Claims*. Each of the claims listed on **Schedule 2** attached as **Exhibit A** asserts liquidated damages and/or return of deposits arising from reservations for Hotel rooms and other services due to cancellation of contracts pursuant to the Hotel's closure. Akin to the obligations underlying the Hotel Operations Claims, Marriott entered into the reservations independent of the Debtor's oversight. The Debtor is not a signatory to any of the underlying reservation contracts. Further, any deposit provided by the reservation agreement was provided solely to Marriott, and Marriott has neither shared nor provided an accounting of such deposits to the Debtor.

### The Bar Dates

14. On April 27, 2021, the Bankruptcy Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (V) Approving the Form of an Manner for Filing Proofs of Claim, (VI) Approving Notice of Bar Date, and (VII) Granting Related Relief* [Docket No. 208] (the "Bar Date Order").

15. Pursuant to the Bar Date Order, the Bankruptcy Court has established (i) June 30, 2021, as the deadline for all non-governmental units, including claims arising under section 503(b)(9), to file proofs of claim in the Chapter 11 Cases (the "General Bar Date"); (ii) June 30,

2021 as the deadline for parties asserting a request for payment of administrative claims ("Administrative Claims") arising on or prior to May 31, 2021 to file a request for an Administrative Claim (excluding fee and expense claims of professionals retained in this case) (the "Administrative Claims Bar Date"); (iii) July 12, 2021, as the deadline for all governmental units of the Bankruptcy Code) to file proofs of claim in the Debtor's Chapter 11 Case (the "Governmental Bar Date"); and (iv) the later of (a) the General Bar Date, (b) 5:00 p.m. prevailing Eastern time on the date that is thirty days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtor; and (c) any date the Court may fix in the applicable order approving such rejection as the deadline by which persons or entities asserting claims resulting from such rejection must file proofs of claim.

16.     On February 10, 2021, the Debtor filed its schedules of assets and liabilities and statements of financial affairs.  (*See* Docket Nos. 134 & 135], collectively, the "Schedules".)

17.     In accordance with the Bar Date Order, the Debtor caused notice of the General Bar Date and proof of claim forms to be served on, among others, the Debtor's known creditors and other known parties in interest as of the Petition Date. (*See Notice of Deadlines for the Filing of (i) Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code, (ii) Administrative Claims, and (iii) Rejection Damages Claims* [Docket No. 211].)

## Basis for Relief Requested

18.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party

7

in interest . . . objects." 11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim.  11 U.S.C. § 502(b).

19.  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b). While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992). The burden of persuasion with respect to the claim is always on the claimant. *See id.* at 174. The failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity. *See, e.g., In re Jorczak*, 314 B.R. 474, 481–82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

**The Hotel Operations Claims and the Reservation Claims
Should Be Disallowed and Expunged**

20.  As set forth in the Decker Declaration, based upon a careful review and analysis of the Debtor's books and records, the Debtor has determined that each of the Hotel Operations Claims and Reservation Claims listed on **Schedules 1 and 2** to the Proposed Order were filed incorrectly against the Debtor.

21.  In evaluating the Hotel Operations Claims and Reservation Claims, the Debtor thoroughly reviewed the Schedules, their books and records, the Hotel Operations Claims and

Reservation Claims, and the related supporting documentation provided by each claimant, if any, and has determined that there is no evidence that indicates that the Hotel Operations Claims and Reservation Claims are a liability of the Debtor. Failure to disallow the Hotel Operations Claims and Reservation Claims will result in creditors receiving improper recoveries on account of such Claims.

22. Moreover, as discussed above, Marriott's operation of the Hotel was conducted independently and not as an agent for, or representative of, the Debtor. Among other things, Marriott recruited, employed, supervised, directed, and discharged its employees; booked group and transient business; arranged for and supervised the Hotel's public relations and advertising; prepared the Hotel's marketing plans; procured all inventory and replacement dining ware, uniforms, and other supplies used in the Hotel's public spaces and guest rooms; and planned, executed, and supervised Hotel repairs and management, and purchases of Hotel furniture, fixtures, appliances, computers, and other equipment.

23. Pursuant to the HMA, Marriott was given broad discretion "in all matters relating to the management and operation of the Hotel," including all employment decisions, account, marketing and promoting the Hotel. (HMA § 1.02(A))  The HMA expressly disavows the existence of an agency relationship. (HMA § 11.3)

24. Accordingly, the Debtor seeks entry of the Proposed Order disallowing the Hotel Operations Claims and Reservation Claims identified on **Schedule 1 and 2**.

**Responses to this Objection**

25.  To contest the Debtor's determinations with respect to the Disallowed Claims included in this Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **October 20, 2021 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").  Each Response to this Objection must be filed with the Office of the Clerk of the United States Bankruptcy Court for the District of Delaware: 824 Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon the following entities, so as to be actually received by no later than the Response Deadline:

> PACHULSKI STANG ZIEHL & JONES LLP
> Laura Davis Jones
> Timothy P. Cairns
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, Delaware 19899
> Email: tcairns@pszjlaw.com

26.  Each Response to this Objection must, at a minimum, contain the following information:

   i. a caption setting forth the name of the Court, the name of the Debtor, the above-captioned case number, and the title of the Objection to which the Response is directed;

   ii. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

   iii. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

   iv. all documentation and other evidence, to the extent it was not included with the proof of claim previously filed with the Court, upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing this Objection; and

   v. the name, address, telephone number, fax number or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtor should communicate with respect to the

claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the applicable Disallowed Claim(s) on behalf of the claimant.

27. If a claimant fails to timely file and serve a Response by the Response Deadline, the Debtor will present to the Court an appropriate order substantially in the form of the Proposed Order without further notice to the claimant or a hearing.

28. The Debtor may file and serve a reply to any Response in accordance with the Local Rules. The Debtor reserves the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

## Separate Contested Matters

29. To the extent a Response is filed regarding any claim listed in this Objection and the Debtor is unable to resolve the Response, the objection by the Debtor to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## Compliance with Local Rule 3007-1

30. To the best of the Debtor's knowledge and belief, this Objection and related exhibits comply with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

### Reservation of Rights

31.     The Debtor hereby reserves the right to object in the future to any of the proofs of claim listed in this Objection on any ground, including, but not limited to 11 U.S.C. § 502(d), and to amend, modify, or supplement this Objection, including, without limitation, to object to amended or newly-filed claims.  To the extent that Local Rule 3007(1)(f)(iii) applies, the Debtor hereby seeks to waive such rule on the grounds that the Debtor does not have access to Marriott's books and records necessary to fully evaluate the claims.

32.     Notwithstanding anything contained in this Objection or the attached exhibits and schedules, nothing herein shall be construed as a waiver of any rights that the Debtor may have to exercise rights of setoff against holders of such claims.

### Notice

33.     Notice of this Objection has been provided to the following parties, or their counsel, if known:  (a) the Office of the United States Trustee; (b) each of the claimants whose claim is subject to this Objection; and (c) all parties who have requested service of notices in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The Debtor respectfully submits that such notice is sufficient under the circumstances.

### No Previous Request

34.     No previous request for the relief sought herein has been made by the Reorganized Company to this or any other court.

WHEREFORE the Debtor respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: September 2, 2021 **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Timothy P. Cairns*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
tcairns@pszjlaw.com

*Counsel to the Debtor and Debtor in Possession*