# Exhibit A

## **Form of Liquidating Trust Agreement**

## LIQUIDATING TRUST AGREEMENT

This Liquidating Trust Agreement (this "***Agreement***") dated as of September __, 2021 is established by Wardman Hotel Owner, L.L.C. as chapter 11 debtor and debtor in possession (the "***Grantor***") in the Bankruptcy Case (as hereinafter defined), and James D. Decker, solely in his capacity as liquidating trustee for purposes of this Agreement (the "***Liquidating Trustee***").

# W I T N E S S E T H

WHEREAS, on January 11, 2021, the Grantor commenced voluntary chapter 11 proceedings in Case No. 21-10023 (JTD) (the "***Bankruptcy Case***") before the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***");

WHEREAS, on _____, 2021, the Bankruptcy Court confirmed the *Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code, as Amended and Supplemented*, in the Bankruptcy Case (the "***Plan***");

WHEREAS, this Agreement is executed in connection with and pursuant to the terms of the Plan, which provides for, among other things, the establishment of the trust evidenced hereby (the "***Liquidating Trust***");

WHEREAS, the Liquidating Trust is created on behalf, and for the sole benefit, of the holders of Allowed Other Secured Claims, Allowed Priority Tax Claims, Allowed Priority Non-Tax Claims, Allowed Pacific Life Secured Claim, Allowed Marriott Claim, and Allowed General Unsecured Claims, and Equity Interests whether or not such Claims were Allowed on the Effective Date as defined in the Plan (such holders, the "***Beneficiaries***");

WHEREAS, the Liquidating Trust is established for the purpose of collecting, liquidating and distributing the Liquidating Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan;

WHEREAS, the Liquidating Trust shall have no objective or authority to continue or to engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust;

WHEREAS, the Plan provides that the Beneficiaries are entitled to their applicable Liquidating Trust Interests;

WHEREAS, pursuant to the Plan, the Grantor, the Liquidating Trustee, and the Beneficiaries are required to treat, for all federal income tax purposes, the transfer of the Liquidating Trust Assets to the Liquidating Trust as a transfer of the Liquidating Trust Assets by the Grantor to the Beneficiaries on account of their Allowed Claims under the Plan, followed by a transfer of the Liquidating Trust Assets by the Beneficiaries to the Liquidating Trust in exchange for the beneficial interests herein, and to treat the Beneficiaries as the grantors and owners of the Liquidating Trust in accordance with Treasury Regulation Section 301 7701-4; and

WHEREAS, the Liquidating Trust is intended to be treated as a grantor trust for federal income tax purposes; and

WHEREAS, the Bankruptcy Court shall have jurisdiction over the Liquidating Trust, the Liquidating Trustee, and the Liquidating Trust Assets as provided herein and in the Plan;

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained herein and in the Plan, the Grantor and the Liquidating Trustee agree as follows:

## ARTICLE I
## DEFINITIONS AND INTERPRETATIONS

1.1     Definitions.

    1.1.1    "*Agreement*" shall have the meaning set forth in the introductory paragraph to this Agreement.

    1.1.2    "*Beneficiaries*" means holders of Allowed Claims entitled to receive Distributions from the Liquidating Trust under the Plan, whether or not such Claims were Allowed on the Effective Date, or any permitted successors and assigns to such Beneficiaries.

    1.1.3    "*Grantor*" shall have the meaning set forth in the introductory paragraph to this Agreement.

    1.1.4    "*Liquidating Trust*" shall have the meaning set forth in the introductory paragraph to this Agreement.

    1.1.5    "*Liquidating Trustee*" shall mean (x) initially, the person named in the introductory paragraph to this Agreement as the Liquidating Trustee, and (y) any successors or replacements duly appointed under the terms of this Agreement.

1.2     Use of Plan Definitions.  All capitalized terms which are used in this Agreement and not otherwise defined herein shall have the same meaning set forth in the Plan.  In the case of any inconsistency between the terms of this Agreement and the terms of the Plan, the terms of the Plan shall govern and control.

1.3     Certain References.  Reference in this Agreement to any Section or Article is, unless otherwise specified, to that such section or article under this Agreement.  The words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular section or article of this Agreement.

## ARTICLE II
## ESTABLISHMENT, PURPOSE AND FUNDING OF LIQUIDATING TRUST

2.1     Creation and Name.  There is hereby created the Liquidating Trust, which is referred to in Article V of the Plan.  The Liquidating Trustee may conduct the affairs of the Liquidating Trust under the name of the "WH Liquidating Trust" or such other name selected by the Liquidating Trustee or approved by the Bankruptcy Court.

2.2     Purpose of Liquidating Trust.  The Grantor and the Liquidating Trustee, pursuant to the Plan and in accordance with the Bankruptcy Code, hereby create the Liquidating Trust for

the purpose of collecting, liquidating and distributing the Liquidating Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan, *provided, however*, that the Liquidating Trust is contractually obligated under the Plan to address the Claims treated thereunder, including the Claims of holders of Allowed Administrative Expenses (including Allowed Professional Fees),Other Secured Claims, Allowed Priority Tax Claims,  Allowed Priority Non-Tax Claims, Allowed Pacific Life Secured Claim, Allowed Marriott Claim, and Allowed General Unsecured Claims, and Equity Interests to the extent set forth in the Plan.  The activities of the Liquidating Trust shall be limited to those activities set forth in Article V hereof or as otherwise contemplated by the Plan.  The Liquidating Trustee understands and agrees that the Liquidating Trust has no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.

2.3     Transfer of Liquidating Trust Assets.

2.3.1     Pursuant to the Plan, which is incorporated by reference herein, the Grantor and the Liquidating Trustee hereby establish, for the benefit of the Beneficiaries, the Liquidating Trust, the Grantor hereby grants, releases, assigns, conveys, transfers and delivers, on behalf of the Beneficiaries, the Liquidating Trust Assets to the Liquidating Trustee as of the Effective Date, in trust for the benefit of the Beneficiaries for the uses and purposes as specified in this Agreement and the Plan.  The Grantor shall have no further obligations with respect to the Allowed Claims under the Plan upon the transfer of the Liquidating Trust Assets to the Liquidating Trustee in accordance with this Agreement and the Plan.  The Grantor shall from time to time execute and deliver or cause to be executed and delivered all such documents (in recordable form where necessary or appropriate) and the Grantor shall take or cause to be taken such further action as the Liquidating Trustee may reasonably deem necessary or appropriate, to vest or perfect in or confirm to the Liquidating Trustee title to and possession of the Liquidating Trust Assets.

2.3.2     For all federal, state and local income tax purposes, the Grantor, the Beneficiaries, and the Liquidating Trustee shall treat the transfer of the Liquidating Trust Assets to the Liquidating Trust as a transfer of the Liquidating Trust Assets by the Grantor to the Beneficiaries on account of their Allowed Claims under the Plan, followed by a transfer of the Liquidating Trust Assets by the Beneficiaries to the Liquidating Trust in exchange for their beneficial interests in the Liquidating Trust.  Thus, the Beneficiaries shall be treated as the grantors and owners of the Liquidating Trust.

**ARTICLE III**

3.1     [Reserved]

**ARTICLE IV**
**ADMINISTRATION OF THE LIQUIDATING TRUST**

4.1     Rights, Powers and Privileges.   In connection with the administration of the Liquidating Trust, except as set forth in this Agreement, the Liquidating Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Liquidating Trust. In connection therewith, and subject to the limitations of Section 4.4 hereof, the Liquidating Trustee

shall have discretion to pursue or not to pursue any and all Claims, rights or causes of action, as he or she determines are in the best interests of the Beneficiaries and consistent with the purposes of the Liquidating Trust, and shall have no liability for the outcome of his or her decision.  Without limiting, but subject to the limitations in this Agreement, the Liquidating Trustee shall be expressly authorized, but shall not be required, to take the following actions which the Liquidating Trustee, in his or her reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Liquidating Trust:

   4.1.1 file, initiate, analyze, investigate, compromise and settle all Causes of Action or defenses included within the Liquidating Trust Assets;

   4.1.2 commence and/or pursue any and all actions involving Liquidating Trust Assets that could arise or be asserted at any time, unless otherwise waived or relinquished in the Plan;

   4.1.3 hold legal title to any and all rights of the Grantor and the Beneficiaries in or arising from the Liquidating Trust Assets (other than the beneficial interests held by the Beneficiaries in the Liquidating Trust);

   4.1.4 protect and enforce the rights to the Liquidating Trust Assets (including, without limitation, any and all Causes of Action or defenses included within the Liquidating Trust Assets) vested in the Liquidating Trustee by this Agreement and the Plan by any method deemed appropriate including, without limitation, by judicial proceedings or otherwise;

   4.1.5 compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle, in accordance with the terms of this Agreement, claims in favor of or against the Liquidating Trust;

   4.1.6 determine and satisfy any and all liabilities created or incurred by the Liquidating Trust;

   4.1.7 file, if necessary, any and all tax and information returns with respect to the Liquidating Trust and pay taxes properly payable by the Liquidating Trust, if any;

   4.1.8 request any appropriate tax determination with respect to the Liquidating Trust;

   4.1.9 in reliance upon the official claims register maintained in the Bankruptcy Case, maintain on the Liquidating Trustee's books and records, a register evidencing the beneficial interest herein held by each Beneficiary;

   4.1.10 administer and reconcile Claims asserted under the Plan (including the filing of any objections to such claims as appropriate) and make Distributions to holders of Allowed Claims under the Plan as provided for in, or contemplated by, this Agreement and the Plan;

   4.1.11 open and maintain any bank accounts, including but not limited to the Liquidating Trust Assets Account, on behalf of or in the name of the Liquidating Trust;

4.1.12   make all tax withholdings, file tax information returns, make tax elections by and on behalf of the Liquidating Trust and file returns for the Liquidating Trust;

4.1.13   send to the Beneficiaries, to the extent required under applicable tax laws, a separate statement stating the Beneficiary's share of income, gain, loss, deduction or credit;

4.1.14   establish such reserves for the Professional Fee Reserve, Disputed Claims, estimated Claims, taxes, assessments, Liquidating Trustee's fees and professional fees and other expenses of administration of the Liquidating Trust as may be necessary and appropriate for the proper operation of matters incident to the Liquidating Trust;

4.1.15   pay all expenses and make all other payments relating to the Liquidating Trust Assets;

4.1.16   retain and pay third parties pursuant to Section 4.2 hereof;

4.1.17   obtain insurance coverage or a bond with respect to the liabilities and obligations of the Liquidating Trustee under this Agreement (in the form of an errors and omissions policy or otherwise);

4.1.18   make Distributions in accordance with the terms hereof;

4.1.19   enforce all powers provided under the Plan to the Liquidating Trustee;

4.1.20   invest any monies held as part of the Liquidating Trust Assets in accordance with the terms of Section 4.3 hereof;

4.1.21   terminate the Liquidating Trust consistent with the terms of this Agreement and the Plan; and

4.1.22   make all payments and fund all reserves required under the Plan, including without limitation, funding the Professional Fee Reserve

4.2   <u>Agents and Professionals</u>.  The Liquidating Trustee may, but shall not be required to, consult with and retain attorneys, accountants, appraisers, or other parties deemed by the Liquidating Trustee to have qualifications necessary to assist in the proper administration of the Liquidating Trust.  Attorneys for the Liquidating Trustee may include, without limitation, Pachulski Stang Ziehl & Jones LLP and Chapman and Cutler LLP.  The Liquidating Trustee may pay the reasonable salaries, fees and expenses of such persons (including himself/herself), including contingency fees, out of the Liquidating Trust Assets, subject to the provisions of Section 8.8 hereof.  In paying himself/herself, the Liquidating Trustee shall be entitled to compensation of $30,000 per month commencing on October 1, 2021 through December 31, 2021 and 15,000 per month commencing on January 1, 2022 and continuing for each month thereafter (the "<u>Liquidating Trustee Compensation</u>").

4.3   <u>Investment and Safekeeping of Liquidating Trust Assets</u>.  All monies and other Liquidating Trust Assets received by the Liquidating Trustee shall, until distributed or paid over as herein provided, be held in the Liquidating Trust for the benefit of the Beneficiaries.  The

Liquidating Trustee shall be under no liability for interest or producing income on any monies received by the Liquidating Trust and held for Distribution or payment to the Beneficiaries, except as such interest shall be actually received by the Liquidating Trustee.  Investments of any monies held by the Liquidating Trustee shall be administered in view of the manner in which individuals of ordinary prudence, discretion and judgment would act in the management of their own affairs; _provided_, _however_, that the right and power of the Liquidating Trustee to invest monies held by the Liquidating Trustee, the proceeds from any sale of shares of stock, or any income earned by the Liquidating Trust shall be limited to the right and power to invest such monies, pending periodic Distributions in accordance with the terms hereof and the Plan.  For the removal of doubt, the investment powers of the Liquidating Trustee, other than those reasonably necessary to maintain the value of the Liquidating Trust Assets and the liquidating purpose of the Liquidating Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposits, in banks or other savings institutions, or other temporary, liquid investments, such as treasury bills.

4.4     Limitations on Liquidating Trustee.

4.4.1     On behalf of the Liquidating Trust or the Beneficiaries, the Liquidating Trustee shall not at any time: (i) enter into or engage in any trade or business (other than the management and disposition of the Liquidating Trust Assets), and no part of the Liquidating Trust Assets or the proceeds, revenue or income therefrom shall be used or disposed of by the Liquidating Trust in furtherance of any trade or business, or (ii) except as provided below, reinvest any Liquidating Trust Assets.

4.4.2     Other than as provided in the Plan, the Liquidating Trustee is not empowered to incur indebtedness.

4.4.3     The Liquidating Trustee may only invest funds held in the Liquidating Trust consistent with the requirements of this Agreement, the Bankruptcy Code or any order of the Bankruptcy Court modifying such requirements and, provided that the Liquidating Trustee does so, he or she shall have no liability in the event of insolvency of any institution in which he or she has invested any funds of the Liquidating Trust.

4.4.4     The Liquidating Trustee shall hold, collect, conserve, protect and administer the Liquidating Trust in accordance with the provisions of this Agreement and the Plan, and pay and distribute amounts as set forth herein for the purposes set forth in this Agreement. Any determination by the Liquidating Trustee as to what actions are in the best interests of the Liquidating Trust shall be determinative.

4.5     Bankruptcy Court Approval of Liquidating Trustee Actions.  Except as provided in the Plan or otherwise specified in this Agreement, the Liquidating Trustee need not obtain the order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court.  The Liquidating Trustee shall exercise his or her business judgment for the benefit of the Beneficiaries in order to maximize the value of the Liquidating Trust Assets and Distributions, giving due regard to the cost, risk, and delay of any course of action.  Notwithstanding the foregoing, the Liquidating Trustee shall have the right to submit to the Bankruptcy Court any question or questions regarding which the Liquidating Trustee may desire to have explicit approval of the Bankruptcy Court for the taking of any specific action

proposed to be taken by the Liquidating Trustee with respect to the Liquidating Trust Assets, the Liquidating Trust, the Agreement, or the Plan, including the administration and Distribution of the Liquidating Trust Assets.  The Bankruptcy Court shall retain jurisdiction for such purposes and shall approve or disapprove any such proposed action upon motion by the Liquidating Trustee.  In addition, the Liquidating Trustee shall have the authority, but not the obligation, to seek Bankruptcy Court approval to sell any Liquidating Trust Asset free and clear of any and all liens, claims and encumbrances.

       4.6    <u>Reliance by Liquidating Trustee</u>:

  (a)  The Liquidating Trustee may rely, and shall be protected in acting upon, any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by him to be genuine and to have been signed or presented by the proper party or parties;

  (b)  The Liquidating Trustee may consult with any and all professionals to be selected by him and the Liquidating Trustee shall not be liable for any action taken or omitted to be taken by him in accordance with the advice of such professionals; and

  (c)  Persons dealing with the Liquidating Trustee shall look only to the Liquidating Trust Assets to satisfy any liability incurred by the Liquidating Trustee to such person in carrying out the terms of this Liquidating Trust Agreement, and the Liquidating Trustee shall have no personal obligation to satisfy any such liability.

       4.7    <u>Valuation of Liquidating Trust Assets</u>.  The Liquidating Trustee shall apprise the Beneficiaries of the value of the Liquidating Trust Assets.  The valuation shall be used consistently by all parties (including the Liquidating Trustee and Beneficiaries) for all federal income tax purposes.  Any dispute regarding the valuation of Liquidating Trust Assets shall be resolved by the Bankruptcy Court.

**ARTICLE V**
**DISTRIBUTIONS FROM THE LIQUIDATING TRUST**

       5.1    <u>Distributions</u>.  Subject to the terms of the Plan, as soon as reasonably practicable after the Effective Date and thereafter as the Liquidating Trustee reasonably determines, the Liquidating Trustee shall make Distributions to holders of Allowed Claims in accordance with this Agreement and the Plan; *provided, however*, that Marriott shall receive the Marriott Contribution Amount on account of the Allowed Marriott Claim on the Effective Date.  The Liquidating Trustee shall have the discretion, to determine how to make Distributions in the most efficient and cost-effective manner possible, *provided, however*, that its discretion may not be exercised in a manner inconsistent with any express requirements of the Plan or this Agreement.  Notwithstanding the foregoing, the Liquidating Trustee shall maintain a reserve of such amounts as are reasonably necessary to satisfy amounts that could be distributable in respect of Disputed Claims, and any such other amounts (such as administrative or other claims or other contingent liabilities) as reasonably necessary in his or her business judgment to fulfill his duties under the Plan or this Agreement.  The Trustee shall reserve amounts estimated to be needed to pay all Administrative Claims (including, without limitation, Professional Fee Claims) due in connection with the

Bankruptcy Case and, to the extent Administrative Claims appear likely to exceed such reserve, to reserve such additional amounts as may be necessary to cause aggregate reserves to be sufficient. The Trustee shall pay Allowed Administrative Claims from such reserves. Notwithstanding the preceding, the Liquidating Trustee shall not be required to reserve funds for any Claim, including any purported Administrative Claim, that is disallowed, pending resolution of an appeal of any order of disallowance, unless the holder of the disallowed Claim obtains a stay pending appeal.

5.2     Share of Distributions. Each Beneficiary shall receive its share of any and all Distributions in accordance with the Plan, except that the Liquidating Trustee may withhold from amounts distributable to any Beneficiary, any and all amounts, determined in the Liquidating Trustee's reasonable discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

5.3     Delivery of Distributions. All Distributions to be made under this Agreement and the Plan shall be made to holders of Allowed Claims at (a) the address of such holder as set forth in the Grantor's Schedules, unless superseded by the address set forth on Proof(s) of Claim filed by such holder, or (b) the last known address of such holder if any such holder has not filed a Proof of Claim or the Grantor or Liquidating Trustee has been notified in writing of a change of address.

5.4     Timing of Distributions. Subject to the provisions of Section 5.1 hereof, the Liquidating Trustee shall at least annually distribute to the Beneficiaries all net cash income plus all net cash proceeds from the liquidation of the Liquidating Trust Assets. Any payment or other Distribution required to be made under the Plan on a day other than a Business Day shall be due on the next succeeding Business Day. All payments or Distributions due on the Effective Date shall be made thereon or as soon as practicable thereafter but in no event later than ten calendar days after the Effective Date; *provided, however*, that, in any event, Marriott shall receive the Marriott Contribution Amount on account of the Allowed Marriott Claim promptly on the Effective Date and in no event shall such payment be made after the Effective Date. Any payment of Cash made pursuant to this Plan shall be deemed made when such payment by check or wire transfer is transmitted.

5.5     Payments Limited to Liquidating Trust Assets. All payments to be made by the Liquidating Trustee to or for the benefit of any Beneficiary shall be made only to the extent that the Liquidating Trustee has sufficient reserves to make such payments in accordance with this Agreement and the Plan. Each Beneficiary shall have recourse only to the Liquidating Trust Assets for Distribution under this Agreement and the Plan.

5.6     Fees and Expenses.

5.6.1     Subject to the limitations set forth herein and in the Plan, the Liquidating Trustee must pay the operating and administrative expenses of the Liquidating Trust before approving Distributions to or for the benefit of Beneficiaries, *provided however*, and for avoidance of doubt, the Liquidating Trustee may not use any of the Cash received on account of the Marriott Contribution Amount to pay any such expenses.

5.6.2     The Liquidating Trustee shall satisfy any fees and expenses of the Liquidating Trust with the Liquidating Trust Assets to the extent available.

5.7    Priority of Distributions.  Any recovery by the Liquidating Trust on account of the Liquidating Trust Assets shall be applied in accordance with the Plan.

5.8    Compliance with Laws.  Any and all Distributions of Liquidating Trust Assets shall be in compliance with applicable laws.

5.9    Undeliverable Distributions.

(a) If any Distribution to a Beneficiary is returned to the Liquidating Trustee as undeliverable, then the amount of such Distribution shall be held in trust by the Liquidating Trustee unless and until (a) the current address of such Beneficiary may be determined by the Liquidating Trustee (it being understood that the Liquidating Trustee in its discretion may, but shall not be required to, make such reasonable efforts to determine the current address of such Beneficiary as the Liquidating Trustee may deem appropriate); (b) such Distributions has been duly claimed by a Beneficiary who has provided the Liquidating Trustee with written notice of such Beneficiary's current address, or (c) such Distribution is deemed to be unclaimed property under section 347(b) of the Bankruptcy Code, as set forth in Article V, Paragraph K of the Plan.  No interest shall accrue or become payable in respect of any undeliverable Distribution.

5.10    Unclaimed Property.

(a) Forfeiture and Redistribution.  Any Beneficiary that does not assert a claim for an undeliverable Distribution by delivering to the Liquidating Trustee a written notice setting forth such Beneficiary's then-current address and filing a notice of change of address with the Bankruptcy Court within the later of six (6) months after the Effective Date or ninety (90) days after the date on which such Distribution was first deliverable to the Beneficiary will have its claim for undeliverable Distributions discharged and will be forever barred from asserting such claim or any claim for subsequent Distributions against the Liquidating Trustee or the Liquidating Trust Assets, whereupon all cash held by the Liquidating Trustee on account of undeliverable dividends will become part of the Liquidating Trust Assets for redistribution to Beneficiaries entitled to Distributions therefrom.  For purposes of any such redistribution, each Beneficiary in respect of which a claim for undeliverable Distributions has been discharged as contemplated by this Section 5.10(a) will cease to be a Beneficiary.

(b) No Requirement to Attempt to Locate Beneficiaries.  Nothing in the Plan shall require the Liquidating Trustee to attempt to locate any Beneficiary.  The Liquidating Trustee shall comply with the provisions of Section 5.3 hereof with regard to delivery of Distributions.

5.11    Setoff Rights.  In accordance with the Plan and Confirmation Order, the Liquidating Trustee may, but shall not be required to, setoff against or recoup from the holder of any Allowed Claim on which payments or other Distributions are to be made hereunder, claims of any nature that the Liquidating Trust may have against the holder of such Allowed Claim.  However, neither the failure to do so, nor the allowance of any Claim under the Plan, shall constitute a waiver or

release of any such claim, right of setoff or right of recoupment against the holder of such Allowed Claim.

5.12    Right to Object to Claims.   Subject to the following sentence, the Liquidating Trustee shall have the responsibility and authority for administering, disputing, objecting to, compromising and settling or otherwise resolving and finalizing Distributions with respect to any Allowed Claims under the Plan.  In addition, subject to the foregoing sentence, the Liquidating Trustee may, at any time, request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code regardless of whether any party previously objected to such Claim.

5.13    No Distributions Pending Allowance.   If a Claim or any portion of a Claim is Disputed, no payment or Distribution shall be made on account of the disputed portion of such Claim (or the entire Claim, if the entire Claim is disputed), unless such Disputed Claim or portion thereof becomes an Allowed Claim.  The Liquidating Trustee shall not be required to reserve funds for any Claim that is disallowed, pending resolution of an appeal of any order of disallowance, unless the holder of the disallowed Claim obtains a stay pending appeal.

5.14    Final Distribution.   On or as soon as reasonably practicable after the date Final Distributions are made and all Plan and Liquidating Trust expenses have either been paid or otherwise reserved for payment, the Liquidating Trustee shall distribute any remaining Plan Contribution Amounts as provided under and pursuant to the terms of the Plan.

## ARTICLE VI
## BENEFICIARIES

6.1    Identification of Beneficiaries.    In order to determine the actual names and addresses of the Beneficiaries, the Liquidating Trustee may either (i) follow the procedures set forth in Section 5.3 hereof or (ii) deliver a notice to the Beneficiaries.  Such notice may include a form for each Beneficiary to complete in order to be properly registered as a Beneficiary and be eligible for Distributions under the Liquidating Trust.  Such form may request the Beneficiary's federal taxpayer identification number or social security number if the Liquidating Trustee determines that such information is necessary to fulfill his or her tax reporting and withholding obligations.  The Liquidating Trustee, in his or her reasonable discretion, may suspend Distributions to any Beneficiary that has not provided its federal taxpayer identification number or social security number, as the case may be, after a request is made pursuant to this Section 6.1.  If tax information is not provided within ninety (90) days after such request, the Liquidating Trustee may, but shall not be required to, seek an Order of the Bankruptcy Court, on at least thirty (30) days' notice to such Beneficiary, to have its underlying claim expunged and its beneficial interest disallowed for all purposes of this Agreement and the Plan.  Each Beneficiary's Liquidating Trust Interest is dependent upon such Beneficiary's classification under the Plan and the status of its Allowed Claim.  Each Distribution by the Liquidating Trustee to the Beneficiaries shall be made in accordance with the terms set forth in Article V hereof and the Plan.

6.2    Beneficial Interest Only.  The ownership of a beneficial interest in the Liquidating Trust shall not entitle any Beneficiary to any title in or to the Liquidating Trust Assets or to any

right to call for a partition or division of such Liquidating Trust Assets or to require an accounting, except as specifically provided herein.

6.3    Ownership of Beneficial Interests Hereunder.  Each Beneficiary shall own a beneficial interest in the Liquidating Trust equal in proportion to the Pro Rata share of such Beneficiary's Allowed Claim against the Grantor in the Class to which such Allowed Claim belongs in accordance with the Plan.

6.4    Evidence of Beneficial Interest.  Ownership of a beneficial interest in the Liquidating Trust Assets shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee.

6.5    Limitation on Transferability.  It is understood and agreed that the beneficial interests in the Liquidating Trust shall be non-assignable during the term of this Agreement except upon death of the Beneficiary or by operation of law.  An assignment upon death or by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidating Trustee, and the Liquidating Trustee may continue to pay all amounts to or for the benefit of the assigning Beneficiaries until receipt of proper notification and proof of assignment by operation of law.  The Liquidating Trustee may rely upon such proof without the requirement of any further investigation.  Any notice of a change of beneficial interest ownership as permitted upon death or by operation of law shall be forwarded to the Liquidating Trustee by registered or certified mail as set forth herein and filed with the Bankruptcy Court.  The notice shall be executed by both the transferee and the transferor, and the signatures of the parties shall be acknowledged before a notary public and as required by Bankruptcy Rule 3001(e).  The notice must clearly describe the interest to be transferred.  The Liquidating Trustee may conclusively rely upon such signatures and acknowledgments as evidence of such transfer without the requirement of any further investigation.

## ARTICLE VII
## THIRD PARTY RIGHTS AND LIMITATION OF LIABILITY

7.1    Parties Dealing With the Liquidating Trustee.  In the absence of actual knowledge to the contrary, any person dealing with the Liquidating Trust or the Liquidating Trustee shall be entitled to rely on the authority of the Liquidating Trustee or any of the Liquidating Trustee's agents to act in connection with the Liquidating Trust Assets.  No person or entity which may deal with the Liquidating Trustee shall have any obligation to inquire into the validity or expediency or propriety of any transaction by the Liquidating Trustee or any agent of the Liquidating Trustee.

7.2    Limitation of Liquidating Trustee's Liability.  Anything herein to the contrary notwithstanding, in exercising the rights granted herein, the Liquidating Trustee shall exercise his or her best judgment, to the end that the affairs of the Liquidating Trust shall be properly managed and the interests of all the Beneficiaries and the Grantor shall be safeguarded; but the Liquidating Trustee shall not incur any responsibility or liability by reason of any error of law or of any matter or thing done or suffered or omitted to be done under this Agreement, unless the Liquidating Trustee has acted with recklessness, fraud or willful misconduct.

7.3    <u>Indemnification</u>.    The Liquidating Trustee shall be indemnified and receive reimbursement against and from all loss, liability, expense (including counsel fees) or damage which the Liquidating Trustee may incur or sustain in the exercise and performance of any of their powers and duties under this Agreement, to the full extent permitted by applicable law, except if such loss, liability, expense or damage is finally determined by a court of competent jurisdiction to result from the Liquidating Trustee's recklessness, willful misconduct, or fraud.    The amounts necessary for such indemnification and reimbursement shall be paid by the Liquidating Trustee out of the Liquidating Trust Assets, except as otherwise provided in the Plan.    The Liquidating Trustee shall not be personally liable for the payment of any Liquidating Trust expense or claim or other liability of the Liquidating Trust, and no Entity shall look to the Liquidating Trustee personally for the payment of any such expense or liability.    This indemnification shall survive the death, dissolution, resignation or removal, as may be applicable, of the Liquidating Trustee, or the termination of the Liquidating Trust, and shall inure to the benefit of the Liquidating Trustee's heirs and assigns.

## ARTICLE VIII
## SELECTION, REMOVAL AND COMPENSATION OF LIQUIDATING TRUSTEE

8.1    <u>Initial Liquidating Trustee</u>.    The initial Liquidating Trustee shall be James D. Decker.

8.2    <u>Term of Service</u>.    The Liquidating Trustee shall serve until (a) the completion of all the Liquidating Trustee's duties, responsibilities and obligations under this Agreement and the Plan; (b) termination of the Liquidating Trust in accordance with this Agreement; or (c) the Liquidating Trustee's death, resignation or removal.

8.3    <u>Removal of a Liquidating Trustee</u>.    Any person serving as Liquidating Trustee may be removed and replaced by an order of the Bankruptcy Court upon a motion by any Beneficiary and a showing of good cause.    For purposes of this Agreement, "good cause" shall mean an act by the Liquidating Trustee or failure by the Liquidating Trustee to act, which act or failure to act constitutes recklessness, willful misconduct, or fraud on the part of the Liquidating Trustee.    The removal shall be effective on the date specified in the order.    Notwithstanding the removal of the Liquidating Trustee pursuant to this Section 8.3, the rights of the resigning Liquidating Trustee under this Agreement with respect to acts or omissions occurring prior to the effectiveness of such removal will continue for the benefit of such resigning Liquidating Trustee following the effectiveness of such resignation.

8.4    <u>Resignation of Liquidating Trustee</u>.    The Liquidating Trustee may resign at any time by giving the Beneficiaries and counsel for the Grantor at least sixty (60) days written notice of his or her intention to do so.    In the event of any resignation by the Liquidating Trustee, the Bankruptcy Court may appoint a successor Liquidating Trustee.    In the event of a resignation, the resigning Liquidating Trustee shall render to the Beneficiaries a full and complete accounting of monies and Liquidating Trust Assets received, disbursed, and held during the term of office of that Liquidating Trustee.    The resignation shall be effective on the later to occur of:  (i) the date specified in the notice; or (ii) the appointment of a successor by the Liquidating Trustee by the Bankruptcy Court.    Notwithstanding any resignation of the Liquidating Trustee pursuant to this Section 8.4, the rights of the resigning Liquidating Trustee under this Agreement with respect to

acts or omissions occurring prior to the effectiveness of such resignation will continue for the benefit of such resigning Liquidating Trustee following the effectiveness of such resignation.

8.5    <u>Appointment of Successor Liquidating Trustee</u>.  Any successor Liquidating Trustee appointed by the Bankruptcy Court pursuant to Section 8.4 of this Agreement shall consent to and accept in writing the terms of this Agreement and agrees that the provisions of this Agreement (except to the extent modified by order of the Bankruptcy Court) shall be binding upon and inure to the benefit of the successor Liquidating Trustee.

8.6    <u>Powers and Duties of Successor Liquidating Trustee</u>.  A successor Liquidating Trustee shall have all the rights, privileges, powers, and duties of his or her predecessor under this Agreement and the Plan.  Notwithstanding anything to the contrary herein, a removed or resigning Liquidating Trustee shall, when requested in writing by the successor Liquidating Trustee, execute and deliver an instrument or, instruments conveying and transferring to such successor Liquidating Trustee under the Liquidating Trust all the estates, properties, rights, powers, and trusts of such predecessor Liquidating Trustee.

8.7    <u>Liquidating Trust Continuance</u>.  The death, resignation or removal of the Liquidating Trustee shall not terminate the Liquidating Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Liquidating Trustee.

8.8    <u>Compensation and Costs of Administration</u>.  The Liquidating Trustee shall receive the Liquidating Trustee Compensation in consideration for the services provided herein and the Plan, which compensation shall be disclosed in a filing with the Bankruptcy Court and charged against and paid out of the Liquidating Trust Assets (subject to the limitations set forth in this Agreement and the Plan).  For the avoidance of doubt, in no event shall the Marriott Contribution Amount be used to fund the Liquidating Trustee Compensation.  All costs, expenses, and obligations, including without limitation filing fees, incurred by the Liquidating Trustee (or professionals who may be employed by the Liquidating Trustee in administering the Liquidating Trust, in carrying out their other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid from the applicable Liquidating Trust Assets prior to any Distribution to the Beneficiaries (subject to the limitations set forth in this Agreement and the Plan).  For the avoidance of doubt, the Marriott Contribution Amount shall not be used to fund or satisfy any of the costs, expenses, or obligations referenced in the preceding sentence.  If the cash in the Liquidating Trust shall be insufficient to compensate and reimburse the Liquidating Trustee, for any amounts to which the Liquidating Trustee is entitled hereunder, then the Liquidating Trustee is hereby authorized to reduce to cash that portion of the Liquidating Trust Assets that are Causes of Action necessary so as to effect such compensation and reimbursement, subject to the terms of the Plan, *provided however*, and for avoidance of doubt, the Liquidating Trustee may not use any of the Cash received on account of the Marriott Contribution Amount for such purposes.

8.9    <u>Annual Reporting and Filing Requirements</u>.

8.9.1    Within 45 days after the end of each calendar year, the Liquidating Trustee shall prepare a report of all Liquidating Trust Assets received by the Liquidating Trust, all Liquidating Trust Assets disbursed to Beneficiaries, all Liquidating Trust Assets disbursed for

professional fees and costs of administering the Liquidating Trust (including compensation paid to the Liquidating Trustee).  The Liquidating Trustee's report will be available and provided to any Beneficiary upon written request.

        8.9.2      The Liquidating Trustee shall file tax returns for the Liquidating Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and any other applicable laws or regulations.  The Liquidating Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Liquidating Trustee's reasonable sole discretion, to be required by any law, regulation, rule, ruling, directive or other governmental requirement.

        8.9.3      The tax returns filed by the Liquidating Trustee shall report all Liquidating Trust earnings for the taxable year being reported.

    8.10    <u>Confidentiality</u>.  Except as required in the performance of his or her duties, the Liquidating Trustee shall, while serving as Liquidating Trustee under this Agreement and for a period of twelve (12) months following the termination of this Agreement or the Liquidating Trust, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any entity to which any of the Liquidating Trust Assets relate or of which he has become aware in his or her capacity as Liquidating Trustee.

## ARTICLE IX
## MAINTENANCE OF RECORDS

    9.1    The Liquidating Trustee either shall or cause its designated appointee to maintain books and records containing a description of all property from time to time constituting the Liquidating Trust Assets and an accounting of all receipts and disbursements.   Such books and records may be destroyed without further notice to parties or approval of the Bankruptcy Court three (3) years after the final report to the Bankruptcy Court has been rendered by the Liquidating Trustee (unless such records and documents are necessary to fulfill the Liquidating Trustee's obligations pursuant to this Agreement).  Notwithstanding the foregoing, during the term of the Liquidating Trust, the Liquidating Trustee may destroy business records transferred by Grantor to the Liquidating Trust thirty (30) days after delivery of written notice to the Grantor to destroy such records.  The Liquidating Trustee may estimate and include, as part of the Liquidating Trustee's compensation, a reasonable sum to be used for the purposes of maintaining, accessing and destroying records during the term of the Liquidating Trust and for up to three (3) years thereafter.

## ARTICLE X
## DURATION OF LIQUIDATING TRUST

    10.1    <u>Duration</u>.  The Liquidating Trust shall become effective upon the Effective Date of the Plan.  Thereupon, this Agreement shall remain and continue in full force and effect until the Liquidating Trust is terminated in accordance with the provisions of this Agreement and the Plan.

    10.2    <u>Termination of the Liquidating Trust.</u>  The duties, responsibilities and powers of the Liquidating Trustee, and the Liquidating Trust, shall terminate on the earlier of (i) full resolution of all Liquidating Trust Assets transferred to the Liquidating Trust, Distribution of the Liquidating Trust Assets and the net proceeds thereof in accordance with the Plan and this Agreement, and conclusion of all matters relative to the administration of the Liquidating Trust, except for the filing

of all final tax returns, (ii) payment in full in Cash of the Allowed Claims, or (iii) three (3) years from the Effective Date; *provided*, *however*, subject to the approval of the Bankruptcy Court upon a finding for cause shown that an extension is necessary for the purpose of the Liquidating Trust, the term of the Liquidating Trust may be extended for a finite period based upon the particular circumstances at issue. Each such extension must be approved by the Bankruptcy Court within six (6) months of the beginning of the extended term.

10.3    Continuance of Liquidating Trust for Winding Up. After the termination of the Liquidating Trust and for the purpose of liquidating and winding up the affairs of the Liquidating Trust, the Liquidating Trustee shall continue to act as such until his or her duties have been fully performed, including, without limitation, such post-Distribution tasks as necessary to wind up the affairs of the Liquidating Trust. Subject to the provisions of 9.1 hereof, after the termination of the Liquidating Trust, the Liquidating Trustee shall retain for a period of three (3) years the books, records, Beneficiary lists, and certificates and other documents and files which shall have been delivered to or created by the Liquidating Trustee. At the Liquidating Trustee's discretion, all of such records and documents may, but need not, be destroyed at any time after three (3) years from the completion and winding up of the affairs of the Liquidating Trust. Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Liquidating Trust and final Distribution of the Liquidating Trust, the Liquidating Trustee shall have no further duties or obligations hereunder.

## ARTICLE XI
## MISCELLANEOUS

11.1    Preservation of Privilege. In connection with the rights, claims, and causes of action that constitute Liquidating Trust Assets, any attorney-client privilege, work-product privilege, or other privilege or immunity attaching to any documents or communications (whether written or oral) transferred to the Liquidating Trust pursuant to the terms of the Plan or otherwise shall vest in the Liquidating Trustee and his or her representatives, and the Grantor and the Liquidating Trustee are authorized to take all necessary actions to effectuate the transfer of such privileges, as necessary. Such privilege shall not be compromised by the Liquidating Trustee's consultation with the Grantor on matters of the Liquidating Trust as provided for herein.

11.2    Notices. All notices to be given to Beneficiaries may be given by ordinary mail, or may be delivered personally, to the holders at the addresses appearing on the books kept by the Liquidating Trustee. Any notice or other communication which may be or is required to be given, served, or sent to the Liquidating Trust shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

If to the Liquidating Trust:

James D. Decker
JDecker & Company, Inc.
5996 Mitchell Road, #16
Atlanta, GA  30328
Telephone: 404-229-8907

E-mail: jim@jdeckerco.com

With copy to:

Pachulski Stang Ziehl &Jones LLP,
Attn: Laura Davis Jones, Esq.
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Fax: 302-652-4400
Email: ljones@pszjlaw.com

-and-

Chapman and Cutler LLP
Attn: Larry Halperin, Esq.
1270 Avenue of the Americas
New York, NY  10020-1708
Telephone:  212-655-2517
Fax:  212-655-2518
Email: halperin@chapman.com

If to a Beneficiary:

To the name and address for such Beneficiary determined pursuant to the provisions of Section 5.3 hereof.

11.3    <u>No Bond</u>.  Notwithstanding any state law to the contrary, the Liquidating Trustee (including any successor) shall be exempt from giving any bond or other security in any jurisdiction, unless the Liquidating Trustee decides in his or her reasonable judgment to obtain such bond or other security.

11.4    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware without regard to principles of conflicts of law.

11.5    <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of and shall be binding upon the parties hereto and their respective successors and assigns.

11.6    <u>Headings</u>.  The various headings of this Agreement are inserted for convenience only and shall not affect the meaning or understanding of this Agreement or any provision hereof.

11.7    <u>No Execution</u>.  All funds in the Liquidating Trust shall be deemed *in custodia legis* until such times as the funds have actually been paid to or for the benefit of a Beneficiary, and no Beneficiary or any other Person can execute upon, garnish or attach the Liquidating Trust Assets or the Liquidating Trust in any manner or compel payment from the Liquidating Trust except by Final Order of the Bankruptcy Court.  Payment will be solely governed by this Agreement and the Plan.

11.8    <u>Intention of Parties to Establish Grantor Liquidating Trust</u>.  This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a grantor trust.

11.9    <u>Amendment</u>.  This Agreement may be amended only by order of the Bankruptcy Court.

11.10    <u>Severability</u>.  If any term, provision covenant or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable or against its regulatory policy, the remainder of the terms, provisions, covenants and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

11.11    <u>Conflicts</u>. In the event of any inconsistency between this Agreement and the Plan, the Plan shall control.

11.12    <u>Counterparts and Facsimile Signatures</u>.  This Agreement may be executed in counterparts and a facsimile or other electronic form of signature shall be of the same force and effect as an original.

*[Signature page follows]*

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written above.

**GRANTOR:**

Wardman Hotel Owner, L.L.C.

By: _____

      James D. Decker
      Its sole and independent manager

**LIQUIDATING TRUSTEE:**

_____

James D. Decker, solely in his capacity as Liquidating Trustee under this Agreement

*[Signature page to Liquidating Trust Agreement]*