UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re:                                                        :
                                                              :    Chapter 11
                                                              :    Case No. 21-10023(JTD)
WARDMAN HOTEL OWNER L.L.C.,                                   :
                                                              :
                    Debtors.                                  :    **RESPONSE TO CLAIM**
                                                              :    **OBJECTION**
                                                              :
---------------------------------------------------------------x

The American Historical Association (the "AHA"), responding to the Objection by the Debtor to its claim, respectfully shows as follows:

1.  As shown by the Declaration of James R. Grossman (the "Grossman Declaration"), Executive Director of the AHA, its claim (No. 22) sought damages on account of cancellation fees due to the Omni Shoreham Hotel, which had been booked as the co-headquarters for the AHA's 2027 annual meeting. The cancellation of its contract with the Debtor required cancellation of the Shoreham contract, which provides for cancellation fees in the amount shown on AHA's proof of claim.

2.  The Debtor's objection is based on the assertion that the AHA did not contract with the Debtor but rather with an entity known either as Marriott Business Systems, Inc. (the entity named in the Objection) or Marriott Hotel Systems, Inc. (the entity recited in the first-day affidavit of James Decker, which is referenced in the Objection).

3.  However, as the Grossman Declaration notes, whichever Marriott entity (henceforth, the "Operator") is alleged to be the true contracting party is nowhere named in the reservation agreement (the "Agreement") executed in November, 2019. The Agreement is attached as Exhibit "A" to the Grossman Declaration. The contracting party named therein is the

11007770.1

"Washington Marriott Wardman Park (the "Hotel").  Despite this, the Objection blithely claims that AHA's recourse is against an entity nowhere named in the Agreement.

4. The Objection further asserts that the Operator was managing the hotel pursuant to an agreement with the Debtor, which gave it full control over all operations. The Debtor has not seen fit to produce this agreement, but based on the statements in the Objection, it appears incontestable that the Operator was acting as the Debtor's agent in dealing with the public and holding the Debtor out as the actual contracting party. The precise terms of the arrangement between the Debtor and its agent are irrelevant, but as the admitted owner of the property, the Debtor was necessarily the ultimate beneficiary of the Operator's management of the business. And in fact, in its motion to terminate the "Hotel Services Contracts" (Docket No. 235, filed May 28, 2021), the Debtor confirmed that:

> Notwithstanding that the Debtor was not a party to such contracts, the Debtor (as owner of the Property on which a hotel was previously operated) believes it has an interest in the bookings reflected by the Hotel Services Contracts which is protected by the automatic stay of Bankruptcy Code Section 362 and, accordingly brings this Motion to seek the relief requested herein.

Doc. 235, Main Document, paragraph 5. And although the Debtor, later in the motion, claimed in a footnote that it had no liability for any damages on those contracts, it is readily apparent that such a disclaimer is not in and of itself determinative of the question.

5. Ordinary principles of agency law dictate that where an agency is undisclosed, either the principal or the agent may be held liable for damages incurred by the counterparty to the contract:

> When an agent deals in his own name, and later the other party to the contract learns that the agent was really the agent for an undisclosed principal, the other party can elect to sue either the agent or the undisclosed principal for any default because both the agent and the undisclosed principal were unconditionally obligated to perform the contract. *In re Cohoes Industrial Terminal,* 78 B.R. 681 (Bankr.S.D.N.Y.1987) *aff'd* 87 Civ. 8919 (S.D.N.Y. May 2, 1988) *aff'd* 863 F.2d

11007770.1

45 (2nd Cir.1988); *Kirno Hill Corp. v. Holt,* 476 F.Supp. 134 (S.D.N.Y.1979); *Ardwin v. Englert,* 81 A.D.2d 960, 961, 439 N.Y.S.2d 720, 721 (App.Div. 3d Dep't 1981) *aff'd* 56 N.Y.2d 936, 439 N.E.2d 324, 453 N.Y.S.2d 608 (1982); *Unger v. Travel Arrangements, Inc.,* 25 A.D.2d 40, 47, 266 N.Y.S.2d 715, 723 (App.Div. 1st Dep't 1966); *Foreign Trade Banking Corp. v. Gerseta Corp.,* 237 N.Y. 265, 142 N.E. 607 (1923); Restatement (Second) of Agency §§ 4, 321, 322 (1957)

*In re Kaufman*, 93 B.R. 319, 322 (Bankr. SDNY 1988). Here, the Debtor has acknowledged that the Operator was managing the Hotel on its behalf. The Operator, for its part, did not even deal in its own name but misled AHA (and presumably others as well) by disguising its true identity and leading customers such as AHA to believe that it was dealing with the owner rather than a manager. Accordingly, the Debtor's airy assertion that is not liable for damages incurred by AHA because another, undisclosed entity was the real contracting party, cannot be accepted.

## CONCLUSION

The Debtor's motion, insofar as it objects to AHA's claim No. 22, must be denied.

Dated: October 20, 2021

<div style="margin-left: 50%;">

CARTER LEDYARD & MILBURN LLP

By     /s/ Aaron R. Cahn

*Attorneys for American Historical Association*
2 Wall Street
New York, New York 10005
Tel: (212) 238-8629
Fax: (212 732-3232
e-mail: bankruptcy@clm.com

</div>

11007770.1