IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | **)** | Chapter 11 |
| | **)** | |
| WARDMAN HOTEL OWNER, L.L.C., [1] | **)** | Case No.: 21-10023 (JTD) |
| | **)** | |
| Debtor. | **)** | |
| | **)** | **Related Docket No. 329** |

### ORDER SUSTAINING THE DEBTOR'S FIRST (SUBSTANTIVE) OMNIBUS OBJECTION TO DISALLOW CERTAIN CLAIMS

Upon the *Debtor's First (Substantive) Omnibus Objection to Disallow Certain Claims*, dated September 2, 2021 (the "Objection"),[2] of Wardman Hotel Owner, L.L.C. in the above-captioned chapter 11 case (the "Debtor"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order disallowing certain proofs of claim, all as more fully set forth in the Objection; and upon consideration of the Decker Declaration; and this Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Objection and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

---

[1]    The last four digits of the Debtor's U.S. tax identification number are 9717.  The Debtor's mailing address is 5996 Mitchell Road, #16, Atlanta, GA 30328.

[2]    Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Objection.

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been

provided to the parties listed therein, and it appearing that no other or further notice need be

provided; and this Court having reviewed the Objection; and this Court having determined that the

legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

and it appearing that the relief requested in the Objection is in the best interests of the Debtor's

estate, creditors, and all parties in interest; and upon all of the proceedings had before the Court

and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is granted in part as provided herein.

2.      Pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local

Rule 3007-1, each Disallowed Claim listed on **Schedules 1 and 2** attached hereto is hereby

disallowed and expunged.

3.      The Objection to the following claims is adjourned to the hearing scheduled for

**December 9, 2021 at 11:00 a.m. (prevailing Eastern time)**: (a) Congressional Hotel Dry

Cleaning (Claim No. 41); (b) Enseo (Claim No. 38); (c) Schindler Elevator (Claim No. 40);

(d) Belfast-Beltway Boxing Project (Claim Nos. 32, 33, 34, 35, and 36), (e) American Historical

Association (Claim No. 22); (f) American Roentgen Ray Society (Claim No. 13); and (g) Institute

for Educational Leadership (Claim No. 31).

4.      Nothing in this Order (i) shall be construed, implicitly or explicitly, as finding or

suggesting liability for any party, including Marriott, on account of the Disallowed Claims, or (ii)

shall have preclusive effect with respect to any non-Debtor party's liability for the Disallowed Claims.

5.      All other parties' rights and defenses to dispute the extent of its liability, if any, for the Disallowed Claims are hereby preserved.

6.      Should one or more of the grounds of objection stated in the Objection be dismissed, the Debtor's rights to object on any other grounds that the Debtor discovers during the pendency of this chapter 11 case is preserved.

7.      The Debtor's right to amend, modify, or supplement the Objection, to file additional objections to any other claims (filed or not) which may be asserted are preserved.

8.      Each of the claims and the objections by the Debtor to such claims, as set forth on **Schedules 1 and 2** hereto, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014 and Local Rule 3007-1.  This Order shall be deemed a separate Order with respect to each such claim.  Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

9.      The Clerk of this Court is authorized to take all steps necessary or appropriate to carry out this Order.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, or enforcement of this Order.

**Dated: October 25th, 2021**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_DE:236706.2 92203/001