IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |

**Objection Deadline: November 24, 2021 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

**SEVENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION**
**FOR THE PERIOD FROM JULY 1, 2021 THROUGH JULY 31, 2021**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtor and Debtor in Possession |
| Date of Retention: | Effective as of January 11, 2021 by order signed on or about February 5, 2021 |
| Period for which Compensation and Reimbursement is Sought: | July 1, 2021 through July 31, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $674,078.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 8,436.01 |

This is a: ☒ monthly ☐ interim ☐ final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/21/21 | 01/11/21 – 01/31/21 | $291,113.00 | $5,537.12 | $232,890.40 | $5,537.12 |
| 07/08/31 | 02/01/21 – 02/28/21 | $372,610.00 | $8,852.24 | $298,088.00 | $8,852.24 |
| 08/05/21 | 03/01/21 – 03/31/21 | $339,249.50 | $2,351.01 | $271,399.60 | $2,351.01 |
| 08/17/21 | 04/01/21 – 04/30/21 | $189,539.00 | $2,178.73 | $262,631.20 | $2,178.73 |
| 08/30/21 | 05/01/21 – 05/31/21 | $325,052.50 | $4,914.05 | $260,042.00 | $4,914.05 |
| 09/27/21 | 06/01/21 – 06/30/21 | $380,218.00 | $3,462.68 | $304,174.40 | $3,462.68 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,445.00 | 122.70 | $177,301.50 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,275.00 | 96.70 | $123,292.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,275.00 | 85.20 | $108,630.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,195.00 | 35.90 | $ 42,900.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00 | 17.40 | $ 19,575.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member NJ Bar since 2000 | $1,050.00 | 59.40 | $ 62,370.00 |
| Victoria A. Newmark | Of Counsel 2008; Member of CA Bar since 1996 | $1,050.00 | 24.00 | $ 25,200.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002-2014; 2017-Present | $ 875.00<br>$ 437.50 | 115.70<br>3.50 | $101,237.50<br>$ 1,531.25 |
| Leslie A. Forrester | Law Library Director | $ 475.00 | 3.60 | $ 1,710.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 460.00 | 0.70 | $ 322.00 |
| Patricia E. Cuniff | Paralegal 2000 | $ 460.00 | 10.20 | $ 4,692.00 |
| Karina K. Yee | Paralegal 2000 | $ 460.00 | 3.60 | $ 1,656.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 425.00 | 2.70 | $ 1,147.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Andrea R. Paul | Case Management Assistant 2001 | $ 375.00 | 0.40 | $ 150.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 375.00 | 1.00 | $ 375.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 375.00 | 3.70 | $ 1,387.50 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $ 375.00 | 1.60 | $ 600.00 |

| | |
|---|---|
| **Grand Total:** | **$674,078.25** |
| **Total Hours:** | **588.00** |
| **Blended Rate:** | **$1,146.39** |

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 343.80 | $412,774.00 |
| Bankruptcy Litigation | 54.90 | $ 63,684.50 |
| Case Administration | 11.50 | $ 5,207.50 |
| Claims Admin./Objections | 10.30 | $ 12,722.50 |
| Compensation of Professional | 3.60 | $ 1,962.50 |
| Compensation of Prof./Others | 0.20 | $ 175.00 |
| Executory Contracts | 48.50 | $ 55,417.50 |
| Financial Filings | 4.60 | $ 4,025.00 |
| Financing | 3.00 | $ 3,264.00 |
| Litigation (Non-Bankruptcy) | 2.20 | $ 2,197.00 |
| Plan & Disclosure Statement | 101.90 | $111,117.50 |
| Travel | 3.50 | $ 1,531.25 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[2] (if applicable) | Total Expenses |
|---|---|---|
| Auto Travel Expense | Taxi Cab | $ 34.09 |
| Bloomberg | | $ 191.30 |
| Conference Call | AT&T Conference Call | $ 148.30 |
| Delivery/Courier Service | Advita | $ 914.90 |
| Express Mail | Federal Express | $ 283.10 |
| Filing Fee | USDC; USBC | $ 425.00 |
| Legal Express | Lexis/Nexis | $ 743.82 |
| Court Research | Pacer | $ 280.60 |
| Postage | US Mail | $ 115.20 |
| Reproduction Expense | | $ 167.30 |
| Reproduction/ Scan Copy | | $1,898.90 |
| Travel Expense | Amtrak | $ 376.00 |
| Transcript | Lexitas | $2,857.50 |

[2] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |

**Objection Deadline: November 24, 2021 at 4:00 p.m.**
**Hearing Date: To be scheduled if necessary**

**SEVENTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION <u>FOR THE PERIOD FROM JULY 1, 2021 THROUGH JULY 31, 2021</u>**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals," signed on or about February 5, 2021 ("Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel for the Debtor and Debtor in Possession, hereby submits its Seventh Monthly Application for Compensation and for Reimbursement of Expenses for the Period from July 1, 2021 through July 31, 2021 (the "Application").

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $674,078.25 and actual and necessary expenses in the amount of $8,436.01 for a total allowance of $682,514.26 and payment of $539,262.60 (80% of the allowed fees) and

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

reimbursement of $8,436.01 (100% of the allowed expenses) for a total payment of $547,698.61 for the period July 1, 2021 through July 31, 2021 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

## Background

1. On January 11, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and continued to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about February 5, 2021, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending March 31, 2021 and at three-month intervals thereafter, or such other intervals convenient to the Court, each of the Professionals may file and serve an interim application for

allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

4. The retention of PSZ&J, as Counsel for the Debtor and Debtor in Possession, was approved effective as of January 11, 2021 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Effective as of the Petition Date," signed on or about February 5, 2021 (the "Retention Order"). The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES**

**Compensation Paid and Its Source**

5. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtor.

6. PSZ&J has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J has received payments from the Debtor during the year prior to the Petition Date in the amount of $240,000 in

connection with the preparation of initial documents and the prepetition representation of the Debtor.

**Fee Statements**

7. The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

8. A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as this one, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9. PSZ&J charges $.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtor for the receipt of faxes in this case.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## **Summary of Services Rendered**

12. The names of the partners and associates of PSZ&J who have rendered professional services in this case during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtor on a regular basis with respect to various matters in connection with the Debtor's bankruptcy case, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtor's bankruptcy case.

**Summary of Services by Project**

14. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A. Asset Disposition**

15. This category relates to work regarding sale and other asset disposition issues. During the Interim Period, the Firm, among other things: (1) reviewed and responded to

bidder inquiries; (2) reviewed and analyzed potential bid issues; (3) reviewed and analyzed issues regarding a template purchase agreement; (4) reviewed and analyzed title issues; (5) performed work regarding bid procedures issues; (6) reviewed and analyzed union issues; (7) performed work regarding Asset Purchase Agreements; (8) reviewed and analyzed deed issues; (9) performed work regarding a title company commitment; (10) performed work regarding sale and union strategy issues; (11) performed work regarding an extension of bid deadline; (12) reviewed and analyzed potential sale objection issues; (13) performed research; (14) reviewed and analyzed a union sale objection and performed work regarding a reply; (15) performed work regarding a notice of extended bid deadline; (16) attended to lender sale-related issues; (17) reviewed and analyzed sale objections; (18) reviewed and analyzed auction issues; (19) performed work regarding an escrow agreement; (20) performed work regarding sale order issues; (21) performed work regarding bid procedures and sale motion issues; (22) performed work regarding a Hearing Notebook; (23) reviewed and analyzed bid submissions; (24) reviewed and analyzed proposed Asset Purchase Agreement edits from bidders; (25) reviewed and analyzed condo association issues; (26) reviewed and analyzed bids; (27) reviewed and analyzed bidder revisions to proposed sale orders; (28) performed work regarding condo association proposed sale order revisions; (29) attended to issues regarding bidder qualifications; (30) performed work regarding an initial issues list relating to bidder's draft Asset Purchase Agreement; (31) attended to scheduling issues; (32) reviewed and analyzed auction strategy issues; (33) reviewed and analyzed information provided by bidders relating to finalizing bids in advance of auction; (34) prepared for and attended an auction on July 20, 2021,

including meetings with bidder counsel; (35) performed work regarding a notice of successful bidder; (36) performed work regarding settlement of union sale objection; (37) performed work regarding a motion to file late reply to the union sale objection; (38) prepared for and attended a sale hearing on July 22, 2021; (39) performed work regarding revisions to the sale order relating to the successful bid and resolution of objections; (40) performed work regarding closing issues; and (41) corresponded and conferred regarding asset disposition issues.

Fees: $412,774.00; Hours: 343.80

**B. Bankruptcy Litigation**

16. This category relates to work regarding motions and adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed union issues; (2) attended to scheduling issues; (3) performed work regarding negotiations with Marriott; (4) performed work regarding a complaint against Marriott; (5) performed research; (6) performed work regarding negotiations with the unions; (7) performed work regarding Agenda Notices and Hearing Binders; (8) reviewed and analyzed litigation strategy issues; (9) performed work regarding settlement issues; and (10) conferred and corresponded regarding bankruptcy litigation issues.

Fees: $63,684.50; Hours: 54.90

**C. Case Administration**

17. This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things: (1) maintained a memorandum of critical dates; (2) maintained document control; (3) prepared and distributed a daily memo

narrative; and (4) reviewed daily correspondence and pleadings and forwarded them to the appropriate parties.

Fees: $5,207.50; Hours: 11.50

**D. Claims Admin/Objections**

18. This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed the Marriot claim; (2) responded to creditor inquiries; (3) reviewed and analyzed a claims register and filed claims; (4) performed work regarding settlement issues; and (5) corresponded regarding claim issues.

Fees: $12,722.50; Hours: 10.30

**E. Compensation of Professionals**

19. This category relates to work regarding compensation of the Firm. During the Interim Period, the Firm, among other things, performed work regarding its February 2021 monthly fee application.

Fees: $1,962.50; Hours: 3.60

**F. Compensation of Professionals--Others**

20. This category relates to work regarding compensation of professionals, other than the Firm. During the Interim Period, the Firm, among other things, performed work regarding ordinary course professionals issues.

Fees: $175.00; Hours: 0.20

**G. Executory Contracts**

21. This category relates to work regarding executory contracts and unexpired leases of real property. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed group contract termination issues; (2) performed work regarding contract termination stipulations; (3) performed work regarding a motion to terminate contracts; (4) reviewed and analyzed issues regarding Enseo; (5) attended to issues regarding cancellation of reservations; (6) reviewed and analyzed cure notice issues; (7) performed work regarding a supplemental cure notice; (8) maintained a tracking chart regarding contract termination agreements; (9) performed work regarding the NORD matter; (10) reviewed and analyzed issues regarding rejection of collective bargaining agreements; and (11) corresponded regarding executory contract issues.

Fees: $55,417.50; Hours: 48.50

**H. Financial Filings**

22. This category relates to work regarding compliance with reporting requirements. During the Interim Period, the Firm, among other things, performed work regarding Monthly Operating Reports.

Fees: $4,025.00; Hours: 4.60

**I. Litigation (Non-Bankruptcy)**

23. This category relates to issues regarding litigation in non-Bankruptcy Court forums. During the Interim Period, the Firm, among other things, reviewed and analyzed

issues regarding an arbitration ruling, and conferred and corresponded regarding arbitration issues.

Fees: $2,197.00; Hours: 2.20

**J. Plan and Disclosure Statement**

24. This category relates to issues regarding a Plan of Reorganization ("Plan") and Disclosure Statement. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed Plan issues and Plan comments; (2) performed work regarding a Plan and Disclosure Statement; (3) reviewed and analyzed arbitration issues; (4) performed research; (5) performed work regarding a solicitation procedures motion; (6) reviewed and analyzed classification issues; (7) reviewed and analyzed confirmation timing issues; (8) reviewed and analyzed Plan structure issues; (9) performed work regarding a claims analysis; (10) reviewed and analyzed third party release issues; (11) reviewed and analyzed Plan implementation issues; (12) reviewed and analyzed Plan feasibility issues; (13) performed work regarding a motion to approve procedures for combined Disclosure Statement and Plan hearing; (14) performed work regarding an amended Plan and Disclosure Statement; (15) reviewed and analyzed issues relating to Marriott; and (16) corresponded and conferred regarding Plan and Disclosure Statement issues.

Fees: $111,117.50; Hours: 101.90

**K. Travel**

25. During the Interim Period, the Firm incurred non-working time while traveling on case matters. Such time is billed at one-half the normal rate.

Fees: $1,531.25; Hours: 3.50

**Valuation of Services**

26. Attorneys and paraprofessionals of PSZ&J expended a total 588.00 hours in connection with their representation of the Debtor during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,445.00 | 122.70 | $177,301.50 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,275.00 | 96.70 | $123,292.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,275.00 | 85.20 | $108,630.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,195.00 | 35.90 | $ 42,900.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00 | 17.40 | $ 19,575.00 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member NJ Bar since 2000 | $1,050.00 | 59.40 | $ 62,370.00 |
| Victoria A. Newmark | Of Counsel 2008; Member of CA Bar since 1996 | $1,050.00 | 24.00 | $ 25,200.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002-2014; 2017-Present | $ 875.00<br>$ 437.50 | 115.70<br>3.50 | $101,237.50<br>$ 1,531.25 |
| Leslie A. Forrester | Law Library Director | $ 475.00 | 3.60 | $ 1,710.00 |
| Patricia J. Jeffries | Paralegal 1999 | $ 460.00 | 0.70 | $ 322.00 |
| Patricia E. Cuniff | Paralegal 2000 | $ 460.00 | 10.20 | $ 4,692.00 |
| Karina K. Yee | Paralegal 2000 | $ 460.00 | 3.60 | $ 1,656.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 425.00 | 2.70 | $ 1,147.50 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 375.00 | 0.40 | $ 150.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 375.00 | 1.00 | $ 375.00 |
| Karen S. Neil | Case Management Assistant 2003 | $ 375.00 | 3.70 | $ 1,387.50 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $ 375.00 | 1.60 | $ 600.00 |

**Grand Total: $674,078.25**
**Total Hours: 588.00**
**Blended Rate: $1,146.39**

27. The nature of work performed by these persons is fully set forth in Exhibit A attached hereto. These are PSZ&J's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZ&J for the Debtor during the Interim Period is $674,078.25.

28. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period of July 1, 2021 through July 31, 2021, an interim allowance be made to PSZ&J for compensation in the amount of $674,078.25 and actual and necessary expenses in the amount of $8,436.01 for a total allowance of $682,514.26 and payment of $539,262.60 (80% of the allowed fees) and

reimbursement of $8,436.01 (100% of the allowed expenses) be authorized for a total payment of $547,698.61; and for such other and further relief as this Court deems proper.

Dated: November 3, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
tcairns@pszjlaw.com

Counsel for the Debtor and Debtor in Possession

**DECLARATION**

STATE OF DELAWARE :
:
COUNTY OF NEW CASTLE :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the debtor and debtor in possession by the lawyers and paraprofessionals of PSZ&J.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about February 5, 2021 and submit that the Application substantially complies with such Rule and Order.

*/s/ Laura Davis Jones*
Laura Davis Jones