IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |

**Objection Deadline: January 13, 2022 at 4:00 p.m.**
**Hearing Date: To be scheduled**

# FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM JANUARY 11, 2021 THROUGH OCTOBER 28, 2021

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtor and Debtor in Possession |
| Date of Retention: | Effective as of January 11, 2021 by order signed on or about February 5, 2021 |
| Period for which Compensation and Reimbursement is Sought: | January 11, 2021 through October 28, 2021 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $3,937,470.75 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $    45,716.09 |
| Rates are Higher than those Approved or Disclosed at Retention? Yes__ No__ If yes, Total Compensation Sought Using Rates Disclosed in Retention Application: | No |
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $2,057,634.20 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $    35,731.84 |
| Number of Professionals Included in this Application: | 32 |

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

| | |
|---|---|
| If Applicable, Number of Professionals in this Application not Included in Staffing Plan Approved by the Client: | 0 |
| If Applicable, Difference Between Fees Budgeted and Compensation Sought for this Period: | ($315,029.25) |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 17 |

This is a:  ☐ monthly  ☐ interim  ☒ final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/21/21 | 01/11/21 – 01/31/21 | $291,113.00 | $5,537.12 | $232,890.40 | $5,537.12 |
| 07/08/31 | 02/01/21 – 02/28/21 | $372,610.00 | $8,852.24 | $298,088.00 | $8,852.24 |
| 08/05/21 | 03/01/21 – 03/31/21 | $339,249.50 | $2,351.01 | $271,399.60 | $2,351.01 |
| 08/17/21 | 04/01/21 – 04/30/21 | $189,539.00 | $2,178.73 | $262,631.20 | $2,178.73 |
| 08/30/21 | 05/01/21 – 05/31/21 | $325,052.50 | $4,914.05 | $260,042.00 | $4,914.05 |
| 09/27/21 | 06/01/21 – 06/30/21 | $380,218.00 | $3,462.68 | $304,174.40 | $3,462.68 |
| 11/03/21 | 07/01/21 – 07/31/21 | $674,078.25 | $8,436.01 | $539,262.60 | $8,436.01 |
| 12/13/21 | 08/01/21 – 08/31/21 | $553,895.50 | $4,696.33 | Pending | Pending |
| 12/23/21 | 09/01/21 – 09/30/21 | $488,868.50 | $4,221.75 | Pending | Pending |
| 12/23/21 | 10/01/21 – 10/28/21 | $322,664.00 | $1,066.17 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,445.00 | 714.20 | $1,032,019.00 |
| Alan J. Kornfeld | Partner 1996; Member of CA Bar since 1987; Member of NY Bar since 2004 | $1,395.00 | 4.30 | $ 5,998.50 |
| David J. Barton | Partner 2000; Member of CA Bar since 1981 | $1,345.00 | 0.30 | $ 403.50 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,275.00 | 594.10 | $ 757,477.50 |
| Richard J. Gruber | Of Counsel 2008; Member of CA Bar since 1982 | $1,275.00 | 342.20 | $ 436,305.00 |
| Karen B. Dine | Of Counsel 2020; Member of NY Bar since 1994 | $1,195.00 | 142.60 | $ 170,407.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,125.00 | 166.10 | $ 186,862.50 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,095.00 | 10.30 | $ 11,278.50 |
| James E. O'Neill | Partner 2005; Member of DE Bar since 2001; Member of PA Bar since 1985 | $1,050.00 | 1.10 | $ 1,155.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member NJ Bar since 2000 | $1,050.00 | 393.90 | $ 413,595.00 |
| Victoria A. Newmark | Of Counsel 2008; Member of CA Bar since 1996 | $1,050.00 | 92.00 | $ 96,600.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $ 995.00 | 0.30 | $ 298.50 |
| Michael R. Seidl | Partner 2003; Member of Washington, D.C. Bar since 1996; Member of DE Bar since 2000 | $ 950.00 | 0.20 | $ 190.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar since 2002-2014; 2017-Present | $ 875.00<br>$ 437.50 | 704.30<br>3.50 | $ 616,262.50<br>$ 1,531.25 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 850.00 | 39.40 | $ 33,490.00 |
| Gillian N. Brown | Of Counsel 2016; Member of DC Bar since 2008; Member of NY Bar since 2010; Member of TX Bar since 2018 | $ 850.00 | 7.80 | $ 6,630.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE &NH Bars since 2010 | $ 845.00 | 2.20 | $ 1,859.00 |
| Cia H. Mackle | Of Counsel 2007; Member of FL Bar since 2006 | $ 750.00 | 15.90 | $ 11,535.00 |
| Brittany M. Michael | Of Counsel 2020; Member of MN Bar since 2015; Member of NY Bar since 2019 | $ 695.00 | 16.40 | $ 11,398.00 |
| Leslie A. Forrester | Law Library Director 2003 | $ 475.00 | 25.70 | $ 12,207.50 |
| Patricia J. Jeffries | Paralegal 1999 | $ 460.00 | 9.50 | $ 4,370.00 |
| Patricia E. Cuniff | Paralegal 2000 | $ 460.00 | 184.30 | $ 84,778.00 |
| Karina K. Yee | Paralegal 2000 | $ 460.00 | 5.50 | $ 2,530.00 |
| Beth D. Dassa | Paralegal 2007 | $ 460.00 | 3.40 | $ 1,564.00 |
| Elizabeth C. Thomas | Paralegal 2016 | $ 460.00 | 0.80 | $ 368.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 425.00 | 23.80 | $ 10,115.00 |
| Mike A. Matteo | Paralegal 2001 | $ 425.00 | 0.60 | $ 255.00 |
| Andrea R. Paul | Case Management Assistant 2001 | $ 375.00 | 6.20 | $ 2,325.00 |
| Charles J. Bouzoukis | Case Management Assistant 2001 | $ 375.00 | 23.00 | $ 8,625.00 |
| Sheryle L. Pitman | Case Management Assistant 2001 | $ 375.00 | 0.50 | $ 187.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Karen S. Neil | Case Management Assistant 2003 | $ 375.00 | 24.90 | $ 9,337.50 |
| Beatrice M. Koveleski | Case Management Assistant 2009 | $ 375.00 | 14.70 | $ 5,512.50 |

**Grand Total:** $3,937,470.75
**Total Hours:** 3,574.00
**Blended Rate:** $1,101.70

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Analysis/Recovery | 135.40 | $ 146,116.50 |
| Asset Disposition | 1,006.40 | $1,223,170.00 |
| Bankruptcy Litigation | 813.00 | $ 920,906.50 |
| Case Administration | 139.90 | $ 62,896.00 |
| Claims Admin./Objections | 121.10 | $ 127,709.00 |
| Compensation of Professional | 59.30 | $ 42,304.00 |
| Compensation of Prof./Others | 23.70 | $ 20,401.00 |
| Executory Contracts | 156.90 | $ 170,006.00 |
| Financial Filings | 43.50 | $ 36,004.00 |
| Financing | 87.60 | $ 98,749.00 |
| General Business Advice | 2.00 | $ 2,475.00 |
| Litigation (Non-Bankruptcy) | 14.00 | $ 16,926.00 |
| Meeting of Creditors | 9.40 | $ 10,518.50 |
| Operations | 8.50 | $ 6,837.00 |
| Plan & Disclosure Statement | 746.10 | $ 820,807.50 |
| Plan Implementation | 12.00 | $ 14,060.00 |
| Retention of Professional | 6.00 | $ 5,383.50 |
| Retention of Prof./Others | 87.20 | $ 90,078.50 |
| Stay Litigation | 96.50 | $ 118,601.50 |
| Travel Expense | 3.50 | $ 1,531.25 |
| Tax Issues | 2.00 | $ 1,990.00 |

**EXPENSE SUMMARY**

| Expense Category | Service Provider[2]<br>(if applicable) | Total Expenses |
|---|---|---|
| Auto Travel Expense | Taxi Fare | $      34.09 |
| Bloomberg |  | $    698.60 |
| Working Meals | Gotss S. Roadside | $      38.27 |
| Conference Call | CourtCall; AT&T Conference Call | $ 1,765.83 |
| Delivery/Courier Service | Advita | $ 2,438.19 |
| Deposition | Transperfect | $    907.75 |
| Express Mail | Federal Express | $ 3,104.91 |
| Filing Fee | USDC; USBC | $ 2,401.00 |
| Legal Research | Lexis/Nexis | $ 3,303.75 |
| Court Research | Pacer | $ 2,888.40 |
| Postage | US Mail | $ 3,138.00 |
| Reproduction Expense |  | $ 3,092.80 |
| Reproduction/ Scan Copy |  | $11,143.60 |
| Research |  | $    162.00 |
| Overtime | Lanice; LuTisha | $      57.30 |
| Travel Expense |  | $    376.00 |
| Transcript | Veritext Legal Solutions; Transperfect Document Management | $10,165.60 |

---

[2] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | |

**Objection Deadline: January 13, 2022 at 4:00 p.m.**
**Hearing Date: To be scheduled**

# FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION FOR THE PERIOD FROM JANUARY 11, 2021 THROUGH OCTOBER 28, 2021

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals," signed on or about February 5, 2021 ("Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel for the Debtor and Debtor in Possession, hereby submits its Final Application for Compensation and for Reimbursement of Expenses for the Period from January 11, 2021 through October 28, 2021 (the "Application").

By this Application PSZ&J seeks a final allowance of compensation in the amount of $3,937,470.75 and actual and necessary expenses in the amount of $45,716.09 for a total final allowance of $3,983,186.84 and payment of the unpaid amount of such fees and

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

expenses for the period January 11, 2021 through October 28, 2021 (the "Fee Period").  In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1. On January 11, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor has continued in possession of its property and continued to operate and manage its business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtor's chapter 11 case.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about February 5, 2021, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein.  The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the period ending March 31, 2021 and at three-month intervals thereafter, or such other intervals convenient to the Court, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      Attorneys retained pursuant to sections 327, or 363 or 1103 of the Bankruptcy Code (other than Ordinary Course Professionals) must comply with certain requirements of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases (the "Revised UST Guidelines").  The Office of the United States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines.  Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to these cases:  Exhibit "A", Customary and Comparable Compensation Disclosures with Fee Applications; Exhibit "B", Summary of Timekeepers Included in this Fee Application, Exhibit "C-1", Budget; Exhibit "C-2", Staffing Plan; Exhibit "D-1", Summary of Compensation Requested by Project Category; Exhibit "D-2", Summary of Expense Reimbursement Requested by Category; and Exhibit "E", Summary Cover Sheet of Fee Application.

5.      The retention of PSZ&J, as Counsel for the Debtor and Debtor in Possession, was approved effective as of January 11, 2021 by this Court's "Order Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Effective as of the Petition Date," signed on or about February 5, 2021 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

6. The monthly fee applications (the "Monthly Fee Applications") for the period January 11, 2021 through October 28, 2021 of PSZ&J have been filed and served pursuant to the Administrative Order. Attached hereto as Exhibits A through D are copies of the monthly fee applications filed by PSZ&J in the Debtor's case, but not included in interim fee applications.

### Requested Relief

7. By this Final Fee Application, PSZ&J requests that the Court approve the final allowance of compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred by PSZ&J from January 11, 2021 through October 28, 2021. As stated above, the full scope of the services provided and the related expenses incurred are fully described in the monthly fee applications for the Fee Period that already have been filed with the Court. To the extent that PSZ&J has incurred fees and expenses in addition to the foregoing, PSZ&J reserves the right, and respectfully requests that the Court authorize PSZ&J, to file a supplemental fee application(s) by following the interim compensation procedures set forth in the Administrative Order and submitting a certificate of no objection and order to the Court for final approval of such fees and expenses as may be reflected in any supplemental fee application.

8. At all relevant times, PSZ&J has not represented any party having an interest adverse to this case.

9.  At all relevant times, PSZ&J has been a disinterested person as that term is defined in §101(14) of the Bankruptcy Code and has not represented or held an interest adverse to the interest of the Debtor, and not on behalf of any committee, creditor or other person.

10. All services for which PSZ&J requests compensation were performed for or on behalf of the Debtor.

11. PSZ&J has received no payment and no promises for payment from any source other than the Debtor for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in this case. PSZ&J has received payments from the Debtor during the year prior to the Petition Date in the amount of $240,000 in connection with the preparation of initial documents and the prepetition representation of the Debtor.

12. The professional services and related expenses for which PSZ&J requests final allowance of compensation and reimbursement of expenses were rendered and incurred in connection with this case in the discharge of PSZ&J's professional responsibilities as attorneys for the Debtor in this chapter 11 case. PSZ&J's services have been necessary and beneficial to the Debtor and its estate, the creditors and other parties in interest.

13. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

### Statement from PSZJ

14. Pursuant to the Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed under the United States Code by Attorneys in Larger Chapter 11 Cases, PSZ&J responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain. | | No | |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application were higher by 10% or more, did you discuss the reasons for the variation with the client? | | N/A | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | | No | |

| | | | |
|---|---|---|---|
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | Yes | | 5.70 hours were spent reviewing/revising invoices in connection with preparation of fee applications for a total of $2,422.50 |
| If the fee application includes any rate increases since retention in these Cases:<br>  i.  Did your client review and approve those rate increases in advance?<br>  ii.  Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | | N/A | |

WHEREFORE, PSZ&J respectfully requests that the Court enter an order, substantially in the form attached hereto, providing that, for the period of January 11, 2021 through October 28, 2021, a final allowance be made to PSZ&J in the sum of $3,937,470.75 as compensation for reasonable and necessary professional services rendered to the Debtor and in the sum of $45,716.09 for reimbursement of actual and necessary costs and expenses incurred, for a total of $3,983,186.84; that the Debtor be authorized and directed to pay to PSZ&J the outstanding amount of such sums; that to the extent PSZ&J has incurred fees and expenses in addition to the foregoing, PSZ&J may file a supplemental fee application(s) and submit a certificate of no objection and order to the Court for final approval of such fees and expenses as

may be reflected in any supplemental fee application; and for such other and further relief as this

Court deems proper.

Dated: December 23, 2021 PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
tcairns@pszjlaw.com

Counsel for the Debtor and Debtor in Possession

## DECLARATION

STATE OF DELAWARE        :
                                             :
COUNTY OF NEW CASTLE  :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the debtor and debtor in possession by the lawyers and paraprofessionals of PSZ&J.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about February 5, 2021 and submit that the Application substantially complies with such Rule and Order.

*/s/ Laura Davis Jones*
Laura Davis Jones