**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| WARDMAN HOTEL OWNER, L.L.C., | ) Case No. 21-10023 (JTD) <br> ) |
| Debtor. | ) <br> ) **Re: Docket Nos. 311, 358 and 385** |

**SECOND REQUEST FOR ALLOWANCE AND PAYMENT OF
ADMINISTRATIVE CLAIM**

Pursuant to the *Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 311] (the "Plan"), the *Order Granting Final Approval of Disclosure Statement and Confirming Debtor's Plan of Liquidation Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 358], and *Notice of (I) Occurrence of Effective Date and (II) Deadlines for Filing Certain Claims and Requests for Payment* [Docket No. 385], Enseo, LLC (f/k/a Enseo, Inc.) ("Enseo"), by and through undersigned counsel, hereby submits its administrative expense claim (the "Second Administrative Claim") under section 503(b) of the Bankruptcy Code and respectfully represents as follows:

1. Enseo and Wardman Hotel Owner, L.L.C. ("Wardman" or the "Debtor") entered into the Enseo Site Services Agreement ("Agreement")[1] effective as of November 8, 2016.[2] Pursuant to the Agreement, Enseo provided the Enseo Entertainment Experience ("E3")® and other services to the Debtor in exchange for, among other things, a monthly recurring fee, non-

---

[1] The Agreement contains confidential business terms and is confidential and proprietary by its terms. *See* Agreement ¶ 16. Therefore, the Agreement is not attached hereto. However, the Agreement will be provided upon reasonable request, subject to any necessary precautions.

[2] For the avoidance of doubt, to the extent of any inconsistency between this Administrative Claim and the Agreement, the terms of the Agreement shall control.

recurring fees, taxes, and expenses. *See* Agreement ¶¶ 5-6. The Agreement has a five-year term, which was subject to extension. *Id.* ¶ 7. As of the Petition Date, the Agreement was not terminated and was to expire on its own terms on or about November 8, 2021 unless extended per the Agreement. *Id.*

2.     On or about April 2017, the parties entered into an amendment to the Agreement (the "Amendment") that, among other things granted a limited license to the Participating Site (as that term is defined in the Amendment).

3.     Specifically, as to this Administrative Claim, Enseo provided the Debtor with, among other things, the Enseo Entertainment Experience ("E3")® for its hotel rooms, which included a welcome channel, channel banners, an interactive program guide, and program guide data for the channels displayed on each TV. Enseo provided additional services as described in the Agreement and the Amendment, including but not limited to, a program interface and a digital channel lineup of HD and SD channels.[3]

4.     On June 30, 2021, pursuant to the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Setting a Bar Date for the Filing of Proofs of Claim by Governmental Units, (III) Setting a Bar Date for the Filing of Requests for Allowance of Administrative Expense Claims, (IV) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (V) Approving the Form of and Manner for Filing Proofs of Claim, (VI) Approving Notice of Bar Dates, and (VII) Granting Related Relief* [Docket No. 208], Enseo filed the *Request for Allowance and Payment of Administrative Claim* [Docket No. 267]

---

[3] Enseo also provided the Debtor with its Equipment (as defined in the Agreement) for which the Debtor could utilize Enseo's E3® and related services. *See* Agreement, Ex. A. Such Equipment included but is not limited to satellite receiving equipment, head-end, and set-back-boxes provided by Enseo. *Id.* For the avoidance of doubt, the Equipment is not, and never was, property of the Debtor's estate.

(the "First Administrative Claim") seeking payment of Enseo's administrative expense claim of $24,649.08 equal to the monthly fees for the E3® services of $5,306.40 for the months of February through May and the stub portion for the month of January in the amount of $3,423.48.

5.  The Plan established the Administrative Claims Bar Date (as that term is defined in the Plan) for administrative claims arising after June 1, 2021 as sixty (60) days after the Effective Date of the Plan. *See* Plan § I.B.2. The Plan went effective on October 28, 2021 [Docket No. 385] (the "Effective Date") and set the Administrative Claims Bar Date as December 27, 2021.

6.  As described in the First Administrative Claim, since the Petition Date, Enseo continued to provide E3® services to the Debtor under the Agreement. Because Enseo continued to provide the E3® services to the Debtor, the Agreement was an executory contract on the Petition Date, and remained an executory contract that had not been assumed or rejected through the Effective Date of the Plan, an administrative expense claim continued to accrue under section 503(b) of the Bankruptcy Code.

7.  However, Enseo successfully deinstalled and removed its Equipment (as that term is defined in the Agreement) around the end of July 2021. Therefore, Enseo only seeks an administrative expense claim through this Second Administrative Claim for the E3® services provided in the months of June and July, equal to no less than **$10,612.80**.

8.  Enseo reserves all rights to amend and/or further supplement this Second Administrative Claim, including, without limitation, to include additional amounts.

9.  Any party seeking information concerning this Second Administrative Claim should contact the undersigned counsel.

Dated: December 27, 2021
Wilmington, Delaware

Respectfully submitted,

*/s/ Aaron H. Stulman*
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE 19801-6108
Telephone: 302.984.6000
Facsimile: 302.658.1192
Email: kgood@potteranderson.com
           astulman@potteranderson.com

*Counsel to Enseo, LLC (f/k/a Enseo, Inc.)*