**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WARDMAN HOTEL OWNER, L.L.C.,[1] | Case No. 21-10023 (JTD) |
| Debtor. | Objection Deadline: January 17, 2022 at 4:00 p.m. (ET)<br>Hearing Date: January 26, 2022 at 2:00 p.m. (ET) |

**COVER PAGE TO:**
**FINAL APPLICATION OF PRYOR CASHMAN LLP**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS**
**SPECIAL LITIGATION COUNSEL TO THE DEBTOR FOR THE PERIOD FROM**
**JANUARY 11, 2021 THROUGH AND INCLUDING OCTOBER 28, 2021**

| | |
|---|---|
| Name of Applicant: | Pryor Cashman LLP |
| Authorized to Provide Professional Services to: | Debtors |
| Date of Retention: | Order entered on February 5, 2021 [D.I. 106], retention effective as of January 11, 2021 |
| Period for which Compensation and Reimbursement is Sought: | January 11, 2021 through October 27, 2021[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $150,261.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $17,173.61 |
| Compensation Sought in this Application Already Paid Pursuant to an Interim Compensation Order: | $104,918.00 |
| Expenses Sought in this Application Already Paid Pursuant to an Interim Compensation Order: | $16,492.24 |
| Number of Professionals Included in this Application: | 7 |

---

[1] The last four digits of the Debtor's U.S. tax identification number are 9717. The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 4 |
|---|---|

This is a(n) ___ interim ___ monthly _X_ final fee application.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 05/14/21 | 01/12/21 – 03/31/21 | $84,219.50 | $15,089.07 | $67,375.60 | $15,089.07 |
| 08/09/21 | 04/01/21 – 06/30/21 | $32,557.00 | $ 792.91 | $26,045.60 | $ 792.91 |
| 09/23/21 | 07/01/21 – 08/31/21 | $ 14,371.00 | $ 610.26 | $11,496.80 | $ 610.26 |
| 12/24/21 | 09/01/21 – 10/27/21 | $ 3,179.00 | $ 681.37 | Pending | Pending |

## PRYOR CASHMAN LLP PROFESSIONALS

| Name of Professional Individual | Position/Experience | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Todd E. Soloway | Partner, Admitted in New York in 1992 Admitted in New Jersey in 1992 | $1,080 $1,200 | 25.5 12.0 | $45,000.00 |
| Seth H. Lieberman | Partner, Admitted in New York in 2005 Admitted in New Jersey in 2004 | $795.00 | 1 | $795.00 |
| Bryan T. Mohler | Partner, Admitted in New York in 2008. | $720.00 | 83.9 | $60,408.00 |
| Matthew S. Barkan | Counsel, Admitted in New York in 2011 | $665.00 | 4.2 | $2,793.00 |
| Itai Y. Raz | Associate, Admitted in New York in 2018 | $515.00 $530.00 | 50.3 24.2 | $38,730.50 |
| Alexandra Nasar | Associate, Admission in New York in 2021 | $455.00 | 5.30 | $2,411.50 |
| Anthy Antoniou | Manager, eDiscovery | $410.00 | 0.3 | $123.00 |

**Grand Total:** $150,261.00
**Total Hours:** 206.70
**Blended Rate:** $726.95

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---:|---:|
| Litigation | 206.7 | $ 150,261.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---:|
| Copies | | $17.94 |
| Telephone Charges | AT&T Conference Call | $299.09 |
| Research Charges | Westlaw | $10,426.12 |
| Electronic Discovery | Transperfect Legal Solutions | $6,423.56 |
| US Court Docket Expense | Pacer | $6.90 |

**AND**

**FOURTH INTERIM APPLICATION OF PRYOR CASHMAN LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL LITIGATION COUNSEL TO THE DEBTOR FOR THE PERIOD FROM SEPTEMBER 1, 2021 THROUGH AND INCLUDING OCTOBER 28, 2021**

| | |
|---|---|
| Name of Applicant: | Pryor Cashman LLP |
| Authorized to Provide Professional Services to: | Debtor |
| Date of Retention: | Order entered on February 5, 2021 [D.I. 106], retention effective as of January 11, 2021 |
| Period for which compensation and Reimbursement is sought: | September 1, 2021 through October 28, 2021 |
| Total Amount of Compensation sought as actual, reasonable and necessary: | $3,179.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $681.37 |

This is a(n)   X  interim  ____ monthly  ____ final   fee application.

---

3    Pryor Cashman LLP may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

3

**SUMMARY OF FOURTH INTERIM APPLICATION OF PRYOR CASHMAN LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO SECTION 330 OF THE BANKRUPTCY CODE, AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR**

**Fees by Professional**
**(from September 1, 2021 through October 28, 2021)**

| Name | Position/ Experience | Hourly Rate | Total Hours | Total Compensation |
|---|---|---|---|---|
| Bryan T. Mohler | Partner, Admitted in New York in 2008. | $720.00 | 1.3 | $936.00 |
| Itai Y. Raz | Associate, Admitted in New York in 2018 | $530.00 | 4.0 | $2,120.00 |
| Anthy Antoniou | Manager, eDiscovery | $410.00 | 0.3 | $123.00 |
| **Total** | | **$567.68** (Blended Hourly Rate) | **5.6** | **$3,179.00** |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Litigation | 5.6 | $3,179.00 |
| **TOTALS** | **5.6** | **$3,179.00** |

## EXPENSE SUMMARY

| Expense Category | Amount |
|---|---:|
| Copies | $5.52 |
| Electronic Discovery | $675.85 |
| **TOTAL** | **$681.37** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WARDMAN HOTEL OWNER, L.L.C.,[4] | ) | Case No. 21-10023 (JTD) |
| | ) | |
| Debtor. | ) | **Objection Deadline: January 17, 2022 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date:  January 26, 2022 at 2:00 p.m. (ET)** |

**FINAL APPLICATION AND FOURTH INTERIM APPLICATION OF PRYOR CASHMAN LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES PURSUANT TO SECTION 330 OF THE BANKRUPTCY CODE, AS SPECIAL LITIGATION COUNSEL FOR THE DEBTOR**

Pryor Cashman LLP ("PCLLP"), as special litigation counsel for Wardman Hotel Owner, L.L.C. (the "Debtor"), in the above-captioned chapter 11 case (the "Chapter 11 Case"), respectfully submits this final application ("Application"), pursuant to section 330 of title 11 of the United States Code (the "Bankruptcy Code"), for allowance of (i) compensation for professional services rendered to the Debtor and (ii) for reimbursement of actual and necessary costs and expenses incurred in connection with PCLLP's representation of the Debtor as its special litigation counsel in this Chapter 11 Case from January 11, 2021 through October 28, 2021 (the "Application Period").[5]  PCLLP respectfully represents as follows:

---

[4]  The last four digits of the Debtor's U.S. tax identification number are 9717.  The Debtor's mailing address is 5035 Riverview Road, NW, Atlanta, GA 30327.

[5]  As part of this Application, PCLLP is also submitting its Fourth Interim Application for the period of September 1, 2021 through October 28, 2021.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is sections 330 and 331 of the Bankruptcy Code, rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure and Local Rule 2016-2 (the "Bankruptcy Rules").

## BACKGROUND

2. On January 11, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is managing its properties as debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the Debtor's chapter 11 case, and no committees have been appointed or designated.

3. The factual background regarding the Debtor, including its historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of James D. Decker in Support of Debtor's Chapter 11 Petition and First Day Motions* [Docket No. 2].

## PROFESSIONAL FEE MATTERS

4. On January 19, 2021, the Debtor filed its application to employ PCLLP as special litigation counsel for the Debtor (the "PCLLP Retention Application") [Docket No. 49]. The PCLLP Retention Application was granted by order of the Bankruptcy Court dated February 5, 2021 nunc pro tunc to January 11, 2021 [Docket No. 106].

5. By this Application, PCLLP respectfully seeks an order of this Court, pursuant to Bankruptcy Code sections 330, allowing PCLLP, the sum of (i) $29,408 for professional fees

recorded from January 12, 2021 through October 28, 2021, as compensation for services rendered from January 12, 2021 through October 28, 2021 (representing 20% of the fees from PCLLP's First, Second, and Third Interim Applications that remain unpaid pursuant to the Interim Compensation Order, and the fees set forth in PCLLP's Fourth Interim Application filed concurrently with this Application), (ii) the sum of $15,934.50 for professional fees recorded on January 11, 2021, which were inadvertently omitted from PCLLP's First Interim Application,[6] (iii) the sum of $681.37 for disbursements recorded from January 11, 2021 through October 28, 2021 as reimbursement of expenses incurred during the Application Period that remain unpaid (and which are requested as part of PCLLP's Fourth Interim Application), and (iv) authorizing and directing the Debtor to pay PCLLP such allowed amounts.

6. All services performed and expenses incurred by PCLLP for which compensation and reimbursement are requested hereby were actually performed or incurred for and on behalf of the Debtor, were necessary, and were beneficial to the Debtor's estate.

7. The First, Second, and Third Interim Fee Applications of PCLLP for the period of January 11, 20201 through August 31, 2021 have been filed and served pursuant to the Interim Compensation order. Attached hereto as **Exhibits 2 through 4** are copies of PCLLP's First, Second, and Third Interim Fee Applications, respectively, filed in the Debtor's case. The full scope of the services provided and the related expenses incurred are fully described in those Interim Fee Applications that already have been filed with the Court.

---

[6] Attached hereto as **Exhibit 1** is PCLLP's billing detail for January 11, 2021, providing: (i) the name of the attorney or paraprofessional performing the services and their billing rate; (ii) the date the services were performed; (iii) a description of the services performed; (iv) the amount of time expended; and (v) the fees incurred.. The full scope of services provided on that day are fully described in PCLLP's First Interim Application, attached hereto as **Exhibit 2**.

8.     The Fourth Interim Fee Application of PCLLP is for the period of September 1, 2021 through October 28, 2021.

9.     The services rendered by PCLLP during the Application Period as special litigation counsel are summarized below. Specifically, PCLLP rendered the following services during the Application Period as counsel to the Debtor:

      a.     PCLLP spent time representing and advising the Debtor on issues related to the transition of the Debtor's asset, the property formerly known as Washington Marriott Wardman Park Hotel (the "Property"), from a Marriott-branded property to a non-branded property following the Debtor's termination of the hotel management agreement ("HMA") with Marriott Hotel Services, Inc. ("Marriott"). This included various issues with Marriott related to the Chapter 11 Case.

      b.     PCLLP also spent time attending to other issues related to this proceeding, including its third interim fee application, responding to requests from the Office of the United States Trustee, and attending proceedings held before this Court.

10.    Attached hereto as **Exhibit 5** is PCLLP's billing detail for the period of September 1, 2021 through October 28, 2021, providing: (i) the name of the attorney or paraprofessional performing the services and their billing rate; (ii) the date the services were performed; (iii) a description of the services performed; (iv) the amount of time expended; and (v) the fees incurred.

## SUMMARY OF EXPENSES

11.    During the Application Period, PCLLP incurred or disbursed actual and necessary costs and expenses related to this case in the aggregate amount of $681.37. The expenses incurred include, among other things, electronic discovery and photocopier charges. A description of the necessary costs and expenses incurred by PCLLP is attached hereto as part of **Exhibit 5**.

12. Pursuant to Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure, PCLLP represents as follows with regard to its charges for actual and necessary costs and expenses incurred during the Application Period:

    a. Charges for copies are $0.46 per page, which charges are reasonable and customary in the legal industry and represents the costs of copy material, acquisition, maintenance, storage and operation of copy machines, together with a margin for recovery of related expenditures;

    b. All other expenses are billed at actual costs and rates determined by the service providers—they are not "profit centers" for PCLLP.

## STATEMENT FROM PCLLP

13. Pursuant to the Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed Under United States Code by Attorneys in Larger Chapter 11 Cases, PCLLP responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | | X | |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application higher by 10% or more, did you discuss the reasons for the variation with the client? | | | N/A |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | X | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | | X | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | X | | 5.4 hours, 0.1 hours of which are sought as part of the Fourth Interim Application |
| If the fee application includes any rate increases since retention in this case: | X | | As disclosed in PCLLP's retention application, it is standard for PCLLP to |

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| i. Did your client review and approve those rate increases in advance?<br>ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? |  |  | periodically adjust its hour rates, Accordingly, PCLLP's hourly rates were adjusted on June 1, 2021. In its retainer agreement with PCLLP, the Debtor agreed to accept future rate increases. |

## DECLARATION PURSUANT TO BANKRUPTCY RULE 2016

14. No agreement or understanding exists between the Debtor and any other person, or PCLLP and any other person, for a division of compensation received or to be received for services rendered in or in connection with this Chapter 11 Case.

15. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by PCLLP. The services covered by were performed for and solely on behalf of the Debtor.

## REPRESENTATIONS AND RESERVATION OF RIGHTS

16. In accordance with the factors enumerated in Section 330 of the Bankruptcy Code, the amounts requested herein for compensation and expense reimbursement are fair and reasonable given (a) the complexity of these cases, (b) the time expended by the attorneys and paraprofessionals at PCLLP, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

17. The undersigned has reviewed the requirements of Local Bankruptcy Rule 2016-2 and hereby attests that this Application conforms to such requirements.

18. Although every effort has been made to include all fees and expenses incurred in the Application Period, some fees and expenses might not be included in this Application due to delays caused by accounting and processing during the Application Period. PCLLP reserves the right to make further applications to this Court for allowance of such fees and expenses not

included herein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Interim Compensation Order.

## NOTICE AND PRIOR APPLICATION

19. Notice of this Application has been provided in accordance with the Interim Compensation Order. PCLLP submits that the foregoing constitutes good and sufficient notice and that no other or further notice need be provided.

20. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, PCLLP respectfully requests that the Court enter an order providing that, for the period of January 11, 2021 through October 28, 2021, a final allowance be made to PCLLP in the sum of $45,342.50 as compensation for reasonably and necessary professional services rendered to the Debtors during the Application Period that remain unpaid, and in the sum of $681.37 for reimbursement of actual and necessary costs and expenses incurred during the Application Period that remain unpaid, for a total of $46,023.87; that Debtor be authorized and directed to pay to PCLLP such sums; that to the extent PCLLP has incurred fees and expenses in addition to the foregoing, PCLLP may file supplemental fee application(s) and submit a certificate of no objection and order for the Court for final approval of such fees and expenses as may be reflected in nay supplemental fee application; and for such other and further relief as this Court deems proper.

Dated: New York, New York
December 24, 2021

PRYOR CASHMAN LLP

By: _/s/ Todd E. Soloway_
Todd E. Soloway
Bryan T. Mohler
Itai Y. Raz
7 Times Square
New York, NY 10036
(212) 421-4100

*Special Litigation Counsel for the Debtor*